## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

John R. Boken, the Chief Restructuring Officer of the Debtors, has signed the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Boken has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Boken has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methods, and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608), Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226), Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

Schedules and Statements.  These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and Statements.[2]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, the Debtors are unable to warrant or represent that the Schedules and Statements are without inadvertent errors, omissions, or inaccuracies.  The Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers.

1.    **Description of the Cases and "As of" Information Date**.  On December 22, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 5, 2009, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee").  Unless otherwise indicated, all information included herein is as of the Petition Date.

2.    **Corporate Structure**.  The corporate structure is as follows:

- Flying J Inc. owns 100% of Big West Oil, LLC and Longhorn Pipeline, Inc.

- The Big West Group of Debtors consists of the following three entities: Big West Oil LLC, a wholly owned subsidiary of Flying J Inc. ("BWO"),

---

[2]    These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

Big West Oil of California, LLC ("<u>BWO California</u>") and Big West Transportation, LLC ("<u>BWT</u>").

- The Longhorn Group of Debtors consists of the following three entities: Longhorn Pipeline, Inc, a Utah corporation that is a wholly-owned subsidiary of Flying J Inc. ("<u>Longhorn Inc.</u>"), Longhorn Pipeline Holdings, LLC., a Delaware LLC, ("<u>Longhorn Holdings</u>") and Longhorn Partners Pipeline, L.P., a Delaware limited partnership ("<u>Longhorn LP</u>").[3]

3.    **Basis of Presentation**.    The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

4.    **Consolidated Entity Accounts Payable and Disbursement Systems**. Although separate accounts payable systems are maintained, certain of the Debtors operate their businesses as a consolidated entity and, as such, although efforts have been made to attribute open payable amounts and/or payments to the correct legal entity, the Debtors reserve their right to modify or amend their schedules to attribute such payable to a different legal entity.  Payments made are listed by the entity making such payment notwithstanding that certain payments will have been made on behalf of another entity. Specifically, the Debtor businesses operating as consolidated entities are as follows:

- BWO California and BWT utilize a consolidated accounts payable and disbursements system through which BWO pays all business-related expenses of both BWO California and BWT.  All payments made by BWO on behalf of BWO California and BWT are then charged to BWO through intercompany accounts.

- Longhorn Holdings and Longhorn Inc. utilize a consolidated accounts payable and disbursements system through which Longhorn LP pays all business-related expenses of both Longhorn Holdings and Longhorn Inc. All payments made by Longhorn LP on behalf of Longhorn Holdings and Longhorn Inc. are then charged to Longhorn LP through intercompany accounts.

---

[3]    Longhorn Partners GP, LLC, a Delaware limited liability company, is not a debtor in these chapter 11 cases.

5.    **Confidentiality**.    There may be instances within the Schedules and Statements where names, addresses, or amounts have been left blank.  Due to concerns of confidentiality, or concerns for the privacy of an individual, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

6.    **Intercompany Claims**.  Intercompany claims have been grouped into the following categories:

       a.    <u>Related Party Trade Payables and Related Party Trade Receivables</u>:  representing where goods and services are bought and sold between affiliates in the ordinary course of business;

       b.    <u>Unconsolidated Related Party</u>:   representing transactions with affiliates that are included in consolidated financials on the equity method;

       c.    <u>Captive Insurance Loans</u>:   representing loans made to related entities from an affiliated captive insurance company; and

       d.    <u>Intercompany</u>:  representing transactions and allocations used to accommodate the sharing of common services.

To the extent a balance in these categories is a receivable it was included in Schedule B as an asset of the Debtor.  If the balance in a category is a payable it is included in Schedule F as an unsecured intercompany claim. While the Debtors have used reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, all rights to amend the intercompany claims in the Schedules and Statements are reserved.

The Debtors reserve their rights to later change the characterization, classification, categorization, or designation of such claims, including by designating all or any portion of the amounts listed as secured.

7.    **Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) those in control of the Debtors, and (d) relatives of directors, officers, or persons in control of the Debtors.  Payments to insiders listed in (a) through (d) above are set forth on Statement 3c.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he, she, or it is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

8.     **Amendments and Supplements**.    While the Debtors made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.    The Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary and appropriate.

9.     **Recharacterization**.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.    Thus, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

10.     **Underdetermined Amounts**.    The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

11.     **Estimates**.    In order to close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis in a timely fashion, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and reported revenue and expenses as of the Petition Date. The Debtors reserve all rights to amend the reported amounts of assets, reported revenue, and expenses to reflect changes in those estimates and assumptions.

12.     **Totals**.    All totals that are included in the Schedules and Statements, unless otherwise noted, represent totals of all known amounts included in the Debtors' books and records as of the Petition Date.    To the extent there are unknown or undetermined amounts, the actual total may be different than the total listed below.

13.     **Summary of Significant Reporting Policies**.    The following is a summary of certain significant reporting policies:

     a.     **Foreign Currency**.    Unless otherwise indicated, all amounts are reflected in U.S. dollars.

     b.     **Current Market Value — Net Book Value**.    In certain instances, current market valuations are neither maintained by nor readily available to the Debtors.    Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value.    For this reason, amounts ultimately realized will vary, at some times materially, from net book value.    Additionally, the amount of certain liabilities may be "Unknown" or "Undetermined," and thus, liabilities may differ materially from those stated in the Schedules and Statements.

    c.    **Paid Claims**.  The Debtors have authority to pay certain outstanding prepetition claims pursuant to certain "first day" and "second day" orders entered by the Court.  Nevertheless, to ensure all creditors and parties in interest can accurately discern outstanding prepetition amounts as of the Petition Date, the Debtors have included prepetition claims paid pursuant to this authority in the Schedules and Statements.

    d.    **Accounts Receivable**.  The accounts receivable information listed on Schedule B includes net receivables from the Debtors' customers which receivables are calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of rebates, offsets, or other price adjustments pursuant to the Debtors' customer program policies and day-to-day operating policies.  A claim is listed on Schedule F to the extent that a net payable remains to a given customer.  Additionally, as described herein, to the extent an intercompany receivable exists, such receivable is included in Schedule B of the applicable Debtor.

    e.    **Mechanics' Liens**.  The inventories, property, and equipment listed in these Schedules and Statements are presented without consideration of any mechanics' liens.

14.    **Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "unsecured priority," (c) on Schedule F as "unsecured," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

15.    **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds including, without limitation, amount, liability, validity, priority, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

16.    **Guaranties and Other Secondary Liability Claims**.  The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements, however, a review of these agreements, specifically the Debtors' leases and contracts, remains ongoing.  Where such Guaranties have been identified, they have been included in the relevant Schedule. The Debtors have reflected the Guaranty obligations for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H. Guaranties with respect to the Debtors' contracts and leases are not included on Schedule H and the Debtors believe that certain Guaranties embedded in the Debtors' executory

contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may have been inadvertently omitted from the Schedules but that such Guaranties may be identified upon further review.  Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

17.     **Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action and nothing in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

18.     **Schedule B 23 — Licenses**.  The Debtors have not included licenses that any entity can easily apply for and regularly obtain in the ordinary course because such licenses are of minimal value.

19.     **Schedule D — Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and/or their estates reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents and a determination of the creditor's compliance with applicable law is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the secured facility, only the collateral agent has been listed for purposes of Schedule D.

20.     **Schedule E — Creditors Holding Unsecured Priority Claims**.  The Debtors have listed on Schedule E any tax, wage, or wage-related obligations for which

the Debtors have been granted authority to pay pursuant to an order of the Court.  The Debtors believe that all such claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant orders.

The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.

21.    **Schedule F — Creditors Holding Unsecured Nonpriority Claims**.  The Debtors generally allocate individual liabilities to particular Debtors.  However, in certain cases, it would be time-consuming and an inefficient use of the assets of the Debtors' estates, or impracticable, to assign a given liability to a particular Debtor.  To the extent the debt could not be attributed specifically to a specific Debtor, the liability has been listed on Schedule F of Flying J Inc.  For a complete understanding of the unsecured debts of each Debtor, the reader should review Schedule F of each Debtor and Flying J Inc.  To the extent the same claim is listed on the Schedules and Statements of more than one Debtor, the Debtors have done so out of an abundance of caution and do not admit or acknowledge that any creditor is entitled to more than one recovery on any claim.

Schedule F contains information regarding threatened, pending, and settled litigation involving the Debtors.  To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor.  However, because in many instances the Debtor that is the subject of the litigation is unclear, undetermined, or Flying J Inc. is incorrectly named as a party in interest, the reader should review Schedule F of each Debtor and Flying J Inc. for a complete understanding of the litigation involving the Debtors.  The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Certain of these litigations may have been settled postpetition pursuant to an order of the Court or the order authorizing and approving omnibus procedures for settling certain claims and causes of action brought or threatened by or against the Debtors in judicial, administrative, arbitral, or other actions or proceedings [Docket No. 704].

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been or may be rejected.

The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of its rights respecting such credits and allowances.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

22.    **Schedule G — Executory Contracts and Unexpired Leases**.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding

executory contracts and unexpired leases (collectively the "<u>Agreements</u>"), review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of an Agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreement. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter, and other documents, instruments, and agreements which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims, and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (a) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (b) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (c) to amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement and, where a contract party remained uncertain, such Agreements have been listed on Schedule G for Flying J Inc. Certain of the Agreements may not have been memorialized and could be subject to dispute.

23.    **<u>Schedule H — Co-Debtors</u>**.  There may be instances where litigation is brought against multiple legal entities. Where possible, such litigation is listed on Schedule F of the appropriate Debtor, but such litigation is not reflected in Schedule H.

24.    **<u>Statement of Financial Affairs</u>**.

a.    **<u>SOFA 3(b) – Payments to Creditors</u>**.  All payments and transfers to creditors are consolidated into the response to SOFA Question 3(b) for Flying J Inc., BWO, and Longhorn LP, as applicable, as described above in accordance with the Debtors' consolidated entity accounts payable systems. In addition, all amounts that remain outstanding to any creditor listed on SOFA 3b or 3c are reflected in Schedule E and F as applicable. Any creditor wishing to verify any outstanding indebtedness should review those Schedules.

b.    **SOFA 4(a) - Suits and Administrative Proceedings**.  SOFA 4(a) contains information regarding threatened, pending, and settled litigation involving the Debtors.   To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor.  However, because in many instances the Debtor that is the subject of the litigation is unclear, undetermined, or Flying J Inc. is incorrectly named as a party in interest, the reader should review SOFA 4(a) as well as Schedule F of each Debtor and Flying J Inc. for a complete understanding of the litigation involving the Debtors.

c.    **SOFA 13 – Setoffs**.  In addition to setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of these chapter 11 cases, significant postpetition setoffs occurred by a number of the Debtors' creditors.  The Debtors contest the legality of certain of these setoffs, and reserve their rights to challenge all postpetition setoffs.

d.    **SOFA 19(b) - Books, Records, and Financial Statements**.  The Debtors have undertaken all reasonable efforts to determine all firms or individuals who within two years immediately preceding the filing of these chapter 11 cases have audited the books of account and records.   However, a number of individuals within the organizations have access to the books of account and records of the financial statements.  These individuals might have shared the information with other parties, and the Debtors at this time are unable to identify all of these parties with certainty due to a lack of information.   Therefore, the Debtors may have inadvertently omitted parties to this question.

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF DELAWARE

In re:  Big West Transportation, LLC                                                          Case No. 08-13385

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<u>AMOUNT</u>          <u>SOURCE</u>

---

**2. Income other than from employment or operation of business**

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<u>AMOUNT</u>          <u>SOURCE</u>

---

**3. Payments to creditors**

None
☑

a.    Individual or joint debtor(s) with primary consumer debts:  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| <u>NAME AND ADDRESS OF CREDITOR</u> | <u>DATES OF PAYMENTS</u> | <u>AMOUNT PAID</u> | <u>AMOUNT STILL OWING</u> |
|---|---|---|---|

None ☑ b. Debtor whose debts are not primary consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☑ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORCLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑    b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☑    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

SEE FLYING J INC. CASE NO. 08-13384

**10. Other transfers**

None ☑    a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑    b.    List all other property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OR TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ☑

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

## 17. Environmental Information

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENT UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐ a If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case. If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case. If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR INDIVIDUAL TAXPAYER ID NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| BIG WEST TRANSPORTATION, LLC | 87-0616984 | 1104 COUNTRY HILLS DR., 3RD FL OGDEN, UT 84403 | Haul Petroleum Products | 11/12/1997 THROUGH PRESENT |

None ☑ b Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐    a.   List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATE SERVICES RENDERED |
|---|---|
| ROBERT INKLEY - TREASURER<br>1104 COUNTRY HILLS DR.<br>OGDEN, UT 84403 | 6/2007 THROUGH PRESENT |
| SCOTT CLAYSON - CFO<br>1104 COUNTRY HILLS DR.<br>OGDEN, UT 84403 | 12/2002  THROUGH 6/2007 |

---

None
☐    b.   List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATE SERVICES RENDERED |
|---|---|---|
| KPMG, LLP | 15 W. SOUTH TEMPLE, STE. 1500<br>SALT LAKE CITY, UT 84101 | 2007 THROUGH PRESENT |

---

None
☐    c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| FLYING J INC. | 1104 COUNTRY HILLS DR.<br>OGDEN, UT 84403 |

---

None
☒    d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

**20. Inventories**

None
☒    a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specific cost, market or other basis) |
|---|---|---|

---

None
☒    b.   List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF<br>CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐ b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| BIG WEST OIL, LLC<br>1104 COUNTY HILLS DR., 3RD FL.<br>OGDEN, UT 84403 | EQUITYHOLDER | 100.00% |
| FRED L. GREENER<br>1104 COUNTY HILLS DR., 3RD FL.<br>OGDEN, UT 84403 | MEMBER OF EXECUTIVE COMMITTEE | 0.00% |
| ROBERT L. INKLEY<br>1104 COUNTY HILLS DR., 3RD FL.<br>OGDEN, UT 84403 | MEMBER OF EXECUTIVE COMMITTEE | 0.00% |

**22. Former partners, officers, directors and shareholders**

None ☑ a.   If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑ b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group**

None ☐ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER INDENTIFICATION NUMBER (EIN) |
|---|---|
| FLYING J INC. | 94-1663458 |

**25. Pension Funds**

None ☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER INDENTIFICATION NUMBER (EIN) |
|---|---|

[If completed by an individual or individual and spouse]

    I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct, to the best of my knowlege, information and belief.

Date _____    Signature _____
                              of Debtor

Date _____    Signature of Joint _____
                              Debtor (if any)

* * * * * * * * * * * * * * * * *

[If completed on behalf of a partnership or corporation]

    I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct, to the best of my knowlege, information and belief.

Date __03/20/09__    Signature _____

                   John R Boken - Chief Restructuring Officer _____
                                Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Statement of Financial Affairs