**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>FLYING J INC., et al.,<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>No. 08-13384 (MFW)<br><br>Jointly Administered<br><br>**Related to Docket No. 1399**<br>**Hearing Date: July 27, 2009 at 10:30 a.m. (EST)**<br>**Objection Deadline: July 20, 2009 at 4:00 p.m. (EST)** |

**LIMITED OBJECTION OF LONGHORN PIPELINE INVESTORS, LLC AND PIPELINE INVESTORS CAPITAL, LLC TO THE MOTION OF THE DEBTORS FOR ENTRY OF (A) AN ORDER APPROVING BIDDING AND NOTICE PROCEDURES AND BREAK-UP FEE IN CONNECTION WITH THE SALE OF (I) SUBSTANTIALLY ALL OF THE ASSETS OF LONGHORN PARTNERS PIPELINE, L.P. AND (II) PETROLEUM PRODUCTS BELONGING TO CERTAIN OF THE DEBTORS, AND (B) AN ORDER (I) APPROVING THE PURCHASE AGREEMENTS BETWEEN THE DEBTORS AND THE SUCCESSFUL BIDDER; (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF LONGHORN PARTNERS PIPELINE, L.P.'S ASSETS AND PETROLEUM PRODUCTS BELONGING TO CERTAIN OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND OTHER INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (IV) GRANTING RELATED RELIEF**

Longhorn Pipeline Investors, LLC ("Longhorn Investors") and Pipeline Investors Capital, LLC ("Capital Investors" and, together the "Secured Pipeline Lenders"), by and through its undersigned counsel, hereby file this limited objection (the "Objection") to the motion of the above-captioned debtors (the "Debtors"), dated as of June 19, 2009, seeking entry of (a) an order approving bidding and notice procedures and break-up fee in connection with the sale of (i) substantially all of the assets of Debtor Longhorn Partners Pipeline, L.P. ("Longhorn") and (ii) petroleum products belonging to certain of the Debtors, and (b) an order (i) approving the purchase agreements between the Debtors and

the successful bidder; (ii) authorizing the sale of all or substantially all of Longhorn's assets and petroleum products belonging to certain of the Debtors free and clear of all liens, encumbrances and other interests; (iii) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection therewith; and (iv) granting related relief [Docket No. 1399] (the "Sale Motion"). In support of this Objection, the Secured Pipeline Lenders respectfully represent as follows:

## BACKGROUND

1. Pursuant to the Sale Motion, Debtor Longhorn and certain of its affiliated Debtors propose to sell (the "Sale") to Magellan Midstream Partners, L.P. or another successful bidder at the auction to be held on July 24, 2009, starting at 9:00 a.m. (prevailing Eastern Time) (the "Auction"), among other things, substantially all of the assets of Longhorn (the "Acquired Assets") free and clear of all liens, claims, encumbrances and other interests pursuant to sections 105, 363 and 365 of title 11, United Sates Code §§ 101, *et seq.* (the "Bankruptcy Code"). The Acquired Assets consist primarily of a refined products common carrier pipeline (the "Longhorn Pipeline") extending 700 miles from the Gulf Coast near Houston to El Paso, Texas. *See, e.g.*, DIP Financing Order (defined below), ¶ D (stating that Longhorn's "principal asset" is the Longhorn Pipeline).

2. As the Court is aware, Longhorn Investors is the principal secured creditor in relation to the Longhorn Pipeline pursuant to, among other things, that certain Non-Recourse Promissory Note by and between Debtor Longhorn Pipeline Holdings, LLC ("Holdings" and together with Longhorn, the "Longhorn Debtors"), as borrower, and Longhorn Investors, as lender, dated August 17, 2006 (the "Pipeline Note"), and related collateral documents with Longhorn. In addition, Capital Investors, an affiliate of

Longhorn Investors, is a secured post-petition lender to the Longhorn Debtors pursuant to a post-petition debtor-in-possession financing facility (the "DIP Facility"), which was approved pursuant to order of this Court dated May 7, 2009 [Docket No. 1158], which order was amended and superseded by order of this Court dated May 11, 2009 [Docket No. 1172] (the "DIP Financing Order"), a copy of which is attached hereto as **Exhibit A**. As the Court is aware, the DIP Facility was provided to the Longhorn Debtors, at the request of the Longhorn Debtors, in order to provide needed liquidity to the Longhorn Debtors during the sale process. As set forth with more particularity in the DIP Financing Order, Longhorn Investors has asserted an aggregate secured claim against the Debtors under the Pipeline Note in the principal amount of at least $215 million plus accrued and unpaid interest, fees and other charges (the "Total Pipeline Claim"). *See* DIP Financing Order ¶ E. As further described in the DIP Financing Order (*see* DIP Financing Order ¶ C), and as also referred to in the adequate protection of cash collateral order entered by this Court on February 18, 2009 [Docket No. 550] (the "Cash Collateral Order"), a copy of which is attached hereto as **Exhibit B**, (i) the Debtors have admitted and acknowledged that a portion of such Total Pipeline Claim equal to no less than $162.45 million (plus accrued and unpaid interest, fees, costs and expenses) (the "Undisputed Obligations") is unconditionally due and owing and (ii) a portion of such claim is currently disputed. *See* DIP Financing Order ¶¶ C, E, Cash Collateral Order, Exhibit 1, page 4. Pursuant to the DIP Facility, Capital Investors has to date advanced to the Longhorn Debtors the principal amount of approximately $7.5 million (together with interest, fees and other obligations, the "DIP Obligations").

## **LIMITED OBJECTION**

3. The Secured Pipeline Lenders do not generally object to the relief sought in the Sale Motion. Indeed, the Debtors have kept the Secured Pipeline Lenders generally appraised as to the status of the sale process and the Secured Pipeline Lenders have had numerous discussions, some of which are ongoing, concerning the Sale and the proposed application of proceeds of the Sale (the "Proceeds"). Based on current discussions, the Secured Pipeline Lenders are hopeful that the issues raised in this Objection will be resolved prior to the hearing scheduled to be held on July 27, 2009 to confirm the results of the Auction and approve the Sale (the "Sale Hearing"). In fact, based on such discussions, the Secured Pipeline Lenders believe that the Longhorn Debtors will agree to the ultimate treatment of the Proceeds in the manner outlined in this Objection. However, subject to finalizing and documenting the parties' agreement and resolving any details (including review of any closing statements and escrow agreements and reaching agreement on calculations), and in light of the language concerning the treatment of Proceeds set forth in the proposed form of order attached to the Sale Motion as Exhibit B thereof (the "Proposed Sale Order") that is contrary to the otherwise stated intent of the Secured Pipeline Lenders and the Debtors (as described below), the Secured Pipeline Lenders hereby file this Objection in an abundance of caution to preserve its rights as to the treatment of the Proceeds.

4. The Sale should not be approved unless, at closing, (i) the DIP Obligations and the Undisputed Obligations are paid to the Secured Pipeline Lenders in full in cash and (ii) any remaining Proceeds are placed into an interest bearing escrow account pending resolution of any remaining disputed issues between the Debtors and Longhorn Investors. Although the Sale Motion contains general language that the Debtors intend, as is required

under section 552(b) of the Bankruptcy Code, that valid liens on the assets sold pursuant to the Sale attach to the Proceeds, *see* Sale Motion ¶ 14, the provisions of the DIP Financing Order, applicable law and the interests of the Debtors' estate require that the Proceeds not simply have liens attached, but that the Proceeds be used at closing to pay the DIP Obligations and the Undisputed Obligations, with the remaining Proceeds placed in an interest bearing escrow account subject to the liens of Longhorn Investors. *See, e.g.*, DIP Financing Order ¶¶ 2, 20(g) (requiring repayment of DIP Obligations upon any sale of the Longhorn Pipeline) and DIP Financing Order ¶ 25 (providing for amount of any sale proceeds relating to disputed portion of the Total Pipeline Claim to be placed in an interest bearing escrow and then paid to Longhorn Investors following resolution of the Total Pipeline Claim). Under the Proposed Sale Order, however, the Debtors would not be required, but only authorized, to use the Proceeds to pay secured lenders, including the Secured Pipeline Lenders. Proposed Sale Order ¶ 43.

5. The Secured Pipeline Lenders have no objection to the escrow of Proceeds corresponding to any portion that is still disputed at closing.[1] In fact, as noted, such treatment was specifically contemplated in the DIP Financing Order. *See* DIP Financing Order ¶ 25. However, to the extent of the DIP Obligations and the Undisputed Obligations, the liens of the Secured Pipeline Lenders should not simply attach to the Proceeds, as provided in the Proposed Sale Order, but should be paid to the Secured Pipeline Lenders in full in cash at closing. The Debtors do not have equity in such Proceeds (to the extent of the DIP Obligations and the Undisputed Obligations) and such

---

[1] Longhorn Investors has been engaging in good faith settlement discussions with the Debtors to seek to resolve some or all of the issues relating to the disputes prior to the closing and is hopeful that some of these issues may in fact be resolved prior to closing.

Proceeds are not necessary for an effective reorganization of Longhorn since it will have then sold substantially all of its assets. Thus, if not paid at closing, the Secured Pipeline Lenders would be entitled to relief from the stay under section 362(d)(2) of the Bankruptcy Code. Moreover, because of the negative interest rate spread that would be suffered by the Debtors based on the difference between the interest rate under the DIP Facility of at least 11.0% and that under the Pipeline Note of 11.5%, the Secured Pipeline Lenders would be entitled to relief from the stay for cause, including lack of adequate protection under section 362(d)(1) of the Bankruptcy Code. Moreover, by avoiding the negative interest rate spread, the Debtors' estates benefit by paying the Proceeds in satisfaction of the DIP Obligations and Undisputed Obligations at the closing of the Sale.

6. The Secured Pipeline Lenders also reserve all rights to review the closing statement relating to the transaction and to comment on, among other things, the calculation of the DIP Obligations and the Undisputed Obligations, the exact amount of Proceeds placed into escrow in connection with the any portion of the Total Pipeline Claim that remains disputed, the terms of any such escrow, the uses of the Proceeds for other purposes (including expense allocations as among the different Debtors), and the treatment of other assets of the Debtors (including the cash remaining at Longhorn and other collateral of Longhorn). As noted, the Secured Pipeline Lenders have been in discussion with the Debtors regarding these issues and are hopeful of resolution prior to the Sale Hearing.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Secured Pipeline Lenders respectfully object to the approval of the Sale Motion for the reasons set forth herein, and respectfully request that the Court (a) deny entry of a final order approving the Sale unless the provisions described herein are included in such order and (b) grant such other and further relief as is just and proper.

Dated: July 20, 2009

Respectfully submitted,

*/s/ John D. Demmy*

John D. Demmy
**STEVENS & LEE, P.C.**
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 425-3308
Facsimile: (610) 371-8515

-AND-

Steven M. Abramowitz
Alexandra S. Kelly
**VINSON & ELKINS LLP**
666 Fifth Avenue, 26th Floor
New York, New York 10103
Telephone: (212) 237-0000
Facsimile: (212) 237-0100

*Counsel for Longhorn Investors and Capital Investors*