IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: August 28, 2009 at 10:30 a.m. prevailing Eastern Time |
| | ) | |
| | ) | Objection Deadline: August 21, 2009 at 4:00 p.m. prevailing Eastern Time |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLASSIFICATION OF CERTAIN CLAIMS (NON-SUBSTANTIVE)**

---

TO THOSE HOLDERS OF CLAIMS ON <u>EXHIBIT A</u> TO PROPOSED ORDER ATTACHED TO THIS OBJECTION AS <u>EXHIBIT 1</u>:

- YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED BY THE DEBTORS.

- THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS LISTED ON <u>EXHIBIT A</u> TO PROPOSED ORDER ATTACHED TO THIS OBJECTION AS <u>EXHIBIT 1</u>.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this first omnibus objection (the "Objection") for entry of an order reclassifying the claims listed on **Exhibit 1** to the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), which exhibits are incorporated herein by reference. In support of this Objection, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware (the "Local Bankruptcy Rules") and the General Order Regarding Applicability of Rule 3007(c) of the Amended Federal Rules of Bankruptcy Procedure, dated November 27, 2007 (the "Rule 3007(c) General Order").

## Relief Requested

4. By this Motion, the Debtors object to the Claims (as defined below) set forth on **Exhibit 1** attached to the Proposed Order and, for the reasons described below, seek entry of the Proposed Order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9014 and Local Rule 3007-1, reclassifying the Claims set forth in the exhibits attached to the

Proposed Order for the reasons herein and in such exhibits.[2] Each Claim set forth in **Exhibit 1** attached to the Proposed Order is a Claim against a Longhorn Entity (as defined below) that should be reclassified in the manner indicated (the "Reclassified Claims").

## Background

5. On December 22, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code. On January 5, 2009, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors (the "Creditors' Committee").

6. The Debtors and their wholly owned non-debtor subsidiaries (collectively, the "Flying J Group") are a fully integrated oil company with operations in the field of exploration, production, refining, transportation, wholesaling and retailing of petroleum products. Debtor Flying J Inc. is one of the 20 largest privately held companies in America with 2008 consolidated sales of approximately $18.5 billion and is the direct or indirect parent corporation of each of the other members of the Flying J Group.

7. The Flying J Group operates approximately 250 retail locations, including state-of-the-art travel plazas, convenience stores, restaurants, motels and truck service centers in 43 states and six Canadian provinces. In addition to usual rest stop services (food, fuel and shower facilities), the Flying J Group offers banking, bulk-fuel programs, communications (wireless Internet connections), fuel cost analysis, insurance and truck fleet sales. Furthermore, the Flying

---

[2] Kirkland & Ellis LLP ("K&E") has performed and will continue to perform conflicts searches for any existing and future matters in which K&E represents any of the subject claimants. To the extent that it is later determined that K&E represents any such parties, Young Conaway Stargatt & Taylor, LLP will prosecute the respective claim objections.

J Group explores for, refines and transports petroleum products and is likely the largest retail distributor of diesel fuel in North America. Other operations of the Flying J Group include online banking, card processing, truck and trailer leasing and payroll services. In these widespread operations, the Flying J Group employs approximately 14,250 people.

8. Each of the Debtors in these chapter 11 cases is involved in or associated with the Flying J Group's core businesses of petroleum refining, supply and distribution. In particular, Debtors Big West Oil, LLC and Big West of California, LLC own and operate two refineries in North Salt Lake City, Utah and Bakersfield, California, respectively, which have the combined capacity to refine over 100,000 barrels of crude oil per day. These Debtors also are responsible for purchasing and transporting crude oil in parts of California, Utah, Wyoming and Colorado. Debtor Longhorn Pipeline Inc. and its Debtor subsidiaries own and operate a 700-mile common carrier pipeline with installed capacity of over 70,000 barrels per day from the Gulf Coast near Houston to El Paso, Texas.

9. The Debtors have filed these chapter 11 cases to address near-term liquidity challenges brought on by the precipitous drop in the price of oil beginning in September of 2008 and continuing through the first quarter of 2009, as well as the recent tightening credit markets. The Debtors believe that their businesses are fundamentally sound and profitable and that these chapter 11 cases will allow them to resolve their liquidity constraints and emerge as stronger, healthier companies.

10. The Debtors have determined that a sale of substantially all of the Debtors' retail operations to Pilot Travel Centers LLC ("Pilot") will maximize creditor recoveries and is in the best interests of the Debtors' estates. On July 14, 2009, the Debtors sought the Court's authority to obtain up to $100,000,000 of secured superpriority postpetition financing from Pilot and to

4
DB02:8528904.1                                                                                                                   067990.1001

execute a letter of intent to sell its travel center and trucking operations, corporate headquarters building and certain other assets relating to the Debtors' retail business operations to Pilot. Although there are no guarantees, the Debtors reasonably expect that the transaction currently being negotiated with Pilot would pay all creditors of Flying J Inc. ("Flying J") in full in cash, provide value to Flying J's shareholders, allow Flying J to exit bankruptcy protection expeditiously as a stronger, healthier business and position Flying J to succeed in today's highly competitive market.

## The Claims Resolution Process

11. On April 14, 2009, the Court entered the Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1005] (the "Bar Date Order"). The Bar Date Order established (a) June 1, 2009 (the "Longhorn Bar Date") as the last date for all creditors other than governmental units holding a "claim" (as such term is defined in section 101(5) of the Bankruptcy Code) against Longhorn Partners Pipeline, L.P., Longhorn Pipeline Holdings, LLC and Longhorn Pipeline Inc. (each a "Longhorn Entity") and (b) June 30, 2009 (the "General Bar Date" or "Governmental Bar Date," as applicable and, together with the Longhorn Bar Date, the "Bar Dates") as the last date for all creditors other than governmental units holding a claim against any Debtor that is not a Longhorn Entity and for all governmental entities to file and serve a written proof of claim for payment of any such claim. Notice of the Bar Dates was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

12. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors.

13. The Debtors' register of claims (the "Claims Register"), prepared and provided by the Debtors' notice, claims and balloting agent, Epiq Bankruptcy Solutions, LLC, reflects that, as of the Bar Dates, approximately 4,158 proofs of claim (collectively, the "Proofs of Claim") were filed in these chapter 11 cases (the "Chapter 11 Cases") asserting claims against the Debtors (collectively, the "Claims"). The Debtors and their advisors are comprehensively reviewing and reconciling all prepetition claims, including both the claims listed on the Debtors' schedules of assets and liabilities and the Claims asserted in the Proofs of Claim (including any supporting documentation) filed in these Chapter 11 Cases. The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

14. This reconciliation process includes identifying particular categories of Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance. To reduce the number of Claims and to avoid possible double recovery or otherwise improper recovery by claimants, the Debtors anticipate filing several omnibus objections to such categories of Claims. This Objection is the first such omnibus objection filed by the Debtors.

### Reclassified Claims

15. Upon their review of the Proofs of Claim, the Reorganized Debtors have identified certain Proofs of Claim filed against Longhorn Entities that assert incorrectly that their claims are secured by liens.

16. The Debtors maintain that the Reclassified Claims identified on **Exhibit 1** to the Proposed Order are inaccurate with respect to the secured status asserted and, as such, should be reclassified as general unsecured claims.

DB02:8528904.1 067990.1001

17. Failure to modify the secured status of the Reclassified Claims will result in the relevant claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly-situated creditors with Claims against the Longhorn Entities. Accordingly, the Debtors request entry of an order modifying the priority status of each of the Reclassified Claims to the status stated in the column titled "Modified Classification Status" on **Exhibit 1** to the Proposed Order.

18. While claims objections are typically made at a later stage of the case, the present circumstances warrant an early determination on reclassification of the Reclassified Claims from secured to unsecured. The Debtors are holding certain proceeds of the sale of the Longhorn pipeline in escrow, which are being held to pay the creditors of the Longhorn Entities. Because the Reclassified Claims were filed as secured claims, they would rank ahead of other creditors, including, in certain circumstances, other secured creditors, in payment priority. Thus, the Debtors have filed this Objection to obtain the Court's determination of the secured status of the Reclassified Claims so the amount and structure of distributions to Longhorn's secured creditors can be finalized. However, because of the early stage of the case, the Debtors have not completed an exhaustive review of the Claims to determine if other or further grounds exist upon which to object to the Reclassified Claims. Therefore, the Debtors are taking advantage of the procedure in Local Rule 3007-1(d)(viii) to seek reclassification of the Reclassified Claims as a standalone non-substantive objection, rather than a substantive objection, because a substantive objection would force the Debtors to include all substantive objections the Debtors may have to the Reclassified Claims. See Local Rule 3007-1(f)(iii). This Objection meets all the requirements for a standalone non-substantive reclassification objection set forth in Local Rule 3007-1(d)(viii).

## Basis for Relief

19. A chapter 11 debtor has the duty to object to the allowance of any improper claim. 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107(a); see also In re Int'l Yacht & Tennis, Inc. v. Wasserman Tennis, Inc. (In re Int'l Yacht & Tennis, Inc.), 922 F.2d 659, 661-62 (11th Cir. 1991). When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); In re Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. In re Allegheny Int'l, Inc., 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's prima facie validity. Id. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. Id. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. Id. The burden of persuasion is always on the claimant. Id.

20. For the reasons discussed in the preceding section, the Reclassified Claims do not meet the standards for prima facie validity and should be disallowed as requested.

## Separate Contested Matters

21. To the extent that a response is filed regarding any Claim listed in the Objection and the Debtors are unable to resolve the response, each such Claim, and the objection by the Debtors to each such Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## Responses to Omnibus Objections

22. To contest an objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than 4:00 p.m., prevailing Eastern Time, on August 21, 2009 (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> Kirkland & Ellis LLP
> 300 North LaSalle Street
> Chicago, Illinois 60654
> Attn: Jeffrey Gettleman and Vincente Tennerelli
>
> -and-
>
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Attn: Pauline Morgan and Donald Bowman

23. Every Response to this Objection must contain at a minimum the following information:

   (a) a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

   (b) the name of the Claimant, his/her/its claim number and a description of the basis for the amount of the Claim;

   (c) the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   (d) any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

   (e) the name, address, telephone number and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Claim or the Objection and who

possesses authority to reconcile, settle or otherwise resolve the objection to the disputed claim on behalf of the Claimant.

24. If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing the claim, without further notice to the Claimant or a hearing.

### Replies to Responses

25. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to a Response no later than 4:00 p.m., prevailing Eastern Time, one day prior to the deadline for filing the agenda on any hearing to consider the Objection.

### Reservation of Rights

26. The Debtors hereby reserve the right to object in the future to any of the Proofs of Claim listed in this Objection or on the exhibits attached hereto on any ground, and to amend, modify and/or supplement this Objection, including, without limitation, to object to amended or newly filed claims. Separate notice and hearing will be scheduled for any such objection.

27. Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Objection; or (b) to exercise their rights of setoff against the holders of such claims relating to such avoidance actions.

### Notice

28. The Debtors have provided notice of this Objection via first class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Creditors' Committee; (c) counsel for the agents for the Debtors' prepetition secured and unsecured lenders; (d) any persons who have filed a request for notice in these chapter 11 cases pursuant to

Bankruptcy Rule 2002; and (e) parties whose claims have been objected to in this Objection. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**Compliance With Local Rule 3007-1**

29. To the best of the Debtors' knowledge and belief, this Objection and related **Exhibit 1** to the Proposed Order comply with Local Rule 3007-1 and the Rule 3007(c) General Order. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007 1 or the Rule 3007(c) General Order, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

*[The Remainder of This Page Is Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated: July 29, 2009
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Ryan M. Bartley
Pauline K. Morgan (Bar No. 3650)
Edmon L. Morton (Bar No. 3865)
Donald J. Bowman, Jr. (Bar No. 4383)
Ryan M. Bartley (No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571–6637
Facsimile: (302) 576–3320

- and -

**KIRKLAND & ELLIS LLP**
David L. Eaton (admitted *pro hac vice*)
Adam C. Paul (admitted *pro hac vice*)
Jeffrey W. Gettleman (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: 312-862-2000
Facsimile: 312-862-2200
Counsel for the Debtors and Debtors in Possession

DB02:8528904.1

067990.1001