# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER RECLASSIFYING CLAIMS AS SET FORTH IN THE DEBTORS' FIRST OMNIBUS OBJECTION TO CLASSIFICATION OF CERTAIN CLAIMS (NON-SUBSTANTIVE)

Upon the objection, dated July 29, 2009 (the "Objection"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (the "Order") reclassifying the Reclassified Claims; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice under the circumstances of the Objection and the opportunity for a hearing on the Objection, and that no other or further notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

[2] Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

is required; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is FOUND AND DETERMINED:

A. The Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

B. Each holder of a claim (as to each, a "Claim") listed on **Exhibit 1** attached hereto was properly and timely served with a copy of the Objection, this Order, the accompanying exhibits and the notice;

C. Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or to be heard regarding, the relief requested in the Objection;

D. The Reclassified Claims listed on **Exhibit 1** hereto are Claims that are improperly or incorrectly classified as secured;

E. The relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; therefore, it is HEREBY ORDERED:

1. The Objection is granted in its entirety.

2. The secured status alleged for each of the Reclassified Claims listed on **Exhibit 1** hereto is denied, and such Reclassified Claims are determined to be, and are hereby reclassified as set forth in **Exhibit 1** hereto under the heading labeled "Proposed Reclassification."

3. The Debtors' rights to amend, modify or supplement the Objection, to file additional objections to the Claims or any other claims (filed or not) which may be asserted

against the Debtors and to seek further reduction of any Claim to the extent such Claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these Chapter 11 Cases are further preserved.

4. Each Claim and the objections by the Debtors to such Claim, as addressed in the Objection and as set forth on **Exhibit 1** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim. Any stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. All time periods set forth in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2009
Wilmington, Delaware

                                           The Honorable Mary F. Walrath
                                           United States Bankruptcy Judge

# Exhibit 1

DB02:8528904.1

067990.1001

## Reclassified Claims

| Name of Claimant | Claim Number | Claim Amount | Claim Classification Status | Modified Classification Status | Reason for Reclassification |
|---|---|---|---|---|---|
| Flint Energy Services, Inc. | 2117 | $146,699.41 | Secured | Unsecured | Claimant does not possess a valid lien claim against the Debtors. |
| Flint Energy Services, Inc. | 2118 | $146,699.41 | Secured | Unsecured | Claimant does not possess a valid lien claim against the Debtors. |

| | | | |
|---|---|---|---|
| Cadre Services, Inc. f/k/a Tanner Companies, Inc.[1] | 2209 | $12,718,777.77[2] | Secured Unsecured | Claimant does not possess a valid lien claim against the Debtors. |
| West Texas Office Equipment, Inc. | 532 | $842.08 | Secured Unsecured | Claimant does not possess a valid secured claim against the Debtors. |

[1] Cadre Services, Inc. f/k/a Tanner Companies, Inc. ("Cadre") is represented by counsel who has appeared in these chapter 11 cases and has filed numerous pleadings and other documents in these chapter 11 cases. See Notice of Appearance and Request for Service of Papers [Docket No. 104]; Limited Objection of Cadre Services, Inc. f/k/a Tanner Companies, Inc. to Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing the Use of Longhorn Cash Collateral, (B) Granting Adequate Protection to Prepetition Lenders, and (C) Scheduling a Final Hearing [Docket No. 180]; Motion for Payment of Chapter 11 Administrative Expenses [Docket No. 361]; Response of Cadre Services (f/k/a Tanner Companies, Inc.) to Debtors' Objection to the Motion for Allowance and Immediate Payment of Administrative Expenses [Docket No. 778]; Limited Objection and Reservation of Rights of Cadre Services, Inc. f/k/a Tanner Companies, Inc. to Debtors' Emergency Motion for Entry of Interim and Final Orders (a) Authorizing the Debtors to Obtain Postpetition Financing, (b) Granting Liens and Superpriority Claims, and (c) Scheduling a Final Hearing [Docket No. 1012]; Limited Objection and Reservation of Rights of Cadre Services, Inc. f/k/a Tanner Companies, Inc. to the Motion of the Debtors for Entry of (A) an Order Approving Bidding and Notice Procedures and Break-Up Fee in Connection With the Sale of (i) Substantially All of the Assets of Longhorn Partners Pipeline, L.P. and (ii) Petroleum Products Belonging to Certain of the Debtors, and (B) an Order (i) Approving the Purchase Agreements Between the Debtors and the Purchaser, or Such Other Purchase Agreements Between the Debtors and the Successful Bidder; (ii) Authorizing the Sale of All or Substantially All of Longhorn Partners Pipeline, L.P.'s Assets and Petroleum Products Belonging to Certain of the Debtors Free and Clear of All Liens, Claims, Encumbrances and Other Interests; (iii) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (iv) Granting Related Relief [Docket No. 1414]; Motion for Relief from Automatic Stay to Proceed with Litigation [Docket No. 1540] (the "Lift Stay Motion").

[2] Cadre's alleged secured claim relates to a civil lawsuit between Cadre and the Debtors filed prior to the Petition Date and currently pending before the District Court of Harris County, Texas (the "Litigation"). The Lift Stay Motion seeks the Court's authority to proceed with the Litigation. The Debtors reserve the right to object to Cadre's claim on any grounds in future claim objections or otherwise.