# **EXHIBIT A**

DB02:8619917.1

067990.1001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FLYING J INC., et al.,[1] | ) Case No. 08-13384 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## STIPULATION BY AND BETWEEN LONGHORN PARTNERS PIPELINE, L.P. AND CADRE SERVICES, INC. F/K/A TANNER COMPANIES, INC. RESOLVING MOTION TO LIFT AUTOMATIC STAY

Longhorn Partners Pipeline, L.P. ("Longhorn") and Cadre Services, Inc. f/k/a Tanner Companies, Inc. ("Cadre" and collectively with Longhorn, the "Parties") hereby stipulate as set forth below (this "Stipulation and Order"). In connection with this Stipulation and Order, the Parties respectfully state as follows:

WHEREAS, in April 2008, Cadre filed a complaint arising from a prepetition service contract between the Parties (the "Contract") against Longhorn in the District Court of Harris County, Texas, 215th Judicial District Court, Case No. 2008-33503 (the "State Court Action").

WHEREAS, on December 22, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

WHEREAS, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of chapter 11 of the Bankruptcy Code.

WHEREAS, on June 1, 2009, Cadre filed a proof of claim asserting a secured claim of $12,718,777.77 against Longhorn [Claim No. 2209] (the "Alleged Claim").

WHEREAS, on July 21, 2009, Cadre filed the *Motion for Relief from the Automatic Stay to Proceed with Litigation* [Docket No. 1540] (the "Lift Stay Motion"), seeking to lift the automatic stay with respect to the State Court Action.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608), Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226), Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

WHEREAS, on July 29, 2009, the Debtors filed the *Debtors' First Omnibus Objection to Classification of Certain Claims (Non-Substantive)* [Docket No. 1617], seeking to reclassify, among other claims, the Alleged Claim as unsecured.

**NOW, THEREFORE**, for good, valuable, and sufficient consideration, the receipt and adequacy of which is acknowledged by the Parties, and based on the foregoing, which are incorporated herein as though set forth at length below, intending to be legally bound hereby, the Parties hereby **STIPULATE** and **AGREE** as follows:

1. The Lift Stay Motion is hereby withdrawn without prejudice.

2. The Parties agree that as of the date of entry of this Order, the automatic stay will continue to be in effect with respect to the State Court Action.

3. The Parties agree to attempt to resolve the State Court Action and settle the amount of Cadre's claim through mediation anticipated to begin in October 2009, at a date and time mutually agreeable to the Parties.

4. In the event that the Parties are unable to resolve the State Court Action and settle Cadre's claim through such mediation, the Parties hereby consent to a lifting of the automatic stay in order to allow the State Court Action to proceed for the purposes of liquidating the amount of Cadre's claim, on the seventh day following a Party's abandonment of mediation efforts (with notice of such abandonment to be communicated in writing) or, in any event, no later than October 23, 2009. Such lifting of the automatic stay will be solely for the purpose of determining liability and the awarding of damages, if any, in the State Court Action, including any appeals resulting from the State Court Action, and will not be waived or modified to allow Cadre to enforce any such judgment or pursue any right of collection that may arise out of the State Court Action.

5. This Stipulation constitutes the entire agreement between and among the parties and there are no other understandings, representations, or agreements, oral or otherwise, concerning the subject matter of this Stipulation.

6. Each person executing the Stipulation on behalf of a party represents that such person is duly authorized and empowered to execute the Stipulation on behalf of such party. Upon final approval, the Stipulation will be binding upon and will inure to the benefit of the Parties and their respective representatives, successors, and assigns, including any trustee, examiner, or other similar person appointed in this or any subsequent bankruptcy case.

K&E 15410922.1

7.  Neither this Stipulation nor any statement made, action or position taken, or document prepared in connection with the negotiation, execution, or implementation of this Stipulation is, or will be deemed to be or construed as, an admission by any party to this Stipulation of any liability, act, or matter or that any claim or defense has or lacks merit.

8.  This Stipulation may be signed by the Parties in counterpart originals with the same force and affect as if fully and simultaneously signed on a single original document.

9.  This Stipulation and Order shall not be modified, altered, amended or vacated without written agreement of the Parties.

10. This Court shall retain jurisdiction, and the Parties consent to such retention of jurisdiction, to resolve any disputes or controversies arising from or related to this Stipulation and Order. Any motion or application brought before the Court to resolve a dispute arising from or related to the Stipulation and Order shall be brought on proper notice upon the undersigned Parties in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States District Court for the District of Delaware.

*[Signature Page Follows]*

Stipulated and Agreed to this 18 day of August, 2009.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | ROSENTHAL, MONHAIT & GODDESS P.A |
|---|---|
| /s/ Donald J. Bowman, Jr. | /s/ Carmella P. Keener |
| Pauline K. Morgan (Bar No. 3650) | Carmella P. Keener (Bar No. 2810) |
| Edmon L. Morton (Bar No. 3865) | Edward B. Rosenthal (Bar No. 3131) |
| Donald J. Bowman, Jr. (Bar No. 4383) | 919 Market Street, Suite 1401, P.O. Box 1070 |
| The Brandywine Building | Wilmington, Delaware 19899-1070 |
| 1000 West Street, 17th Floor | Telephone: (302) 656-4433 |
| Wilmington, Delaware 19801 | Facsimile: (302) 658-7567 |
| Telephone: (302) 571-6637 | |
| Facsimile: (302) 576-3320 | - and - |
| - and - | **SEYFARTH SHAW LLP** |
| | Walter J. Cicack, Esquire (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | 700 Louisiana Street, Suite 3700 |
| David L. Eaton (admitted *pro hac vice*) | Houston, Texas 77002 |
| Adam C. Paul (admitted *pro hac vice*) | Telephone: (713) 225-2300 |
| Jeffrey W. Gettleman (admitted *pro hac vice*) | Facsimile: (713) 225-2340 |
| Barack S. Echols (admitted *pro hac vice*) | |
| 300 North LaSalle Street | |
| Chicago, Illinois 60654 | |
| Telephone: (312) 862-2000 | |
| Facsimile: (312) 862-2200 | |
| | |
| Counsel for the Debtors and Debtors in Possession | Attorneys for Cadre Services, Inc. f/k/a Tanner Companies, Inc. |