# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | Docket Ref. No. 2262 |

## NOTICE OF AMENDED FORM OF ORDER WITH RESPECT TO THE DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS REQUIRING (A) ADJUSTMENT, (B) CLAIM REQUIRING RECLASSIFICATION AND (C) NO LIABILITY CLAIMS (SUBSTANTIVE)

**PLEASE TAKE NOTICE** that on November 20, 2009, Flying J Inc. ("Flying J") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Eighth Omnibus Objection to Certain Claims Requiring (a) Adjustment, (b) Claim Requiring Reclassification and (c) No Liability Claims (Substantive)* [Docket No. 2262] (the "Eighth Omnibus Objection"). On December 18, 2009, the Debtors filed the *Declaration of John Boken in Support of Debtors' Eighth Omnibus Objection to Certain Claims Requiring (a) Adjustment, (b) Claim Requiring Reclassification and (c) No Liability Claims (Substantive)* [Docket No. 2387] (the "Boken Declaration"), which details in the Exhibits annexed thereto the factual basis for the modification or disallowance of the claims set forth in the Eighth Omnibus Objection.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and certain parties responding to the Eighth Omnibus Objection have agreed that (i) the hearing shall be continued with respect to the objection to their claims, (ii) the Debtors shall withdraw the Eighth Omnibus Objection with respect to such party's claims without prejudice to the Debtors' right to later object to such claims, or (iii) other related relief shall be granted.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>Exhibit 1</u> is an amended form of order sustaining the Eighth Omnibus Objection, subject to the agreements with certain parties as set forth above (the "<u>Amended Order</u>"), for the reasons set forth in the Eighth Omnibus Objection and the Boken Declaration. Attached hereto as <u>Exhibit 2</u> is a blackline of the form of the Amended Order against the form of order originally annexed to the Eighth Omnibus Objection.

067990.1001

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the

Amended Order at the hearing on the Eighth Omnibus Objection currently scheduled for

December 22, 2008 at 10:30 a.m. (ET).

Dated:  December 18, 2009
        Wilmington, Delaware

**YOUNG CONAWAY
STARGATT & TAYLOR, LLP**

_____/s/ Ryan M. Bartley_____
Pauline K. Morgan (Bar No. 3650)
Edmon L. Morton (Bar No. 3865)
Donald J. Bowman, Jr. (Bar No. 4383)
Ryan M. Bartley (Bar No. 4985)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone:  (302) 571-6637
Facsimile:  (302) 576-3320

- and -

**KIRKLAND & ELLIS LLP**
David L. Eaton (admitted *pro hac vice*)
Adam C. Paul (admitted *pro hac vice*)
Jeffrey W. Gettleman (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Counsel for the Debtors and Debtors in Possession

                    067990.1001

# EXHIBIT 1

## Amended Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) |  |
|  | ) | **Ref. Docket No. 2262** |

## AMENDED ORDER ADJUSTING, RECLASSIFYING OR EXPUNGING CERTAIN CLAIMS AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE)

Upon the objection, dated November 20, 2009 (the "<u>Objection</u>"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for the entry of an order (the "<u>Revised Order</u>"): (a) adjusting the claims listed on **Exhibits A-1** through **A-4** hereto; (b) reclassifying the claims listed on **Exhibit B-1** hereto; and (c) expunging and disallowing the claims listed on **Exhibits C-1** through **C-6** hereto; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in these cases and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

2    Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

interest; and the Debtors having provided appropriate notice under the circumstances of the Objection and the opportunity for a hearing on the Objection, and that no other or further notice is required; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds that:

A.      The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

B.      Each holder of a claim (as to each, a "Claim") listed on **Exhibits A-1** through **C-6** attached hereto was properly and timely served with a copy of the Objection, this Revised Order and the accompanying exhibits.

C.      Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or to be heard regarding, the relief requested in the Objection.

D.      The Claims To Be Adjusted listed on **Exhibit A-1** through **A-4** hereto are Claims that are filed for amounts that differ from and are greater than the amounts reflected in the Debtors' Books and Records.

E.      The Claims To Be Reclassified listed on **Exhibit B-1** hereto are Claims that are improperly or incorrectly classified as having secured, priority or administrative expense status.

F.      The No Liability Claims listed on **Exhibits C-1** through **C-6** hereto are Claims that are unenforceable against the Debtors and property of the Debtors under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

G.     The relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; therefore, it is HEREBY ORDERED:

1.     The Objection is sustained in its entirety.

2.     The Claims To Be Adjusted listed on **Exhibits A-1** through **A-4** hereto be, and hereby are, adjusted as set forth on **Exhibits A-1** through **A-4** hereto under the heading labeled "Modified Claim Amount."

3.     The secured, priority or administrative expense status alleged for each of the Claims To Be Reclassified listed on **Exhibit B-1** hereto is denied, and such Claims To Be Reclassified are determined to be, and are hereby reclassified as set forth in **Exhibit B-1** hereto under the heading labeled "Proposed Reclassification."

4.     Each of the No Liability Claims Listed on **Exhibits C-1** through **C-6** hereto be, and hereby is, disallowed and expunged in its entirety.

5.     The Debtors' rights to amend, modify or supplement the Objection, to file additional objections to the Disallowed Claims or any other claims (filed or not) which may be asserted against the Debtors and to seek further reduction of any Disallowed Claim to the extent such Disallowed Claim has been paid, are preserved.  Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved.

6.     Each Disallowed Claim and the objections by the Debtors to such Disallowed Claim, as addressed in the Objection and as set forth on **Exhibits A-1** through **C-6** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Revised Order shall be deemed a separate Revised Order with respect to each

Disallowed Claim. Any stay of this Revised Order pending appeal by any Claimants whose Disallowed Claims are subject to this Revised Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability or finality of this Revised Order with respect to the other contested matters listed in the Objection or this Revised Order.

7. By agreement of the Debtors and the Texas Comptroller of Public Accounts: (a) the Debtors' objection to Claim 706 is hereby withdrawn; and (b) Claim 706 is hereby withdrawn.

8. By agreement of the Debtors and the California Board of Equalization (the "BOE"), the Debtors' objection to Claim 3375 filed by the BOE is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

9. By agreement of the Debtors and Duckett Plumbing LLC ("Duckett"), the Debtors' objection to Duckett's Claim 273 is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

10. By agreement of the Debtors and Southern California Gas Company ("SoCalGas"), the Debtors' objection to SoCalGas's Claim 3425 is adjourned to the January 26, 2010 omnibus hearing.

11. By agreement of the Debtors and Anadarko Uintah Midstream, L.L.P. ("Anadarko"), the Debtors' objection to Anadarko's Claim 958 is adjourned to the January 26, 2010 omnibus hearing.

12. By agreement of the Debtors and Seneca Resources Corporation ("Seneca"), the Debtors' objection to Seneca's Claim 3957 is adjourned to the January 26, 2010 omnibus hearing.

13. By agreement of the Debtors and Newfield Production Company ("Newfield"), the Debtors' objection to Newfield's Claims 812 and 3758 are adjourned to the January 26, 2010 omnibus hearing.

14. By agreement of the Debtors and Petro West, Inc. ("Petro"), the Debtors' objection to Petro's Claim 2998 is adjourned to the January 26, 2010 omnibus hearing.

15. By agreement of the Debtors and the Internal Revenue Service (the "IRS"), the Debtors' objections to the IRS's Claims 46, 49, 391, 392 and 773 are adjourned to the January 26, 2010 omnibus hearing.

16. By agreement of the Debtors and LECG, LLC ("LECG"): (a) LECG's Claims 692, 693, 696, 697, 698, 4220, 4221, 4222 and 4225 are hereby withdrawn; and (b) LECG's response to the Objection [Docket No. 2377] is hereby withdrawn.

17. By agreement of the Debtors and Encana Oil & Gas (USA) Inc. ("Encana"), the Debtors' objection to Encana's Claims 779 and 3069 are withdrawn without prejudice to the Debtors' right to object to such claims on any and all grounds in future claims objections.

18. By agreement of the Debtors and Shamrock Plumbing, LLC ("Shamrock"), the Debtors' objection to Shamrock's Claim 2988 is adjourned to the January 26, 2010 omnibus hearing.

19. By agreement of the Debtors and Bottling Group, LLC d/b/a the Pepsi Bottling Group ("Pepsi"), the Debtors' objection to Pepsi's Claim 4213 is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

20. By agreement of the Debtors and Magellan Pipeline Company ("Magellan"), the Debtors' objection to Magellan's Claim 2195 is adjourned to the January 26, 2010 omnibus hearing.

21.     All time periods set forth in this Revised Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Revised Order in accordance with the Objection.

23.     Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Revised Order shall be immediately effective and enforceable upon its entry.

24.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Revised Order.

Dated: _____, 2009
        Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

# EXHIBIT A-1

8th Omnibus

## Flying J, Inc.
## Exhibit A-1
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/Case Number | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|
| SIGNATURE PRESS INC. F/K/A M PRINT INC. 155 NORTH REDWOOD ROAD NORTH SALT LAKE, UT 84054 | 2882 | 6/12/2009 08-13384 | Secured $ –<br>20 Day Admin $242,665.53<br>Admin $ –<br>Priority $ –<br>Unsecured $ – | Secured $ –<br>20 Day Admin $230,055.67<br>Admin $ –<br>Priority $ –<br>Unsecured $ – | The documentation attached is used to and used to calculate the amount of Claim 2882 includes duplicate invoices, resulting in an overstatement of the amount of Claim 2882. The "Modified Claim Amount" reflects the recalculation of Claim 2882 to exclude any such duplicate invoices. |
| ~~SIGNATURE PRESS INC. #444-800-1 SAINT GEORGE, UT 84770~~ | ~~2888~~ | ~~6/15/2009 08-13384~~ | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $12,609.66 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $11,965.62 | ~~The Debtors seek to modify Claim 2888 because such claim is comprised of (i) amounts for which such CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable; and (ii) amounts on account of postpetition goods and services are... The "Modified Claim Amount" reflects the reduction of Claim 2888 by such amounts.~~ Adjourned by agreement to the January 26/2010 omnibus hearing. |
| M&M SERVICE MID-VALLEY SUPPLY DIVISION PO BOX 16 SILVER GROVE, KY 41086 | 1631 | 5/18/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $33,623.59<br>Unsecured $ – | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $17,422.00<br>Unsecured $ – | The Debtors seek to modify Claim 1631 because such claim includes certain (a) amounts owing on account of postpetition goods and services for which the claimant has already been paid; and (b) overcharges that are not legitimate and that the Debtors have consistently... Those amounts included within Claim 1631 arising from postpetition goods and services arose on 1/21/09. The "Modified Claim Amount" reflects the reduction of Claim 1631 by such amounts arising postpetition and overcharges. |
| HICKORY HARVEST INC. 900 KILLIAN RD AKRON, OH 44312 | 929 | 5/6/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $27,726.84 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $26,804.04 | Claim 929 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services, spanning 10 invoices, arose between 12/23/09 and 12/30/09. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 929 by such amounts arising postpetition. |
| DREAMLINE ENTERTAINMENT, INC. 7051 DANNOR WAY WEST HILLS, CA 91307 | 460 | 3/16/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $6,709.50<br>Priority $ –<br>Unsecured $17,868.50 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $6,768.00 | The Debtors seek to modify Claim 460 because such claim includes certain (a) amounts owing on account of postpetition goods and services for which the claimant has already been paid; and (b) charges for which the claimant provides no support and that are unsubstantiated. The claims against the Debtors arising from such postpetition goods and services, spanning 185 invoices, arose beginning on 11/18/09 and have been paid. The "Modified Claim Amount" reflects the reduction of Claim 460 by the amount of such unsupported charges and amounts arising postpetition. |
| RAMATEX C/O CENTRALE NORTH AMERICA, INC. 50 MILLSTONE RD, BLDG. 100, STE. 360 EAST WINDSOR, NJ 8520 | 563 | 3/20/2009 08-13384 | Secured $ –<br>20 Day Admin $117.50<br>Admin $ –<br>Priority $ –<br>Unsecured $14,100.00 | Secured $ –<br>20 Day Admin $117.50<br>Admin $ –<br>Priority $ –<br>Unsecured $13,365.00 | Claim 563 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services arose on 1/26/09. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 563 by such amounts. |
| JONES DAY 2727 N. HARWOOD STREET DALLAS, TX 75201 | 1762 | 5/21/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $13,149.60 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $10,540.16 | Claim 1762 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services arose on 12/31/08. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 1762 by such amounts arising postpetition. |
| SUPERIOR UNIFORM GROUP, INC 10055 SEMINOLE BLVD SEMINOLE, FL 33772 | 666 | 4/9/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $11,956.08 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $11,018.97 | Claim 666 includes amounts for which CFJ and QSR, both non-Debtor affiliates of Debtor Flying J Inc., are exclusively liable. As a result, such amounts do not give rise to a right to payment against any of the Debtors, and the "Modified Claim Amount" reflects the reduction of Claim 666 by such amount. |
| METROODOR 3365 SUNRISE HWY BUILDING 100 - SUITE 210 GREAT RIVER, NY 11739-9001 | 4043 | 7/6/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $9,881.25 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $905.00 | Claim 4043 includes amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable. As a result, such amounts do not give rise to a right to payment against any of the Debtors, and the "Modified Claim Amount" reflects the reduction of Claim 4043 by such amounts. |
| NuCO2 200 S.E. MARKET PLACE STUART, FL 34997 | 471 | 3/2/2009 08-13384 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $9,089.83 | Secured $ –<br>20 Day Admin $ –<br>Admin $ –<br>Priority $ –<br>Unsecured $8,760.31 | The Debtors seek to modify Claim 471 because such claim includes certain (a) amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable; and (b) overcharges that are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate. Such amounts do not give rise to a right to payment against any of the Debtors. |

## Flying J, Inc.
## Exhibit A-1
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Court Number | Claim Amount | | | | | Modified Claim Amount | | | | | Reason For Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | 20-Day Admin | Admin | Priority | Unsecured | Secured | 20-Day Admin | Admin | Priority | Unsecured | |
| SQUARE ONE PRINTING INC 640 JAMES STREET LOGAN, UT 84321 | ~~3404~~ | ~~6/18/2009~~ ~~08-13384~~ | $ - $ - $ - $ - $ ~~7,055.73~~ | | | | | | $ - $ - $ - $ - $ ~~3,720.53~~ | | | | | ~~The Debtors seek to modify Claim 3404 because such claim includes certain invoices for which duplicate Debtor entities are liable. Such invoices do not give rise to a valid claim against such Debtor.~~ |
| GARDA CL NORTHWEST INC PO BOX 91242 PASADENA, CA 91109-0178 | 1901 | 5/26/2009 08-13384 | $ - $ - $ - $ - $ 6,665.14 | | | | | | $ - $ - $ - $ - $ 5,618.26 | | | | | Claim 1901 includes amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable. Such amounts do not give rise to a right to payment against any of the Debtors, and the "Modified Claim Amount" reflects the reduction of Claim 1901 by such amount. |
| AUTOMATED HEATING & AIR CONDITIONING,JI 2532 S. 1760 W., SUITE 102 OGDEN, UT 84401-0575 | 182 | 2/2/2009 08-13384 | $ - $ - $ - $ - $ 5,701.00 | | | | | | $ - $ - $ - $ - $ 2,286.26 | | | | | Claim 182 includes amounts for which TFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable. As a result, such amounts do not give rise to a right to payment against any of the Debtors, and the "Modified Claim Amount" reflects the reduction of Claim 182 by such amounts. |
| NOSSAMAN LLP 445 SO. FIGUEROA STREET, 31ST FL. LOS ANGELES, CA 90071-1602 | 3963 | 6/30/2009 08-13384 | $ - $ - $ - $ - $ 5,694.89 | | | | | | $ - $ - $ - $ - $ 2,693.40 | | | | | The documentation attached to Claim 3963 supports the "Modified Claim Amount," rather than the face amount of Claim 3963. The Debtors seek to reduce Claim 3963 to that amount reflected in and supported by such documentation. |
| GREATER MILWAUKEE LAWNSCAPE LLC 8378 S. 68TH ST FRANKLIN, WI 53132 | 507 | 3/24/2009 08-13384 | $ - $ - $ - $ - $ 5,501.00 | | | | | | $ - $ - $ - $ - $ 5,384.16 | | | | | The documentation attached to Claim 507 supports the "Modified Claim Amount," rather than the face amount of Claim 507. The Debtors seek to reduce Claim 507 to that amount reflected in and supported by such documentation. |
| JOSEPH T. BERGENA MECHANICALS, INC. 279 STANDING STONE AVENUE HUNTINGDON, PA 16652 | 1588 | 5/18/2009 08-13384 | $ - $ - $ - $ - $ 5,491.41 | | | | | | $ - $ - $ - $ - $ 3,864.60 | | | | | The Debtors seek to modify Claim 1588 because such claim includes certain: (a) amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable; and (b) overcharges that the Debtors' books and records indicate are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate. Such invoices and charges do not give rise to a valid claim against the Debtor. |
| CARL MAURO TRUCKING 359 N. 2950TH RD LA SALLE, IL 61301 | 3220 | 6/22/2009 08-13384 | $ - $ - $ - $ - $ 5,320.00 | | | | | | $ - $ - $ - $ 3,020.00 $ - | | | | | Claim 3220 includes amounts owing on account of postpetition goods and services. The claim against the Debtors arising from such postpetition goods and services arose on 1/14/09 The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 3220 by such amounts arising postpetition. |
| G&R EQUIPMENT SERVICE 351 LOWREY COURT SUITE #5 GROVEPORT, OH 43125 | 2213 | 6/1/2009 08-13384 | $ - $ - $ - $ - $ 4,588.56 | | | | | | $ - $ - $ - $ - $ 975.00 | | | | | The Debtors seek to modify Claim 2213 because such claim includes certain overcharges that the Debtors' books and records indicate are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate. Such amounts do not give rise to a right to payment against any of the Debtors. |
| ~~GAMIN CARGO CONTROL INC.~~ ~~333 MARION AVE~~ ~~LINDEN, NJ 7036~~ | ~~1400~~ | ~~5/6/2009~~ ~~08-13384~~ | $ - $ - $ - $ - $ ~~1,513.75~~ | | | | | | $ - $ - $ - $ - $ ~~3,733.75~~ | | | | | ~~Claim should be adjusted to "Modified Claim Amount" because the balance of the claim represents invoices for prepetition goods and services owed to claimant and reflected on the books and records of debtor.~~ |
| BADGER OIL EQUIPMENT CO. 12030 WEST RIPLEY AVENUE MILWAUKEE, WI 53226 | 30 | 1/12/2009 08-13384 | $ - $ - $ 221.11 $ 3,948.42 $ - | | | | | | $ - $ - $ - $ 2,562.91 $ - | | | | | Claim 30 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services arose on 12/26/09. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 30 by such amount owing postpetition. |
| GENERAL PARTS LLC 11311 HAMPSHIRE AV S BLOOMINGTON, MN 55438 | 3488 | 6/26/2009 08-13384 | $ - $ - $ - $ - $ 3,794.14 | | | | | | $ - $ - $ - $ - $ 1,887.63 | | | | | Claim 3488 includes amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable. As a result, such amounts do not give rise to a right to payment against any of the Debtors, and the "Modified Claim Amount" reflects the reduction of Claim 3488 by such amounts. |

Flying J, Inc.
Exhibit A-1
Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed / Case Number | Claim Amount | | | | | Modified Claim Amount | | | | | Reason For Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Secured | 20 Day Admin | Admin | Priority | Unsecured | Secured | 20 Day Admin | Admin | Priority | Unsecured | |
| FRED C. GILBERT CO. / 106 NORRIS ROAD / BAKERSFIELD, CA 93308 | 302 | 2/17/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 2,786.94 | $ - | $ - | $ - | $ - | $ 2,779.94 | Claim 302 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services are not... The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 302 by such amounts arising postpetition. |
| BILL'S SEWER & DRAIN SERVICE, INC. / PO BOX 5759 / TWIN FALLS, ID 83301-5759 | 1344 | 5/14/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 2,453.47 | $ - | $ - | $ - | $ 394.40 | $ - | The Debtors seek to modify Claim 1344 because such claim includes certain (a) overcharges that the Debtors' books and records indicate are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate; and (b) amounts on account of postpetition interest an allowable pursuant to the Debtors' estates. See 11 U.S.C. §502(b)(2). The "Modified Claim Amount" reflects the reduction of Claim 1344 by such amount. |
| DEAN DAIRY PRODUCTS COMPANY, LLC / C/O MARK RALSTON / RALSTON LAW FIRM / 2603 OAK LAWN AVE., STE. 200 / DALLAS, TX 75219 | 3893 | 6/30/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,995.80 | $ - | $ - | $ - | $ - | $ 1,522.59 | Claim 3893 includes amounts for which CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable. As a result, such amounts do not give rise to a right to payment against any of the Debtors, and such amounts are not legitimate. The "Modified Claim Amount" reflect the reduction of Claim 3893 by such amounts. |
| DAVIS BEVERAGE GROUP, INC. / 2172 CITY LINE ROAD / BETHLEHEM, PA 18017 | 3628 | 6/29/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,717.97 | $ - | $ - | $ - | $ - | $ 193.00 | The Debtors seek to modify Claim 3628 because such claim includes certain overcharges that the Debtors' books and records indicate are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate. Such amounts do not give rise to a right to payment against any of the Debtors. |
| SOUTHEASTERN PROTECTION SERVICES / PO BOX 1197 / ALTAMONTE SPRINGS, FL 32715 | 320 | 2/23/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,434.15 | $ - | $ - | $ - | $ - | $ 665.70 | The documentation attached to Claim 320 supports the "Modified Claim Amount," rather than the face amount of Claim 320. The Debtors seek to reduce Claim 320 to the amount reflected in and supported by such documentation. |
| IDACOM / 600 W. CLAYTON AVENUE / COEUR D' ALENE, ID 83815 | 1217 | 5/11/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,097.00 | $ - | $ - | $ - | $ - | $ 1,093.00 | Claim 1217 includes amounts an account of postpetition interest ant allowable against the Debtors' estate. See 11 U.S.C. §502(b)(2). The "Modified Claim Amount" reflects the reduction of Claim 1217 by the amount of such interest. |
| GRAY ROBINSON, P.A. / C/O MAUREEN A. VITUCCI / 301 E. PINE STREET / SUITE 1400 / ORLANDO, FL 32801 | 1941 | 5/26/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,079.10 | $ - | $ - | $ - | $ - | $ 1,059.10 | Claim 1941 includes amounts owing on account of postpetition goods and services. The claims against the Debtors arising from such postpetition goods and services are not... The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 1941 by such amounts arising postpetition. |
| UNIFIRST CORPORATION / 1004 HANOVER STREET / WILKES BARRE, PA 18706 | 374 | 3/2/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 1,036.03 | $ - | $ - | $ - | $ - | $ 1,009.82 | The documentation attached to Claim 374 supports the "Modified Claim Amount," rather than the face amount of Claim 374. The Debtors seek to reduce Claim 374 to that amount reflected in and supported by such documentation. |
| COOLING SYSTEMS, INC / C/O ANTHONY M PIAZZA, ATTORNEY / 1370 ONTARIO ST #2100 / CLEVELAND, OH 44113 | 1335 | 5/15/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 727.00 | $ - | $ - | $ - | $ - | $ 235.00 | The Debtors seek to modify Claim 1335 because such claim includes certain: (a) amounts owing on account of postpetition goods and services that have been paid by the Debtors; and (b) overcharges that the Debtors' books and records indicate are not legitimate and that the Debtors have consistently conveyed to claimant are not legitimate. The claims against the Debtors arising from postpetition goods and services are not... The "Modified Claim Amount" reflects the reduction of Claim 1335 by the amount of such overcharges and amounts arising postpetition. |
| COLBERT'S ELECTRIC INC / 100 HOWE STREET / ANACONDA, MT 59711 | 596 | 3/31/2009 / 08-13384 | $ - | $ - | $ - | $ - | $ 605.50 | $ - | $ - | $ - | $ - | $ 487.00 | The documentation attached to Claim 596 supports the "Modified Claim Amount," rather than the face amount of Claim 596. The Debtors seek to reduce Claim 596 to that amount reflected in and supported by such documentation. |

Flying J, Inc.
Exhibit A-1
Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/Case Number | Claim Amount | | | | | Modified Claim Amount | | | | | Reason For Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CANADA DRY PO BOX 112 SCRANTON, PA 18501 | 599 | 5/6/2009 08-13384 | Secured $ - 20 Day Admin $ 285.35 Admin $ - Priority $ - Unsecured $ 149.75 | | | | | Secured $ - 20 Day Admin $ 285.35 Admin $ - Priority $ - Unsecured $ 109.75 | | | | | The Debtors seek to modify Claim 599 because such claim includes certain overcharges that the Debtors' books and records indicate are not legitimate due to undelivered goods and that the Debtors have consistently conveyed to claimant are not legitimate. Such overcharges do not give rise to a right to payment against any of the Debtors. |
| TOSHIBA AMERICA INFORMATION SYSTEMS, IN C/O LEI LEI WANG EKVALL, ESQ - WEILAND, GOLDEN, SMILEY, WANG, EKVALL & STROK LLP 650 TOWN CENTER DRIVE, SUITE 950 COSTA MESA, CA 92626 | 921 | 4/30/2009 08-13384 | Secured $ - 20 Day Admin $ - Admin $ - Priority $ - Unsecured $ 28,563.27 | | | | | Secured $ - 20 Day Admin $ - Admin $ - Priority $ - Unsecured $ 27,592.01 | | | | | The documentation attached to Claim 921 supports the "Modified Claim Amount," rather than the face amount of Claim 921. The Debtors seek to reduce Claim 921 to that amount reflected in and supported by such documentation. |
| RAINBOW SIGN & BANNER, INC. 181 EAST RIVERSIDE DRIVE SAINT GEORGE, UT 84790 | 3483 | 6/26/2009 08-13384 | Secured $ - 20 Day Admin $ - Admin $ - Priority $ - Unsecured $ 633.84 | | | | | Secured $ - 20 Day Admin $ - Admin $ - Priority $ - Unsecured $ 572.16 | | | | | Claim 3483 includes amounts on account of postpetition interest not allowable against the Debtors' estates. See 11 U.S.C. §502(b)(2). The "Modified Claim Amount" reflects the reduction of Claim 3483 by the amount of such interest. |

# EXHIBIT A-2

## Big West Oil, LLC.
## Exhibit A-2
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|
| EL PASO E&P COMPANY, L.P.<br>ATTN: MICHAEL J. MCGINNIS, ESQ.<br>1001 LOUISIANA STREET<br><br>HOUSTON, TX 77002 | 3203 | 6/23/2009<br>08-13381 | Secured —<br>20 Day Admin —<br>Admin $<br>Priority $<br>Unsecured $ 3,065,203.00 | Secured —<br>20 Day Admin —<br>Admin —<br>Priority —<br>Unsecured $ 3,044,812.90 | The Debtors' books and records indicate that claimant has overcharged the Debtors for yellow wax crude shipped during November 2008. The "Modified Claim Amount" reflects the reduction of Claim 3203 by such overcharges. |
| ~~DEPARTMENT OF THE TREASURY~~<br>~~INTERNAL REVENUE SERVICE~~<br>~~PO BOX 21126~~<br><br>~~PHILADELPHIA, PA 19114~~ | ~~392~~ | 3/6/2009<br>~~08-13381~~ | Secured<br>20 Day Admin<br>Admin $ ~~4,734,393.06~~<br>Priority<br>Unsecured $ ~~693,559.67~~ | Secured<br>20 Day Admin<br>Admin<br>Priority $ ~~4,616,846.33~~<br>Unsecured | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount due on account of this claim.~~<br>Continued to omnibus hearing on January 26, 2010. |
| ~~NEWFIELD PRODUCTION COMPANY~~<br>~~C/O SMITH & MATTHEWS INCORPORATED~~<br>~~ATTN: THOMAS RICE~~<br><br>~~SAN ANTONIO, TX 78205~~ | ~~358~~ | 6/30/2009<br>~~08-13381~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~10,431,668.58~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~10,391,860.57~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount due on Nov and Dec de-ouls with Newfield's accounting department.~~<br>Continued to omnibus hearing on January 26, 2010. |
| ~~NEWFIELD PRODUCTION COMPANY~~<br>~~C/O SMITH & MATTHEWS INCORPORATED~~<br>~~ATTN: THOMAS RICE~~<br><br>~~SAN ANTONIO, TX 78205~~ | ~~813~~ | 4/20/2009<br>~~08-13381~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~4,704,790.08~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~4,431,991.94~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount due on Nov and Dec de-ouls with Claimant's accounting department.~~<br>Continued to omnibus hearing on January 26, 2010. |
| ~~ENCANA OIL & GAS (USA) INC.~~<br>~~ATTN: TIMOTHY P. BLACKWOOD, VP FINANCE~~<br><br>~~DENVER, CO 80202~~ | ~~1469~~ | 6/17/2009<br>~~08-13381~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~1,584,046.95~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~1,577,862.40~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount resulting from $7,102.55 that should be paid to other companies (Override, Mineral Management Services, State of Wyoming).~~<br>Withdrawn without prejudice by agreement of the parties. |
| ~~ENCANA OIL & GAS (USA) INC.~~<br>~~JUDITH P. MATOUR~~<br><br>~~PHILADELPHIA, PA 19103-2799~~ | ~~779~~ | 4/17/2009<br>~~08-13381~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~1,315,162.96~~ | Secured<br>20 Day Admin<br>Admin<br>Priority<br>Unsecured $ ~~1,204,250.61~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount resulting from $10,911.45 that should be paid to other companies (Override, Mineral Management Services, State of Wyoming).~~<br>Withdrawn without prejudice by agreement of the parties. |
| TEPPCO CRUDE OIL, LLC<br>C/O BASIL A. UMARI<br><br>HOUSTON, TX 77002 | 3643 | 6/29/2009<br>08-13381 | Secured $<br>20 Day Admin $<br>Admin $<br>Priority $ 548,151.10<br>Unsecured $ 1,757,587.08 | Secured $ —<br>20 Day Admin —<br>Admin —<br>Priority —<br>Unsecured $ 1,757,587.08 | Claim 3643 includes certain amounts also included within claim 750 filed by claimant. The "Modified Claim Amount" reflects the reduction of claim 3643 by such amounts included within claim 750. |

# EXHIBIT A-3

Big West of California, LLC
Exhibit A-3
Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Modified Claim Amount | | Reason For Modification |
|---|---|---|---|---|---|---|---|
| ~~SENECA RESOURCES CORPORATION~~ ~~ATTN: CHARLES E. KELLY, ESQ.~~ ~~HOUSTON, TX 77002~~ | ~~2057~~ | ~~6/30/2009~~ ~~08-13383~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 1,911,457.00~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 1,088,662.40~~ | ~~Claim 2057 does not assert a valid liability against the Debtors because such claim reflects an indemnification obligation and is not reflected in the Debtors' books and records. (d) amounts timely included in claim 751 filed by claimant pursuant to the General Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims and Approving Form, Manner and Sufficiency of Notice of the Bar Date (Docket No. 546). The "Modified Claim Amount" reflects the reduction of Claim 2057 by such amounts.~~ Continued to the January 26, 2010 omnibus hearing. |
| E&B NATURAL RESOURCES MANAGEMENT CORP. C/O C. KEVIN KOBBE, ESQUIRE BALTIMORE, MD 21209 | 3620 | 6/29/2009 08-13383 | Secured — 20 Day Admin — Admin — Priority — Unsecured 4,230,086.90 | $ — $ — $ — $ — $ 4,230,086.90 | Secured — 20 Day Admin — Admin — Priority — Unsecured 3,058,835.66 | $ — $ — $ — $ — $ 3,058,835.66 | Claim 3620 includes certain amounts also included within claim 824 filed by claimant. The "Modified Claim Amount" reflects the reduction of claim 3620 by such amounts included within claim 824. |
| ~~SOUTHERN CALIFORNIA GAS COMPANY~~ ~~NOSSAMAN LLP~~ ~~LOS ANGELES, CA 90071-1602~~ | ~~3425~~ | ~~6/25/2009~~ ~~08-13383~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin 506,590.71~~ ~~Priority~~ ~~Unsecured 1,861,661.40~~ | ~~$ —~~ ~~$ —~~ ~~$ 506,590.71~~ ~~$ —~~ ~~$ 1,861,661.40~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin 506,590.71~~ ~~Priority~~ ~~Unsecured 1,108,018.71~~ | ~~$ —~~ ~~$ —~~ ~~$ 506,590.71~~ ~~$ —~~ ~~$ 1,108,018.71~~ | ~~The Debtors object to Claim 3425 because: (a) claimant does not substantiate its claim for (a) products for which the Debtors' believe the claimant's calculation of such damages is inaccurate; and (b) such claim includes amounts timely included in claim 707 filed by claimant pursuant to the General Order Establishing Bar Date for Filing Requests for Payment of Administrative Expense Claims and Approving Form, Manner and Sufficiency of Notice of the Bar Date (Docket No. 546). The "Modified Claim Amount" reflects the reduction of Claim 3425 by such amounts.~~ Continued to January 26, 2010 omnibus hearing. |
| ~~DEPARTMENT OF THE TREASURY~~ ~~INTERNAL REVENUE SERVICE~~ ~~PHILADELPHIA, PA 19114~~ | ~~777~~ | ~~4/17/2009~~ ~~08-13383~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority 3,334,559.00~~ ~~Unsecured 2,300,252.38~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 3,334,559.00~~ ~~$ 2,300,252.38~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured 2,668,686.67~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 2,668,686.67~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount due on account of this claim. Additionally, the claim included forecasted amounts—the "Modified Claim Amount" adjusts these forecasted amounts to actual amounts.~~ Continued to January 26, 2010 omnibus hearing. |
| ~~STATE BOARD OF EQUALIZATION~~ ~~SPECIAL OPERATIONS BRANCH, MIC:55~~ ~~SACRAMENTO, CA 94279-0055~~ | ~~3373~~ | ~~6/25/2009~~ ~~08-13384~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority 10,272,271.43~~ ~~Unsecured~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 10,272,271.43~~ ~~$ —~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured 14,007,570.88~~ | ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ —~~ ~~$ 14,007,570.88~~ | ~~Claim should be adjusted and allowed to "Modified Claim Amount" because Debtors' Books and Records reflect a lesser amount due on account of this claim. Additionally, the claim included forecasted amounts—the "Modified Claim Amount" adjusts these forecasted amounts to actual amounts.~~ Withdrawn without prejudice by agreement of the parties. |
| FLOWSERVE CORPORATION ATTN: MIKIE BURNS, LEGAL DEPT. IRVING, TX 75039 | 3659 | 6/29/2009 08-13381 | Secured 35,711.81 20 Day Admin — Admin — Priority — Unsecured 99,483.29 | $ 35,711.81 $ — $ — $ — $ 99,483.29 | Secured — 20 Day Admin — Admin — Priority — Unsecured 99,483.29 | $ — $ — $ — $ — $ 99,483.29 | Claim 3659 includes certain amounts also included within claim 842 filed by claimant (Docket No. 545). The "Modified Claim Amount" reflects the reduction of claim 3659 by such amounts included within claim 842. |

# EXHIBIT A-4

## Longhorn Partners Pipeline, L.P.
## Exhibit A-4
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|---|
| BIRCH TELECOM PO BOX 23039 COLUMBUS, GA 319023039 | 2003 | 5/26/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 575.00 | $ - $ - $ - $ - $ 454.00 | The ledger attached to Claim 2003 supports a liability in the amount of the "Modified Claim Amount" rather than the face amount of Claim 2003. |
| ~~CONSOLIDATED FABRICATION & CONSTRUCTORS INC~~ ~~3831 ELLSWORTH ST~~ ~~GARY, IN 46385~~ | ~~457~~ | ~~2/2/2009~~ ~~08-13380~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured~~ | ~~$~~ ~~$~~ ~~$~~ ~~$ 10,985.45~~ ~~$ 28,980.00~~ | ~~$~~ ~~$~~ ~~$~~ ~~$ 39,965.45~~ | |
| TEXAS EXCAVATION SAFETY SYSTEM, INC. 11880 GREENVILLE AVE. SUITE 120 DALLAS, TX 75243 | 1267 | 5/11/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 530.10 | $ - $ - $ - $ - $ 446.02 | Claim 1267 includes amounts owing on account of postpetition goods and services. The Debtors' liability for such goods and services arose on 12/31/08. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The "Modified Claim Amount" reduces Claim 1267 by such amounts arising postpetition. |
| WILDCAT ELECTRIC SUPPLY, LTD 5535 HARVEY WILSON DRIVE HOUSTON, TX 77020 | 349 | 2/5/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 358,100.00 | $ - $ - $ - $ - $ 302,498.36 | Claim 349 differs from the amount actually invoiced to the Debtors by the claimant. The invoices attached to Claim 349 are pro forma invoices, whereas the "Modified Claim Amount" reflects the amount of the actual invoices provided by claimant to the Debtors. |
| ~~MAGELLAN PIPELINE COMPANY, L.P.~~ ~~MAGELLAN MIDSTREAM PARTNERS, L.P.~~ ~~ATTN: DENISE GIBBONS~~ ~~ONE WILLIAMS CENTER, MD 31-1~~ ~~TULSA, OK 74172~~ | ~~2195~~ | ~~5/20/2009~~ ~~08-13380~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured~~ | ~~$~~ ~~$~~ ~~$~~ ~~$~~ ~~$ 1,175,252.33~~ | ~~$~~ ~~$~~ ~~$~~ ~~$~~ ~~$ 886,676.90~~ | ~~Claim 2195 includes a variety of charges and invoices for services performed by third parties. The Debtors are liable to such third parties relative to such amount. Adjourned by agreement to January 26, 2010.~~ |

# EXHIBIT B-1

Flying J, Inc.
Exhibit B-1
Claims to be Reclassified

| Name and Address of Claimant | Claim Number | Date Filed / Case Number | Proposed Reclassification & | Filed Amount | | | | | Reclassify Amount | | | | | Reason For Reclassification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | 20 Day Admin | Admin | Priority | Unsecured | Secured | 20 Day Admin | Admin | Priority | Unsecured | |
| CENTRAL CALIFORNIA FLUID SYSTEM TECHNOLOGIES, INC. 125 BALBOA CIRCLE ATTN: STEVE KAMINS CAMARILLO, CA 93012 | 951 | 5/1/2009 08-13384 | Administrative & Unsecured | $ 24,281.96 | $ - | $ - | $ - | $ - | $ 14,760.28 | $ - | $ - | $ - | $ 9,521.68 | The claimant asserts that Claim 951 is entitled to secured status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to secured status. The Debtors' review of their books and records does indicate, however, that $14,760.28 of Claim 951 is entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3928 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 366.00 | $ - | $ - | $ - | $ - | $ 366.00 | $ - | The claimant asserts that Claim 3928 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| COMMERCIAL REFRIGERATION, INC C/O JOHN E WOOTTON 233 S PLEASANT GROVE BLVD STE 202 PLEASANT GROVE, UT 84062 | 3865 | 5/1/2009 08-13384 | Unsecured | $ 338.00 | $ - | $ - | $ - | $ 1,601.88 | $ - | $ - | $ - | $ - | $ 1,939.88 | The claimant asserts that Claim 3865 is entitled, in part, to administrative expense status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to administrative expense status. |
| RAINBOW SIGN & BANNER, INC. 181 EAST RIVERSIDE DRIVE SAINT GEORGE, UT 84790 | 3483 | 6/26/2009 08-13384 | Unsecured | $ 633.94 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 572.16 | The claimant asserts that Claim 3483 is entitled, in part, to administrative expense status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to administrative expense status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3915 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ 168.00 | $ - | The claimant asserts that Claim 3915 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3916 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ 168.00 | $ - | The claimant asserts that Claim 3916 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |

## Flying J, Inc.
## Exhibit B-1
## Claims to be Reclassified

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Proposed Reclassification | Filed Amount | | | | | Reclassify Amount | | | | | Reason For Reclassification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | 20 Day Admin | Admin | Priority | Unsecured | Secured | 20 Day Admin | Admin | Priority | Unsecured | |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3917 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3917 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3920 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3920 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3921 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3921 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3923 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3923 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3924 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3924 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3925 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3925 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNTA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3926 | 6/30/2009 08-13384 | Unsecured | $ - | $ - | $ - | $ 168.00 | $ - | $ - | $ - | $ - | $ - | $ 168.00 | The claimant asserts that Claim 3926 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |

## Flying J, Inc.
## Exhibit B-1
## Claims to be Reclassified

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Proposed Reclassification | Filed Amount | | Reclassified Amount | | Reason For Reclassification |
|---|---|---|---|---|---|---|---|---|
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3927 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ 168.00 $ - $ - $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 168.00 | The claimant asserts that Claim 3927 is entitled to administrative expense status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to pay *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3929 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ 168.00 $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 168.00 | The claimant asserts that Claim 3929 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3931 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ 168.00 $ - $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 168.00 | The claimant asserts that Claim 3931 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3932 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ 168.00 $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 168.00 | The claimant asserts that Claim 3932 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| RELIABLE APPLIANCE INC. DBA RELIABLE COMMERCIAL EQUIPMENT 243 N. BLUFF SAINT GEORGE, UT 84770 | 2648 | 6/8/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ 106.97 $ - $ - $ - $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 106.97 | The claimant asserts that Claim 2648 is entitled to secured status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to secured status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3918 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ 67.50 $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 67.50 | The claimant asserts that Claim 3918 is entitled to secured status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to secured status. |
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3922 | 6/30/2009 08-13384 | Unsecured | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ 67.50 $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 67.50 | The claimant asserts that Claim 3922 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |

Flying J, Inc.
Exhibit B-1
Claims to be Reclassified

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Proposed Reclassification | Filed Amount | | Reclassify Amount | | Reason For Reclassification |
|---|---|---|---|---|---|---|---|---|
| PUNITA LEATHERS INC 3935 AVION PARK CT, STE A-108 CHANTILLY, VA 20151 | 3919 | 6/30/2009 08-13384 | Unsecured | $ - $ - $ - $ 45.00 $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 45.00 | Secured 20 Day Admin Admin Priority Unsecured | The claimant asserts that Claim 3919 is entitled to priority status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to priority status. |
| BALL STORAGE & ICE LLC P.O. BOX 51086 IDAHO FALLS, ID 83405 | 1560 | 5/18/2009 08-13384 | Unsecured | $ - $ 25.60 $ - $ - $ - | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 25.60 | Secured 20 Day Admin Admin Priority Unsecured | The claimant asserts that Claim 1560 is entitled to administrative expense status without providing a basis or documentation to support such status. Such unsupported assertion does not amount to *prima facie* validity. Moreover, the Debtors' books and records indicate that such claim is not entitled to administrative expense status. |

16G88079_1.XLS

# EXHIBIT C-1

Flying J, Inc.
Exhibit C-1
No Liability

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| ~~DUCKETT PLUMBING~~ ~~WEINSTOCK & CHWALLEY PA~~ ~~P.O. BOX 4419~~ ~~CLINTON, NJ 4809~~ | ~~223~~ | ~~2/9/2009~~ 08-13384 | $ — $ — $ $ $ 17,223.05 | Secured 20 Day Admin Admin Priority Unsecured | ~~CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 223. As a result, such amounts do not give rise to a right to payment against any of the Debtors.~~ Withdrawn without prejudice by agreement of the parties. |
| CENTERPOINT ENERGY LINDA F. HULSEY, CREDIT MANAGER PO BOX 1700 HOUSTON, TX 77251 | 94 | 1/6/2009 08-13384 | $ — $ — $ $ $ 12,454.08 | Secured 20 Day Admin Admin Priority Unsecured | CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within Claim 94. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| CONCEPT TECHNOLOGIES INC. 3100 MERIDIAN PARKE DRIVE N296 GREENWOOD, NJ 46142 | 938 | 5/1/2009 08-13384 | $ — $ — $ $ $ 5,555.40 | Secured 20 Day Admin Admin Priority Unsecured | CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 938. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| ~~SHAMROCK PLUMBING LLC~~ ~~ATTN: GENE FEATHERSTONE~~ ~~540 WEST 500 NORTH~~ ~~NORTH SALT LAKE, UT 84054~~ | ~~2988~~ | ~~6/15/2009~~ 08-13384 | $ — $ — $ $ $ 2,708.85 | Secured 20 Day Admin Admin Priority Unsecured | ~~The Debtor is not liable for those amounts included within Claim 2988 because (a) the Debtors paid certain amounts included within such claim prepetition in the ordinary course of business (check #1000004 paid on 12/8/08) and (b) the Debtors' books and record indicate that those amounts included within Claim 2988 that were not paid prepetition consist of overcharges for which the Debtors are not liable.~~ Adjourned by agreement to the January 26, 2010 omnibus hearing. |
| ROTO ROOTER - EL PASO #28 1111 SUNLAND PARK DR. EL PASO, TX 79922 | 394 | 3/6/2009 08-13384 | $ — $ — $ — $ — $ 786.44 | Secured 20 Day Admin Admin Priority Unsecured | CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 394. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| BRADY INDUSTRIES 1130 SO 3800 W #200 SALT LAKE CITY, UT 84104 | 804 | 4/13/2009 08-13384 | $ — $ — $ — $ — $ 669.29 | Secured 20 Day Admin Admin Priority Unsecured | CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 804. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| SHOP VAC CORPORATION 2323 REACH ROAD WILLIAMSPORT, PA 17701 | 57 | 1/16/2009 08-13384 | $ — $ — $ — $ — $ 547.16 | Secured 20 Day Admin Admin Priority Unsecured | CFJ, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 57. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| UBET WIRELESS 609 W MAIN VERNAL, UT 84078 | 124 | 1/26/2009 08-13384 | $ — $ — $ — $ — $ 451.15 | Secured 20 Day Admin Admin Priority Unsecured | Flying J Transportation, LLC, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 124. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| BLYTHE AUTO PARTS INC. | 3986 | 7/1/2009 | $ — | Secured | Claim 3986 is comprised of invoices that the Debtors have consistently disputed as |

16068079_1.XLS

Flying J, Inc.
Exhibit C-1
No Liability

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| 184 N. SPRING ST. BLYTHE, CA 92225 | | 08-13384 | $ - | 20 Day Admin | overcharges. The Debtors' books and records do not reflect such liability, and such amounts do not give rise to a right to payment against any of the Debtors. |
| | | | $ - | Admin | |
| | | | $ - | Priority | |
| | | | $ 432.13 | Unsecured | |
| UBTA - UBET COMMUNICATIONS 609 W MAIN VERNAL, UT 84078 | 122 | 1/26/2009 08-13384 | $ - | Secured | Claim 122 is comprised of invoices that the Debtors have consistently disputed as overcharges. The Debtors' books and records do not reflect such liability, and such amounts do not give rise to a right to payment against any of the Debtors. |
| | | | $ - | 20 Day Admin | |
| | | | $ - | Admin | |
| | | | $ - | Priority | |
| | | | $ 90.16 | Unsecured | |
| DAVIS, LASTER 820 W. HILLVIEW ST. WINSLOW, AZ 86047 | 1764 | 5/21/2009 08-13384 | $ - | Secured | Claim 1764 includes only a standard proof of claim form containing a claim amount without supporting documentation. The Debtors' books and records do not reflect any such liability, and such amount does not give rise to a right to payment against any of the Debtors. |
| | | | $ - | 20 Day Admin | |
| | | | $ - | Admin | |
| | | | $ - | Priority | |
| | | | $ - | Unsecured | |
| DIAMOND RIDGE DEVELOPMENT CORPORATION PO BOX 2662 PEORIA, AZ 35380 | 85 | 1/23/2009 08-13384 | $ - | Secured | TFI, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for all amounts included within claim 85. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| | | | $ - | 20 Day Admin | |
| | | | $ - | Admin | |
| | | | $ - | Priority | |
| | | | $ 26,112.50 | Unsecured | |

# EXHIBIT C-2

## Big West Oil, LLC
## Exhibit C-2
## No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| ~~ANADARKO UINTAH MIDSTREAM, L.L.P.~~ ~~C/O JAMES MATTHEW VAUGHN~~ ~~PORTER & HEDGES, L.L.P.~~ ~~1000 MAIN STREET, 36TH FLOOR~~ ~~HOUSTON, TX 77002~~ | ~~958~~ | ~~5/1/2009~~ ~~08-13381~~ | ~~$    -~~ ~~$    -~~ ~~$    -~~ ~~$  888,065.47~~ | ~~Secured~~ ~~20 Day Admin~~ ~~Admin~~ ~~Priority~~ ~~Unsecured~~ | ~~The Debtors have no remaining record of this liability in their Books and~~ ~~Records. Invoices amounting to $888 were paid prior to filing bankruptcy.~~ ~~These invoices (inc-200804345, 200804301, 200804275, and 200804426-~~ ~~They were paid on 11/24/08, 11/24/08, 12/01/08, and 12/01/08, respectfully.~~ Continued to January 26, 2010 omnibus hearing. |
| ANADARKO PETROLEUM CORPORATION C/O JAMES MATTHEW VAUGHN PORTER & HEDGES, L.L.P. 1000 MAIN STREET, 36TH FLOOR HOUSTON, TX 77002 | 957 | 5/1/2009 08-13381 | $    - $    - $    - $  20,348.18 | Secured 20 Day Admin Admin Priority Unsecured | Flying J Oil & Gas, a non-Debtor affiliate of Debtor Flying J Inc., is exclusively liable for those amounts included within the Claim 957. As a result, such amounts do not give rise to a right to payment against any of the Debtors. |
| BOTTLING GROUP, LLC DBA THE PEPSI C/O JOSEPH D. FRANK, FRANK/GECKER LLP 325 NORTH LASALLE STREET, SUITE 625 CHICAGO, IL 60654 | 4218 | 8/10/2009 08-13381 | $  274,026.26 $  305,835.04 | Secured 20 Day Admin Admin Priority Unsecured | The claimant filed identical proofs of claim against every Debtor in these chapter 11 cases. Debtor Longhorn Pipeline, Inc., involved exclusively with the Debtors' Utah refining operations, has never done business with claimant and appears nowhere on the documentation attached to claim 4218. |

# EXHIBIT C-3

Big West of California, LLC
Exhibit C-3
No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| BGT LLNG GROUP, LLC DBA THE PERSI | 4212 | 8/10/2009 | $ | Secured | ~~The claimant filed identical proofs of claim against every Debtor in these~~ |
| BGT LLNG GROUP | | 08-13383 | | 20-day Admin | ~~chapter 11 cases. Debtor Big West of California, LLC involved exclusively~~ |
| C/O JOSEPH D. FRANK, FRANK/GECKER LLP | | | $ 274,026.26 | Admin | ~~with the Debtor' California refinery operations, has never done business~~ |
| 325 NORTH LASALLE STREET, SUITE 625 | | | | Priority | ~~with claimant and appears nowhere on the documentation attached to~~ |
| CHICAGO, IL 60654 | | | $ 305,835.04 | Unsecured | ~~claim 4212.~~ Withdrawn without prejudice by agreement of the parties. |

Total | | | $ 579,861.30 |

**EXHIBIT C-4**

# Longhorn Partners Pipeline, L.P.
## Exhibit C-4
## No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| LECG, LLC 2000 POWELL STREET EMERYVILLE, CA 94608 | 692 | 4/13/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ 32,197.50 | The Debtors have no record of the liability asserted in Claim 692 in their Books and Records. |
| ALLIED WORLD ASSURANCE COMPANY MICHELLE A. LEVITT, AUTHORIZED REP. COMMERCIAL INSURANCE BANKRUPTCY CLLCTNS 175 WATER STREET, 18TH FL NEW YORK, NY 10038 | 2146 | 5/29/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ - $ - $ - $ - $ - | Claim 2146 was filed with no amount due. The Debtors have no record of any remaining liability in their books and records – most Debtor-related insurance policies have expired and the only remaining policy has a credit due to the Debtor. |
| WARREN CAT C/O JEFFREY F. THOMASON 3800 EAST 42ND STREET, SUITE 409 ODESSA, TX 79762 | 2437 | 6/1/2009 08-13380 | Secured 20 Day Admin Admin Priority Unsecured | $ 107,963.51 $ - $ - $ - $ - | The Debtors have no record of the liability asserted in Claim 2437 in their Books and Records. |
| ~~DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE PO BOX 21126 PHILADELPHIA, PA 19114~~ | ~~46~~ | ~~4/15/2009 08-13380~~ | ~~Secured 20 Day Admin Admin Priority Unsecured~~ | ~~$ - $ - $ - $ 45,166.87 $ -~~ | ~~Claim 46 asserts tax liabilities against the Debtor that were not previously assessed by the claimant. The Debtors' books and records do not reflect such liabilities. Moreover, the Debtors dispute that such liabilities are actually owing to claimant.~~ Continued to the January 26, 2010 omnibus hearing. |
| ~~DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE PO BOX 21126 PHILADELPHIA, PA 19114~~ | ~~391~~ | ~~3/6/2009 08-13380~~ | ~~Secured 20 Day Admin Admin Priority Unsecured~~ | ~~$ - $ - $ - $ 15,000.00 $ 1,841,229.13~~ | ~~Claim 391 asserts: (a) tax liabilities against the Debtor that were not previously assessed by the claimant; and (b) interest calculations that the Debtors believe are inaccurate. The Debtors' books and records do not reflect such liabilities and interest. Moreover, the Debtors dispute that such liabilities and interest are actually owing to claimant.~~ Continued to January 26, 2010 omnibus hearing. |
| ~~TEXAS COMPTROLLER OF PUBLIC ACCOUNTS OFFICE OF THE ATTORNEY GENERAL BANKRUPTCY - COLLECTIONS DIVISION PO BOX 12548 AUSTIN, TX 78711-2548~~ | ~~706~~ | ~~4/3/2009 08-13380~~ | ~~Secured 20 Day Admin Admin Priority Unsecured~~ | ~~$ - $ - $ - $ 1,000.00 $ -~~ | ~~Claim 706 arose due to the Debtor's not having filed tax returns as of the date Claim 706 was filed. The Debtors have since filed such returns and, by agreement of the Debtors and the claimant, the total liability owing on account of such liability is $0.~~ Withdrawn pursuant to Revised Order, ¶ 7. |
| GREATAMERICA LEASING CORPORATION PO BOX 609 CEDAR RAPIDS, IA 52406 | 623 | 3/6/2009 08-13380 | Secured 20 Day Admin Admin | $ 71,407.43 $ - $ - | The documentation attached to Claim 623, as well as the Debtors' books and records, indicates that a non-Debtor, Magellan Pipeline Company, L.P., is exclusively liable for such claim. |

16067021_1.XLS

12/18/2009

Longhorn Partners Pipeline, L.P.
Exhibit C-4
No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | | Reason For Disallowance |
|---|---|---|---|---|---|---|
| | | | $ | - | Priority | |
| | | | $ | - | Unsecured | |
| BOTTLING GROUP, LLC | 4217 | 8/10/2009 | $ | - | Secured | The claimant filed identical proofs of claim against every Debtor in these |
| DBA THE PEPSI BOTTLING GROUP | | 08-13380 | $ | - | 20 Day Admin | chapter 11 cases. Debtor Longhorn Partners Pipeline, L.P., involved |
| C/O JOSEPH D. FRANK, FRANK/GECKER LLP | | | $ | 274,026.26 | Admin | exclusively with the Debtors' pipeline operations, has never done |
| 325 NORTH LASALLE STREET, SUITE 625 | | | $ | 305,835.04 | Priority | business with claimant and appears nowhere on the documentation |
| CHICAGO, IL 60654 | | | $ | | Unsecured | attached to claim 4217. |
| | | | $ | 2,693,925.74 | | |

# EXHIBIT C-5

## Longhorn Pipeline Holdings, L.L.C.
### Exhibit C-5
### No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE PO BOX 21126 PHILADELPHIA, PA 19114 | 49 | 1/15/2009 08-13387 | $ — Secured<br>$ — 20 Day Admin<br>$ — Admin<br>$ 25,000.00 Priority<br>$ — Unsecured | | ~~Claim 49 asserts tax liabilities against the Debtor that were not previously assessed by the claimant. The Debtors' books and records do not reflect such liabilities. Moreover, the Debtors dispute that such liabilities are actually owing to claimant.~~ Continued to the January 26, 2010 omnibus hearing. |
| BOTTLING GROUP, LLC DBA THE PEPSI BOTTLING GROUP C/O JOSEPH D. FRANK, FRANK/GECKER LLP 325 NORTH LASALLE STREET, SUITE 625 CHICAGO, IL 60654 | 4212 | 8/10/2009 08-13387 | $ — Secured<br>$ 274,026.26 20 Day Admin<br>$ — Admin<br>$ — Priority<br>$ 305,835.04 Unsecured | | The claimant filed identical proofs of claim against every Debtor in these chapter 11 cases. Debtor Longhorn Pipeline Holdings, L.L.C., involved exclusively with the Debtors' pipeline operations, has never done business with claimant and appears nowhere on the documentation attached to claim 4212. |

$ 604,861.30

# **EXHIBIT C-6**

## Longhorn Pipeline Inc.
### Exhibit C-6
### No Liability Claims

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Reason For Disallowance |
|---|---|---|---|---|---|
| BOTTLING GROUP, LLC | 4215 | 8/10/2009 | $ - | Secured | The claimant filed identical proofs of claim against every Debtor in these |
| DBA THE PEPSI BOTTLING GROUP | | 08-13388 | $ - | 20 Day Admin | chapter 11 cases. Debtor Longhorn Pipeline, Inc., involved exclusively |
| C/O JOSEPH D. FRANK, FRANK/GECKER LLP | | | $ 274,026.26 | Admin | with the Debtors' pipeline operations, has never done business with |
| 125 NORTH LASALLE STREET, SUITE 625 | | | $ - | Priority | claimant and appears nowhere on the documentation attached to claim |
| CHICAGO, IL 60654 | | | $ 305,835.04 | Unsecured | 4215. |
| | | | $ 579,861.30 | | |

# EXHIBIT 2

## Blackline of Form of Amended Order

DB02:9051779.1

067990.1001

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FLYING J INC., et al.,[1] | Case No. 08-13384 (MFW) |
| Debtors. | Jointly Administered |
|  | <u>Ref. Docket No. 2262</u> |

## <u>AMENDED</u> ORDER ADJUSTING, RECLASSIFYING OR EXPUNGING CERTAIN CLAIMS AS SET FORTH IN THE DEBTORS' EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE)

Upon the objection, dated November 20, 2009 (the "<u>Objection</u>"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for the entry of an order (the "<u>Revised Order</u>"): (a) adjusting the claims listed on **<u>Exhibits A-1</u>** through **<u>A-4</u>** hereto; (b) reclassifying the claims listed on **<u>Exhibit B-1</u>** hereto; and (c) expunging and disallowing the claims listed on **<u>Exhibits C-1</u>** through **<u>C-6</u>** hereto; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in these cases and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice under the circumstances of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

[2] Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

Objection and the opportunity for a hearing on the Objection, and that no other or further notice is required; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, the Court finds that:

A.     The Objection is a core proceeding under 28 U.S.C. § 157(b)(2).

B.     Each holder of a claim (as to each, a "Claim") listed on **Exhibits A-1** through **C-6** attached hereto was properly and timely served with a copy of the Objection, this Revised Order and the accompanying exhibits.

C.     Any entity known to have an interest in the Claims subject to the Objection has been afforded reasonable opportunity to respond to, or to be heard regarding, the relief requested in the Objection.

D.     The Claims To Be Adjusted listed on **Exhibit A-1** through **A-4** hereto are Claims that are filed for amounts that differ from and are greater than the amounts reflected in the Debtors' Books and Records.

E.     The Claims To Be Reclassified listed on **Exhibit B-1** hereto are Claims that are improperly or incorrectly classified as having secured, priority or administrative expense status.

F.     The No Liability Claims listed on **Exhibits C-1** through **C-6** hereto are Claims that are unenforceable against the Debtors and property of the Debtors under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

G.     The relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; therefore, it is HEREBY ORDERED:

1.     The Objection is sustained in its entirety.

2.     The Claims To Be Adjusted listed on **Exhibits A-1** through **A-4** hereto be, and hereby are, adjusted as set forth on **Exhibits A-1** through **A-4** hereto under the heading labeled "Modified Claim Amount."

3.     The secured, priority or administrative expense status alleged for each of the Claims To Be Reclassified listed on **Exhibit B-1** hereto is denied, and such Claims To Be Reclassified are determined to be, and are hereby reclassified as set forth in **Exhibit B-1** hereto under the heading labeled "Proposed Reclassification."

4.     Each of the No Liability Claims Listed on **Exhibits C-1** through **C-6** hereto be, and hereby is, disallowed and expunged in its entirety.

5.     The Debtors' rights to amend, modify or supplement the Objection, to file additional objections to the Disallowed Claims or any other claims (filed or not) which may be asserted against the Debtors and to seek further reduction of any Disallowed Claim to the extent such Disallowed Claim has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved.

6.     Each Disallowed Claim and the objections by the Debtors to such Disallowed Claim, as addressed in the Objection and as set forth on **Exhibits A-1** through **C-6** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Revised Order shall be deemed a separate Revised Order with respect to each

DB02:8959470.3
DB02:8959470.2
067090-1001

Disallowed Claim. Any stay of this Revised Order pending appeal by any Claimants whose Disallowed Claims are subject to this Revised Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability or finality of this Revised Order with respect to the other contested matters listed in the Objection or this Revised Order.

7.    By agreement of the Debtors and the Texas Comptroller of Public Accounts: (a) the Debtors' objection to Claim 706 is hereby withdrawn; and (b) Claim 706 is hereby withdrawn.

8.    By agreement of the Debtors and the California Board of Equalization (the "BOE"), the Debtors' objection to Claim 3375 filed by the BOE is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

9.    By agreement of the Debtors and Duckett Plumbing LLC ("Duckett"), the Debtors' objection to Duckett's Claim 273 is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

10.    By agreement of the Debtors and Southern California Gas Company ("SoCalGas"), the Debtors' objection to SoCalGas's Claim 3425 is adjourned to the January 26, 2010 omnibus hearing.

11.    By agreement of the Debtors and Anadarko Uintah Midstream, L.L.P. ("Anadarko"), the Debtors' objection to Anadarko's Claim 958 is adjourned to the January 26, 2010 omnibus hearing.

12.    By agreement of the Debtors and Seneca Resources Corporation ("Seneca"), the Debtors' objection to Seneca's Claim 3957 is adjourned to the January 26, 2010 omnibus hearing.

13.   By agreement of the Debtors and Newfield Production Company ("Newfield"), the Debtors' objection to Newfield's Claims 812 and 3758 are adjourned to the January 26, 2010 omnibus hearing.

14.   By agreement of the Debtors and Petro West, Inc. ("Petro"), the Debtors' objection to Petro's Claim 2998 is adjourned to the January 26, 2010 omnibus hearing.

15.   By agreement of the Debtors and the Internal Revenue Service (the "IRS"), the Debtors' objections to the IRS's Claims 46, 49, 391, 392 and 773 are adjourned to the January 26, 2010 omnibus hearing.

16.   By agreement of the Debtors and LECG, LLC ("LECG"): (a) LECG's Claims 692, 693, 696, 697, 698, 4220, 4221, 4222 and 4225 are hereby withdrawn; and (b) LECG's response to the Objection [Docket No. 2377] is hereby withdrawn.

17.   By agreement of the Debtors and Encana Oil & Gas (USA) Inc. ("Encana"), the Debtors' objection to Encana's Claims 779 and 3069 are withdrawn without prejudice to the Debtors' right to object to such claims on any and all grounds in future claims objections.

18.   By agreement of the Debtors and Shamrock Plumbing, LLC ("Shamrock"), the Debtors' objection to Shamrock's Claim 2988 is adjourned to the January 26, 2010 omnibus hearing.

19.   By agreement of the Debtors and Bottling Group, LLC d/b/a the Pepsi Bottling Group ("Pepsi"), the Debtors' objection to Pepsi's Claim 4213 is withdrawn without prejudice to the Debtors' right to object to such claim on any and all bases in future claims objections.

20.   By agreement of the Debtors and Magellan Pipeline Company ("Magellan"), the Debtors' objection to Magellan's Claim 2195 is adjourned to the January 26, 2010 omnibus hearing.

21. ~~7.~~ All time periods set forth in this _Revised_ Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

22. ~~8.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this _Revised_ Order in accordance with the Objection.

23. ~~9.~~ Notwithstanding the possible applicability of Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this _Revised_ Order shall be immediately effective and enforceable upon its entry.

24. ~~10.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this _Revised_ Order.

Dated: _____, 2009
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

~~EXHIBIT A-1~~

~~EXHIBIT A-2~~

~~EXHIBIT A-3~~

~~EXHIBIT A-4~~

~~EXHIBIT B-1~~

~~EXHIBIT C-1~~

~~EXHIBIT C-2~~

~~EXHIBIT C-3~~

~~EXHIBIT C-4~~

~~EXHIBIT C-5~~

~~EXHIBIT C-6~~

Document comparison done by Workshare DeltaView on Friday, December 18, 2009
1:13:15 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://WSDMS/DB02/8959470/2 |
| Document 2 | interwovenSite://WSDMS/DB02/8959470/3 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | Count |
|---|---|
| Insertions | 45 |
| Deletions | 19 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 64 |