IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FLYING J INC., et al.,[1] ) | Case No. 08-13384 (MFW) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## DECLARATION OF JOHN BOKEN IN SUPPORT OF THE DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CERTAIN (A) DUPLICATE CLAIMS, (B) AMENDED AND SUPERSEDED CLAIMS AND (C) WRONG CASE CLAIMS

I, John Boken, hereby declare (this "Declaration") that the following is true to the best of my knowledge, information and belief:

1. My name is John Boken. I am over the age of 18 and competent to testify and make this Declaration. I am serving as the Chief Restructuring Officer of Flying J Inc. ("Flying J"), a corporation organized under the laws of the State of Utah and a debtor and debtor in possession in the above-captioned chapter 11 cases of Flying J and certain of its affiliates (collectively, the "Debtors"). On April 3, 2009, the Court entered an order approving the services agreement between and among Zolfo Cooper Management, LLC ("Zolfo Cooper"), me and Flying J.[2]

2. Through my role as Chief Restructuring Officer to the Debtors, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226) and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

[2] See *Order Approving the Services Agreement between the Debtors, Zolfo Cooper Management, LLC and John R. Boken Nunc Pro Tunc to January 5, 2009* [Docket No. 921].

records. I submit this Declaration in support of the *Debtors' Eleventh Omnibus Objection to Certain (A) Duplicate Claims, (B) Amended and Superseded Claims and (C) Wrong Case Claims (Non-Substantive)* (the "<u>Objection</u>"),[3] filed contemporaneously herewith. I make this Declaration on the basis of my review of the Debtors' books and records, schedules of assets and liabilities and the register of claims (the "<u>Claims Register</u>") prepared and provided by the Debtors' claims and balloting agent, Epiq Bankruptcy Solutions, LLC.

3. Considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim (the "<u>Claims</u>") filed against the Debtors in these chapter 11 cases.

4. I oversaw those involved in the process of reviewing and reconciling the Claims, as well as in the preparation of the Objection. In this regard, I: (a) oversaw the review of (i) the Claims Register, by which those under my supervision identified Claims that should be allowed, disallowed or reclassified and (ii) the Debtors' books and records with respect to the Claims described in the Objection; (b) conferred with the Debtors' employees and Zolfo Cooper professionals having knowledge relevant to understanding the validity of the Claims; (c) approved the inclusion of the Claims in the Objection; and (d) reviewed the Objection and the Proposed Order. Accordingly, I am familiar with the information contained therein and in <u>**Exhibits A-1**</u> through <u>**C-3**</u> to the Proposed Order.

I. **Duplicate Claims**

5. To the best of my knowledge, information and belief, I have determined that the Duplicate Claims listed on <u>**Exhibit A-1**</u> to the Proposed Order appear to be duplicates of other Claims filed against the Debtors.

---

[3] Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

2

6. Furthermore, I understand that for each Duplicate Claim, the Debtors have identified a Duplicate Remaining Claim that will remain on the Claims Register if the Court grants the Objection under the heading labeled "Remaining Claim."

7. I believe that the Claimants holding Duplicate Claims will not be prejudiced by having their respective Duplicate Claim disallowed because their Duplicate Remaining Claims—asserting the same liability against the same Debtor in the same amount and priority as the Duplicate Claims—will remain on the Claims Register after the corresponding Duplicate Claims are disallowed.

8. Finally, I understand that to the extent a Duplicate Remaining Claim is not otherwise further amended or replaced by a proof of claim later filed by the Claimant, or subject to an objection set forth herein or subsequently filed by the Debtors or another party in interest, such Duplicate Remaining Claim ultimately shall be deemed asserted against the Debtor in the case in which it was filed.

II. **Amended and Superseded Claims**

9. To the best of my knowledge, information and belief, I have determined that the Superseding Remaining Claims listed on **Exhibits B-1** through **B-2** to the Proposed Order under the heading labeled "Remaining Claim" appear to amend and supersede the Amended and Superseded Claims.

10. Furthermore, I understand that for each Amended and Superseded Claim, the Debtors have identified a Superseding Remaining Claim that will remain on the Claims Register if the Court grants the Objection under the heading labeled "Remaining Claim."

11. I believe that the Claimants holding Amended and Superseded Claims will not be prejudiced by having their respective Amended and Superseded Claim disallowed because their Superseding Remaining Claims—asserting the same liability in a different amount or different

K&E 16188693.1

priority against the same Debtor—will remain on the Claims Register after the corresponding Amended and Superseded Claims are disallowed.

12. Finally, I understand that to the extent a Superseding Remaining Claim is not otherwise further amended or replaced by a proof of claim later filed by the Claimant, or subject to an objection set forth herein or subsequently filed by the Debtors or another party in interest, such Superseding Remaining Claim ultimately shall be deemed asserted against the Debtor in the case in which it was filed.

### III. Wrong Case Claims

13. To the best of my knowledge, information and belief, I have determined that the Claims listed on **Exhibits C-1** through **C-3** to the Proposed Order (the "Wrong Case Claims") are Claims that are (a) filed against a Debtor that has no liability for the Claims asserted, according to the Debtors' Books and Records and (b) are properly asserted against a different Debtor.

### CONCLUSION

14. Based upon my review of the Claims Register, the Debtors' books and records and the Debtors' schedules of assets and liabilities, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2010                    Respectfully Submitted,

                                           _____
                                           John Boken

4

K&E 16188693.1