**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' TWELFTH
OMNIBUS OBJECTION TO CERTAIN (A) CLAIMS REQUIRING ADJUSTMENT,
(B) CLAIMS TO BE RECLASSIFIED AND (C) NO LIABILITY CLAIMS
(SUBSTANTIVE)**

I, John Boken, hereby declare (this "Declaration") that the following is true to the best of my knowledge, information and belief:

1. My name is John Boken. I am over the age of 18 and competent to testify and make this Declaration. I am serving as the Chief Restructuring Officer of Flying J Inc. ("Flying J"), a corporation organized under the laws of the State of Utah and a debtor and debtor in possession in the above-captioned chapter 11 cases of Flying J and certain of its affiliates (collectively, the "Debtors"). On April 3, 2009, the Court entered an order approving the services agreement between and among Zolfo Cooper Management, LLC ("Zolfo Cooper"), me and Flying J.[2]

2. Through my role as Chief Restructuring Officer to the Debtors, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226) and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

[2] See *Order Approving the Services Agreement between the Debtors, Zolfo Cooper Management, LLC and John R. Boken Nunc Pro Tunc to January 5, 2009* [Docket No. 921].

K&E 16188716.1

records.  I submit this Declaration in support of the *Debtors' Twelfth Omnibus Objection to Certain (A) Claims Requiring Adjustment, (B) Claims To Be Reclassified and (C) No Liability Claims (Substantive)* (the "Objection") [Docket No. TBD].[3]  I make this Declaration on the basis of my review or the review of the individuals working at my direction of the Debtors' books and records, schedules of assets and liabilities and the register of claims (the "Claims Register") prepared and provided by the Debtors' claims and balloting agent, Epiq Bankruptcy Solutions, LLC.

3. Considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim (the "Proofs of Claim") filed against the Debtors in these chapter 11 cases.

4. I oversaw those involved in the process of reviewing and reconciling the claims filed against the Debtors (the "Claims"), as well as in the preparation of the Objection.  In this regard, I:  (a) oversaw the review of (i) the Claims Register, by which those under my supervision identified Claims that should be allowed, disallowed or reclassified and (ii) the Debtors' books and records with respect to the Claims described in the Objection; (b) conferred with the Debtors' employees and Zolfo Cooper professionals having knowledge relevant to understanding the validity of the Claims; (c) approved the inclusion of the Claims in the Objection; (d) reviewed the Objection and the proposed order attached thereto as **Exhibit 1** (the "Proposed Order"); and (e) reviewed and approved the information contained in the exhibits attached to the Proposed Order and the justifications set forth therein.  Accordingly, I am familiar with the information contained in **Exhibits A-1** through **C-4** to the Proposed Order (the "Exhibits").

---

[3] Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

**The Disallowed Claims**

I. **Claims To Be Adjusted**

5. To the best of my knowledge, information and belief, I have determined that the Claims listed on **Exhibits A-1** through **A-4** to the Proposed Order (the "Claims To Be Adjusted") are overstated for the reasons set forth on such Exhibits. As more fully and specifically set forth in such Exhibits, certain of the Claims To Be Adjusted:

(a) assert amounts for which another Debtor is exclusively liable and for which a proof of claim has already been filed by the claimant for such amounts against such other Debtor;

(b) have been filed by unsecured creditors and assert amounts on account of postpetition late fees, penalties or financing charges arising solely from the Debtors' inability to pay prepetition debts as a result of their chapter 11 cases;

(c) assert amounts for which non-Debtor entities are exclusively liable;

(d) assert amounts for postpetition goods and services that have already been paid by the Debtors in the ordinary course of business;

(e) assert amounts that were paid prepetition by the Debtors in the ordinary course of business;

(f) assert amounts resulting from overcharges by claimants for which the Debtors are not liable;

(g) attach documentation that supports a lesser amount than the face amount of the Claims To Be Adjusted;

(h) fail to attach sufficient documentation to constitute *prima facie* validity that a liability is owing against the Debtors;[4] or

(i) assert amounts that exceed the Debtors' liabilities to certain claimants for those additional reasons set forth in **Exhibits A-1** through **A-4** to the Proposed Order.

---

[4] With respect to this category of claims, the Debtors are seeking to disallow only those claims that both: (a) fail to provide sufficient documentation; and (b) the Debtors' books and records indicate do not give rise to a right to payment against any of the Debtors.

3

**II.    Claims To Be Reclassified**

6. To the best of my knowledge, information and belief, I have determined that each of the Claims listed on **Exhibits B-1** through **B-2** to the Proposed Order (the "Claims To Be Reclassified):

(a) asserts an unsupported secured classification not entitled to secured status in whole or in part under section 506 of the Bankruptcy Code;

(b) asserts an unsupported priority classification not entitled to priority status in whole or in part under any subsection of section 507 of the Bankruptcy Code; or

(c) asserts an unsupported administrative expense classification pursuant to section 503 of the Bankruptcy Code.

7. To the best of my knowledge, information and belief, the Claims To Be Reclassified, as indicated in the column titled "Reason for Reclassification" on **Exhibits B-1** through **B-2** to the Proposed Order, are inaccurate with respect to the secured, priority or administrative expense status asserted and, as such, should be reclassified in the manner indicated on such Exhibits.

8. To the best of my knowledge, information and belief, failure to modify the secured, priority or administrative expense status of the Claims To Be Reclassified could result in the relevant Claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly-situated creditors. Accordingly, the Debtors request entry of an order modifying the secured, priority or administrative expense status of each of the Claims To Be Reclassified to the status stated in the column titled "Proposed Reclassification" on **Exhibits B-1** through **B-2** to the Proposed Order.

**III.    No Liability Claims**

9. To the best of my knowledge, information and belief, I have determined that, pursuant to section 502(b)(1) of the Bankruptcy Code, the Claims listed on **Exhibits C-1** through

**C-4** to the Proposed Order (the "No Liability Claims") are not enforceable against the Debtors or their property under any agreement or applicable law for the reasons set forth in such Exhibits. As more fully and specifically set forth in such Exhibits, certain of the No Liability Claims:

(a) assert amounts for which non-Debtor entities are exclusively liable;

(b) fail to attach sufficient documentation to constitute *prima facie* validity that a liability is owing against the Debtors;[5] or

(c) assert amounts for which the Debtors are not liable for those additional reasons set forth in **Exhibits C-1** through **C-4** to the Proposed Order.

10. Based upon my review or the review of those working at my direction of the Claims Register, the Debtors' books and records and the Debtors' schedules of assets and liabilities, I believe that granting the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2010                     Respectfully Submitted,

*[signature]*
John Boken

---

[5] With respect to this category of claims, the Debtors are seeking to disallow only those claims that both: (a) fail to provide sufficient documentation; and (b) the Debtors' books and records indicate do not give rise to a right to payment against any of the Debtors.

5
K&E 16188716.1