# EXHIBIT A

## Bidding Procedures Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | **Ref. Docket No.: [____]** |

ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS AND (B) APPROVING THE FORM AND MANNER OF NOTICES THEREOF

Upon the motion, dated February 2, 2010 (the "Motion"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing and approving the Bidding Procedures, (ii) approving the payment of the Break-Up Fee on the terms set forth in the Purchase Agreement, (iii) scheduling an Auction and Sale Hearing in connection with the sale of the Acquired Assets and (iv) approving the form and manner of notices of the Auction and the Sale Hearing, all as more fully set forth in the Motion; the Court having reviewed the Motion and conducted a hearing to consider the relief requested therein (the "Bidding Procedures Hearing"); the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate and sufficient notice under the circumstances of the Motion and the opportunity for a hearing on the Motion, and that no other or further notice is required; the Court having heard the statements in support

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608), Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is 1104 Country Hills Drive, Ogden, UT 84403.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

of the relief requested in the Motion at the Bidding Procedures Hearing; and the Court having considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing;

**THE COURT HEREBY FINDS THAT:**[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 503 and 507 of the Bankruptcy Code, (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007 and 9014 and (iii) Rule 6004-1 of the United States Bankruptcy Court District of Delaware Local Rules (the "Local Rules").

C. The Debtors have offered good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting the relief requested in the Motion, including approval of (i) the Bidding Procedures, attached hereto as Annex 1, (ii) the Break-Up Fee on the terms set forth in this Order, (iii) the procedures described below for the determination of the amounts necessary to cure defaults under the Assigned Contracts (the "Cure Amounts") so as to permit the assumption and assignment under section 365 of the Bankruptcy Code of the Assigned Contracts, and (iv) the form and manner of notice of the Auction and Sale Hearing described in the Motion.

D. Notice of the Motion has been provided by electronic mail or facsimile and by overnight mail to:

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

1. all parties entitled to receive notice as of the date hereof pursuant to Bankruptcy Rule 2002(a)(2);

2. the Office of the United States Trustee for the District of Delaware;

3. counsel for the Creditors' Committee;

4. counsel for the agents for the Debtors' prepetition secured and unsecured lenders;

5. counsel for the agents for the Debtors’ prepetition secured and unsecured lenders;

6. counsel for the Buyer;

7. counsel for the Guarantor;

8. the California Regional Water Quality Control Board;

9. the United States Environmental Protection Agency;

10. Equilon Enterprises LLC (d/b/a Shell Oil Products US) and Motiva Enterprises LLC;

11. California Environmental Protection Agency; (l) California State Treasury Department;

12. United States Internal Revenue Service; and

13. all persons known or reasonably believed to have expressed an interest in acquiring the Acquired Assets.

E. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling an Auction and a subsequent Sale Hearing to consider approval of the sale of the Acquired Assets free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code and the assumption and assignment of any executory contracts and unexpired leases contemplated by a Successful Bid pursuant to section 365 of the Bankruptcy Code.

F. The Break-Up Fee to be paid to the Paramount Petroleum Corporation (the "Buyer") under the circumstances described herein and in the Purchase Agreement: (i) is an actual and necessary cost and expense of preserving the Debtors' estates and an allowed

administrative expense claim within the meaning of sections 503 and 507(b) of the Bankruptcy Code; (ii) is commensurate with the real and substantial benefits conferred upon the Debtors' estates by the Buyer; (iii) is reasonable and appropriate, including in light of the size and nature of the transaction and the efforts that have been or will be expended by the Buyer notwithstanding that the proposed transaction may be subject to higher or otherwise better offers for the Acquired Assets; (iv) was negotiated by the parties at arm's length and in good faith; (v) is necessary to ensure that the Buyer will proceed with its proposed acquisition of the Acquired Assets.

F. The Bidding Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

G. The Sale Notice, substantially in the form attached to the Motion as Exhibit E and incorporated herein by reference as if fully set forth in this Order, is reasonably calculated to (i) provide all interested parties with timely and proper notice of the Sale, the Sale Hearing and the Auction and (ii) provide all counterparties to the Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract(s) or unexpired lease(s) and any Cure Amounts relating thereto; and it is therefore

**ORDERED THAT:**

1. The Motion is GRANTED.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled.

3. The Bidding Procedures are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Acquired Assets. The

Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

4. The deadline for submitting a Qualified Bid shall be March 16, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline").

5. The Purchase Agreement shall be deemed a Qualified Bid, and the Buyer shall be deemed a Qualified Bidder, for all purposes and requirements of the Bidding Procedures.

6. If the Debtors do not receive any Qualified Bids other than the Purchase Agreement, the Debtors will not hold an auction, the Purchase Agreement shall be the Successful Bid and the Buyer shall be named the Successful Bidder.

7. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Acquired Assets.

7. If the Debtors receive at least one Qualified Bid other than the Purchase Agreement by the Bid Deadline, the Debtors shall conduct the Auction on March 19, 2010 at 9:00 a.m. (prevailing Eastern Time) at Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or such other place, date and time as may be designated in writing by the Debtors.

8. The Court shall convene the Sale Hearing on March 23, 2010 at 11:30 a.m. (prevailing Eastern Time) or at such time thereafter as counsel may be heard, at which time the Court will consider approval of the Sale to the Successful Bidder. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of said adjournment at the Sale Hearing.

9. Objections, if any, to approval of the Sale, including the sale of the Acquired Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, must: (a) be in writing and filed with the Court; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; and (c) be served upon so as to be received on or before March 26, 2010 at 4:00 p.m. (prevailing Eastern Time) by the following parties (the "Objection Notice Parties"):

(a) Flying J Inc., 1104 Country Hills Drive, Ogden, UT 84403; Attn.: General Counsel;

(b) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60601-6636; Attn.: Adam C. Paul, Richard J. Campbell;

(c) Deutsche Bank Securities Inc., 60 Wall Street, 45th Floor, New York, NY 10005; Attn: Peter Bennett

(d) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building 1000 West Street, Wilmington, Delaware 19801; Attn.: Pauline K. Morgan;

(e) Pachulski Stang Ziehl & Jones LLP, 150 California Street San Francisco, California 94111; Attn.: Debra Grassgreen;

(f) Stevens & Lee, P.C., 1105 North Market Street, Wilmington, Delaware 19801; Attn.: John D. Demmy;

(g) Alon USA Energy, Inc., 7616 LBJ Freeway, Suite 300, Dallas, TX 75251, Attn: Harlin R. Dean;

(h) The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: T. Patrick Tinker; and

(i) Any other parties who have timely filed requests for notice under Bankruptcy Rule 2002 or who are entitled to notice under any case management procedures order, if any, entered in these chapter 11 cases prior to the mailing deadline.

10. The Sale Notice (a) is hereby approved; and (b) shall be served within five business days of entry of this Order, upon the following entities (collectively, the "Notice Parties"):

(a) all parties entitled to receive notice as of the date hereof pursuant to Bankruptcy Rule 2002(a)(2);

(b) all parties known to the Debtors who have an interest in or rights to the Acquired Assets;

(c) all entities who have recorded in the public record any lien, interest or encumbrance in or upon the Acquired Assets;

(d) all parties to the Debtors' executory contracts, unexpired leases and real property easements as and when identified that will be assumed and/or assigned in connection with the Sale;

(e) the Office of the United States Trustee for the District of Delaware;

(f) applicable federal, state and local governmental authorities or units thereof;

(g) all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service;

(h) counsel for the Creditors' Committee;

(i) counsel for the agents for the Debtors' prepetition secured and unsecured lenders;

(j) all persons known or reasonably believed to have expressed an interest in acquiring the Acquired Assets;

(k) counsel for the Buyer; and

(l) counsel for the Guarantor.

10. The Sale Notice shall, among other things: (a) identify the potential Assigned Contracts; (b) specify the Cure Amounts; and (c) state that failure to timely object to the proposed assumption and assignment and the Cure Amount shall constitute deemed consent to such assumption and assignment and Cure Amount.

11. Any counterparty to an Assigned Contract that wishes to obtain adequate assurance information regarding bidders that will or may participate at the Auction must notify the Debtors by writing to (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: Jeffrey W. Gettleman, Esq. or (b) Deutsche Bank Securities Inc., 60 Wall Street, 45th Floor, New York, NY 10005; Attn: Peter Benett (peter.bennett@db.com), on or before March 9, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Request for Adequate Assurance").

The Request for Adequate Assurance must include an e-mail and/or address to which a response to such information request can be sent.

12. If a counterparty to an Assigned Contract does not (a) properly object to the applicable Cure Amounts, (b) timely submit a Request for Adequate Assurance and/or submit a Request for Adequate Assurance in accordance with the Sale Notice, (c) set forth a specific default in any Assigned Contract, or (d) claim a specific monetary amount that differs from the amount (if any) specified by the Debtors in the Sale Notice, the Court shall enter an order deeming the amount set forth in the Sale Notice to be the actual Cure Amount payable under section 365 of the Bankruptcy Code and forever barring such counterparty from objecting to the Cure Amounts and from asserting any additional cure or other amounts against the Debtors, their estates, and the Qualified Bidders (including the Buyer) with respect to its Assigned Contract.

13. If a counterparty to an Assigned Contract timely submits a Request for Adequate Assurance, the Debtors shall serve such counterparty with any non-confidential information relating to adequate assurance received by the Debtors as provided in the Bidding Procedures by electronic mail and/or overnight delivery on or before March 12, 2010. A counterparty to an Assigned Contract that timely submits a Request for Adequate Assurance shall have until 4:00 p.m. (prevailing Eastern Time) on March 16, 2010 by which to file an objection to adequate assurance of future performance by bidders.

14. If a counterparty to an Assigned Contract does not timely submit a Request for Adequate Assurance and does not timely object to adequate assurance of future performance by the bidders on or before March 16, 2010 (the "Cure Objection Deadline"), the Court may enter an order forever barring such counterparty from objecting to adequate assurance of future performance.

15. Except as may otherwise be agreed to by the parties to an Assigned Contract, at or prior to the Closing of the Sale, the Buyer and the Debtors shall each pay their share, as set forth in the Purchase Agreement, in curing those defaults under the Assigned Contracts that need to be cured in accordance with section 365(b) of the Bankruptcy Code, by (a) payment of the undisputed Cure Amounts, and/or (b) reserving amounts with respect to the disputed Cure Amounts.

16. Objections, if any, to the proposed assumption and assignment of the Assigned Contracts, including, but not limited to, objections relating to the Cure Amount and/or adequate assurances of future performance, must (a) be in writing, (b) state with specificity the nature of such objection and the alleged Cure Amount (with appropriate documentation in support thereof), (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules of this Court and (d) be served upon so as to be received on or before the Cure Objection Deadline by the Objection Notice Parties.

17. Where a party to an Assigned Contract files a timely objection asserting a higher cure amount than the Cure Amount and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, subject to the Successful Bidder's consent to such resolution, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such later date and time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assigned Contracts will be heard at the Sale Hearing.

18. The Debtors are authorized and directed to pay to the Buyer in accordance with the Purchase Agreement, without further order of the Court, the Break-Up Fee in the event that such Break-Up Fee is payable under the terms of the Purchase Agreement. The Debtors'

obligation to pay the Break-Up Fee, as provided by the Purchase Agreement, shall survive termination of the Purchase Agreement and, until paid in accordance with the Purchase Agreement, shall constitute an allowed administrative expense claim in favor of the Purchase in accordance with sections 503 and 507(b) of the Bankruptcy Code.

19. The Debtors shall publish the Publication Notice, substantially in the form attached to the Motion as Exhibit F, in the National Edition of *The Wall Street Journal*, the *Bakersfield Californian* and such other publication(s) as the Debtors and their advisors determine will promote the marketing and sale of the Acquired Assets to other interested parties whose identities are unknown to the Debtors within five business days after entry of this Order.

20. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _______________, 2010
Wilmington, Delaware

_______________________________________
The Honorable Mary F. Walrath
United States Bankruptcy Judge