# <u>EXHIBIT B</u>

## Sale Order

**SALE ORDER**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | **Related to Docket No.: [XXXX]** |

**ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF BIG WEST OF CALIFORNIA, LLC, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS EXCEPT FOR CERTAIN ASSUMED LIABILITIES; (B) AUTHORIZING AND APPROVING THE DEBTORS' ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

Upon the motion dated [DATE] (the "Sale Motion")[2] of Big West of California, LLC (the "Seller"), and its affiliated debtors (collectively, the "Debtors"), as debtors and debtors in possession, for entry of an order, under sections 105, 363 and 365 of title 11, United States Code 11 U.S.C. §§ 101, et seq., (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (a) authorizing and approving that certain Asset

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is 1104 Country Hills Drive, Ogden, UT 84403.

2 Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the APA (as defined below).

Purchase Agreement and any related agreements thereto (collectively, the "APA")[3] by and among the Seller, Paramount Petroleum Corporation (the "Buyer") and Alon USA Energy, Inc., (b) authorizing and approving (i) the sale of the Acquired Assets pursuant to the APA, (ii) the assumption of certain liabilities by the Purchaser (the "Assumed Liabilities") as set forth in the APA and the other Purchase Agreements, and (iii) the assumption and assignment by the Seller to the Buyer of the Assigned Contracts (the transactions contemplated by this clause (b), the "Sale") and (c) granting related relief; this Court having entered an order dated [DATE] (the "Bidding Procedures Order"), approving, among other things, certain bid procedures (the "Bid Procedures") in connection with the Sale; at the conclusion of the auction process, the Debtors having determined that the Buyer submitted the highest or otherwise best offer for the Acquired Assets; the Court having reviewed the Sale Motion and all pleadings and other papers filed with the Court relating thereto and having considered the statements of counsel with respect to the Sale Motion at the final hearing in connection with the sale of the Acquired Assets (the "Sale Hearing"); adequate and sufficient notice of the Bid Procedures, the Sale Motion, the APA and all transactions contemplated thereunder and in this Sale Order having been given in the manner directed by the Court in the Bidding Procedures Order; all parties in interest having been heard, or having had the opportunity to be heard, regarding the matters raised in the Sale Motion and relief related thereto; it appearing from the affidavits of service and the affidavits of publication heretofore filed with the Court and from the record that due and sufficient notice of the Sale Motion, the Sale Hearing and the relief sought in connection therewith have been provided to all parties in interest; it further appearing that no other or further notice hereof is required; and it

3 Copies of the APA and the related agreements are annexed to the Sale Motion as Exhibits F through H thereto.

appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, creditors and other parties in interest; and it further appearing that there is good cause to waive the ten-day stay imposed by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); upon the record of the Sale Hearing, including, without limitation, the decision of the Court to approve the Sale Motion; and after due deliberation and good and sufficient cause appearing therefor, this Court hereby makes the following findings of fact and conclusions of law.[4]

## FINDINGS OF FACT

**THE COURT HEREBY FINDS THAT**:

### Jurisdiction, Final Order and Statutory Predicates

(a) This Court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested therein, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (K), (N) and (O). Venue of the Debtors' chapter 11 cases and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409(a).

(b) This Court entered the Bidding Procedures Order on [DATE] [Docket No. XXXX], under which, among other things, this Court approved certain Bid Procedures and notice procedures for the Sale Hearing. The Bidding Procedures Order has become a final and non-appealable order and remains in full force and effect.

(c) This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

---

[4] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Sale Order to the extent not inconsistent herewith.

(d) The statutory predicates for the relief sought in the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014 and Rule 6004-1 of the Local Rules.

(e) The Acquired Assets constitute property of the Seller's estate and title thereto is vested in the Seller's estate within the meaning of section 541(a) of the Bankruptcy Code.

<u>Corporate Authority; Consents and Approvals</u>

(f) The Seller has full corporate or partnership, as applicable, power and authority to execute and deliver the APA, each such agreement to which it is a party and all other documents contemplated thereby and to consummate the Sale. The Sale has been duly and validly authorized by all necessary corporate or partnership, as applicable, actions of the Seller and any applicable affiliate. No consents or approvals other than the authorization and approval of this Court or those that have previously been obtained are required for the Seller to consummate the Sale.

<u>Notice of the Sale Motion</u>

(g) As evidenced by the affidavits of service previously filed with this Court and the record herein and based on representations of counsel at the Sale Hearing (i) due, proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale Hearing, and the Sale, including, without limitation, the assumption and assignment of the Assigned Contracts and the assignment of real property easements and the Assumed Liabilities has been provided in accordance with Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014, Local Rule 6004-1 and in compliance with the Bidding Procedures Order, (ii) such notice was good and sufficient, and appropriate under the circumstances, and (iii) no other or further notice shall be required.

(h) A reasonable opportunity to object or be heard with respect to the Sale Motion, the Sale Hearing and the Sale has been afforded to all interested persons and entities, including, among others:

(i) all parties entitled to receive notice as of the date hereof pursuant to Bankruptcy Rule 2002(a)(2);

(ii) all entities who have recorded in the public record any lien, interest or encumbrance in or upon the Acquired Assets;

(iii) all parties to the Debtors' executory contracts, unexpired leases and real property easements as and when identified that will be assumed and/or assigned in connection with the Sale;

(iv) the Office of the United States Trustee for the District of Delaware;

(v) applicable federal, state and local governmental authorities or units thereof;

(vi) all taxing authorities having jurisdiction over any of the Acquired Assets, including the Internal Revenue Service;

(vii) counsel for the Creditors' Committee;

(viii) counsel for the agents for the Debtors' prepetition secured and unsecured lenders;

(ix) counsel for Paramount Petroleum Corporation; and

(x) Paramount Petroleum Corporation.

(i) The Debtors caused a notice of the Sale Hearing to be published in the national edition of *The Wall Street Journal* on [DATE], [*The Bakersfield Californian*] on [DATE] and such other publication(s) as the Debtors and their advisors determined would promote the marketing and sale of the Acquired Assets to other interested parties whose identities are unknown to the Debtors. The Debtors provided due and proper notice of the Sale, the assumption of the Assumed Liabilities and assumption and assignment of each of the Assigned Contracts (and related Cure Amounts, if any) by notice filed on [DATE] [Docket No. XXXX], to each non-debtor party to such Assigned Contracts.

<u>Auction Process</u>

(j) The Debtors and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order. As demonstrated by (a) the testimony and other evidence proffered or adduced at the Sale Hearing and (b) the representations of counsel made on the record at the Sale Hearing, through the marketing efforts and competitive sale process conducted in accordance with the Bidding Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Acquired Assets, and (ii) provided potential purchasers, via the distribution of information packages as specified in the Sale Motion, sufficient information to enable them to make an informed judgment on whether to bid on the Acquired Assets.

(k) The Buyer is the successful bidder for the Acquired Assets in accordance with the Bidding Procedures Order. The Bid Procedures obtained the highest or otherwise best value for the Acquired Assets for the benefit of the Debtors, their estates, creditors and other parties in interest.

<u>Sound Business Purpose</u>

(l) Good and sufficient reasons for approval of the APA and the Sale have been demonstrated and articulated in the record. The relief requested in the

Sale Motion is within the reasonable business judgment of the Debtors, and is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

(m) The Debtors have demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the entry into the APA and the consummation of the Sale pursuant to section 363(b) of the Bankruptcy Code.

Good Faith of the Buyer

(n) The negotiations between the Buyer and the Seller regarding the APA as well as the Bid Procedures set forth in the Bidding Procedures Order, were non-collusive, in good faith, and substantively and procedurally fair to all parties. The Seller and the Buyer thoroughly negotiated the terms and conditions of the APA in good faith and at arm's length, and the Buyer has entered into the APA in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, therefore, is entitled to the protections and immunities afforded thereby. Neither the Debtors nor the Buyer have engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the Bankruptcy Code to the APA, or to otherwise prevent the consummation of the Sale. In the absence of a stay pending appeal, the Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions set forth in the APA at any time after the entry of this Sale Order. The Buyer is not an "insider" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code.

Highest or Otherwise Best Offer; Fair and Reasonable Consideration

(o) The offer of the Buyer, upon the terms and conditions set forth in the APA, including, without limitation, the form and total consideration to be realized by the Seller pursuant to the APA, (i) is the highest or otherwise best offer received by the Seller and its affiliates with respect to the Acquired Assets, (ii) is fair and reasonable, (iii) is in the best interests of the Debtors, their creditors and the estates, and (iv) constitutes full, fair and adequate consideration and reasonably equivalent value for the Acquired Assets under the Bankruptcy Code and the laws of the United States, any state, territory, possession or the District of Columbia. The Seller's decision to enter into the APA and the Seller's determination that the APA constitutes the highest and best offer for the Acquired Assets constitute a valid and sound exercise of the Seller's business judgment.

Validity and Free and Clear Nature of Transfers

(p) The transfer of the Acquired Assets together with the Assumed Liabilities and subject to the Permitted Liens to the Buyer pursuant to the APA is a legal, valid, and an effective transfer of good and marketable title of such property and vests,

or will vest, the Buyer with all of the Seller's right, title, and interest in the Acquired Assets as of the Closing Date, free and clear of all liens, claims, encumbrances and interests of any kind or nature, other than Permitted Liens and the Assumed Liabilities, because one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Holders of liens, claims, encumbrances and interests of any kind or nature whatsoever in the Acquired Assets, other than the Assumed Liabilities and Permitted Liens, will have such liens, claims, encumbrances and interests attach to the proceeds of the Sale, whenever and however paid (including by release of funds from escrows created under the APA) (the "Sale Proceeds") in the same order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets or their proceeds.

(q) The Buyer would not have entered into the APA and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors, their estates, and their creditors, if either (i) the Sale, including, without limitation, the assignment of the Assigned Contracts to the Buyer**,** was not free and clear of interests, liens, claims and encumbrances of any kind or nature whatsoever, except those expressly assumed by the Buyer in the APA (including the Permitted Liens and Assumed Liabilities), or (ii) the Buyer would, or in the future could, be liable for any of such interests, liens, claims and encumbrances, including, but not limited to, rights of setoff and any claims against the Buyer based upon successor or vicarious liability or otherwise.

(r) The Seller may sell the Acquired Assets free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, except as otherwise provided in the APA, because, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Those non-Debtor parties with interests in the Acquired Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to the Sale pursuant to sections 363(f)(2) and 365 of the Bankruptcy Code. Those non-Debtor parties with interests in the Acquired Assets who did object fall within one or more of the other subsections of 363(f) and 365 of the Bankruptcy Code. Accordingly, all persons having such liens, claims, encumbrances and interests of any kind or nature whatsoever against or in any of the Acquired Assets, other than the Assumed Liabilities and Permitted Liens, shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and interests against the Acquired Assets, the Buyer or any of its assets, property, successors or assigns, and all persons having such liens, claims, encumbrances and interests of any kind or nature constituting Assumed Liabilities shall be forever barred, stopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances and interests against the Debtors.

(s) The transfers contemplated by the APA do not and shall not subject the Buyer to any liability for claims against the Debtors by reason of such transfers under the laws of the United States, any state, territory or possession thereof, including

claims relating to the operation of the Debtors' businesses before the Closing Date, except as specifically provided in the APA.

(t) The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Seller may sell the Acquired Assets free and clear of any interest in the Acquired Assets other than the Assumed Liabilities and Permitted Liens under the APA.

Assumed Liabilities and Assigned Contracts

(u) The Debtors have demonstrated that the Sale, including the assumption and assignment of the Assigned Contracts, is an exercise of their sound business judgment and is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

(v) The Seller may assume each Assigned Contract and assign each of them to the Buyer or its designee pursuant to sections 363 and 365 of the Bankruptcy Code and this Sale Order notwithstanding any anti-assignment clause or other similar provision in the Assigned Contract or any legal restriction applicable thereto, as provided by the Bankruptcy Code, including, without limitation, sections 105, 363 and 365(f) thereof. The assumption and assignment of the Assigned Contracts is in the best interest of the Seller and its estate, creditors and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Seller.

(w) The Debtors have complied with the provisions of the Bidding Procedures Order regarding the Sale, including, without limitation, notice upon the counterparties to the Assigned Contracts of the proposed assumption and assignment and the related amounts required to cure defaults thereunder (the "Cure Amounts"). Such notice was sufficient to provide all such parties an opportunity to object. All parties that have not objected to the Sale, including, without limitation, the transfer and assignment of the Acquired Assets, the Assumed Liabilities and the Assigned Contracts to the Buyer, are deemed to consent to such transfer and assignment and to the corresponding Cure Amounts listed on the schedule of Assigned Contracts annexed as Exhibit 1 to the *Notice of (A) Bid Deadline, Auction and Sale Hearing in Connection with the Sale of Substantially All of the Assets of Big West of California, LLC and (B) the Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale* [Docket No. XXXX] (the "Assumption and Assignment Notice").

(x) As of the Closing Date, each of the Assigned Contracts will be in full force and effect and enforceable by the Buyer against any non-Debtor party thereto in accordance with its terms.

(y) The Seller shall be authorized to consummate the Sale notwithstanding any objection related to disputed Cure Amounts.

(z) The Buyer and the Debtors have provided evidence of adequate assurance of future performance by the Buyer under the Assigned Contracts. The Buyer has demonstrated that it has the financial wherewithal to fully perform and satisfy the obligations under the Assigned Contracts as required by sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

(aa) The Buyer (i) has cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assigned Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(B).

(bb) The Cure Amounts, if any, set forth in the Assumption and Assignment Notice with respect to each Assigned Contract are the sole amounts necessary under sections 365(b)(l)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts. In accordance with the method set forth in the APA, the Buyer or the Seller, or both shall pay the Cure Amounts for each of the Assigned Contracts.

(cc) The Buyer is assuming only the Assumed Liabilities, as defined and set forth in the APA, and is not assuming any other obligations or liabilities.

(dd) [Notwithstanding anything to the contrary herein, the Seller shall not assume and assign any contract, license, permit or easement to which the United States is a party, nor shall the APA effect any purported transfer thereof, unless and until the United States consents to the assignment. All rights of recoupment and setoff, if any, of the United States are unaffected by this Order and are fully preserved.][5]

Waiver of Ten Day Stay

(ee) Time is of the essence in consummating the Sale. In order to maximize the value of the Acquired Assets, it is essential that the Sale occur promptly. Accordingly, there is cause to waive the stays contemplated by Bankruptcy Rules 6004 and 6006.

## CONCLUSIONS OF LAW

5 To be discussed.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

## General Provisions

To the extent any conclusion of law set forth below herein constitutes a finding of fact, this Court so finds:

1. The Sale Motion is GRANTED.

2. Any objections to the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled, are denied and overruled on the merits with prejudice.

3. The terms and provisions of this Sale Order shall be binding in all respects upon the Debtors and their estates, creditors, officers, directors, advisors, members, managers and shareholders and all other interested parties, and their respective successors and assigns, including, but not limited to, all non-Debtor parties asserting any liens, claims, encumbrances and interests in or against the Debtors, their estates or the Acquired Assets.

## Approval of the APA

4. The APA (including, without limitation, all of the related documents, exhibits, schedules, lists and agreements), all of the terms and conditions thereof and the transactions contemplated thereby are hereby approved in their entirety.

5. The Sale to the Buyer is approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and the Debtors and the Buyer and their affiliates, officers, directors, employees and agents are authorized and directed to immediately take such actions as are necessary to consummate and implement the APA. The terms and conditions of the APA are hereby approved in all respects.

6. The Debtors, as well as their affiliates, officers, directors, employees and agents, are authorized and directed to execute and deliver the APA, together with all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the APA and effectuate the provisions of this Sale Order and the transactions approved hereby, all without further order of the Court. Additionally, pursuant to section 363(b) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to fully assume, perform under, consummate, and implement the APA, together with such additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may reasonably be requested by the Buyer for the purpose of selling, assigning, transferring, granting, conveying, conferring and delivering to the Buyer, or transferring to the Buyer's possession, any or all of the Acquired Assets, or as may be necessary or appropriate to the performance of the obligations, and make effective the transactions contemplated by the APA, all without further order of this Court.

## Transfer of the Acquired Assets

7. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Seller is authorized to transfer the Acquired Assets in accordance with the terms of the APA. The transfer of the Acquired Assets and Assumed Liabilities to the Buyer pursuant to the APA shall (a) be a legal, valid, binding and effective transfer of good and marketable title of the Acquired Assets, (b)vest the Buyer with all right, title, and interest to the Acquired Assets and (c) be free and clear of all liens, claims, encumbrances and interests whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, and whether imposed by agreement, law, equity or otherwise, other than the Assumed Liabilities and Permitted Liens. All holders of liens, claims, encumbrances and interests of any kind or nature whatsoever in the Acquired Assets, other than liens, claims, encumbrances or interests constituting Assumed Liabilities or Permitted Liens, shall have such liens, claims, encumbrances and interests attach to the Sale Proceeds in the same order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets or their proceeds.

8. On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets or a bill of sale transferring good and marketable title of the Acquired Assets to the Buyer. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments presented by the Seller or the Buyer that are necessary or appropriate to consummate the Sale.

9. Except for the Assumed Liabilities and Permitted Liens, all persons and entities holding liens, claims, encumbrances and interests of any kind and nature with respect to the Acquired Assets, including, without limitation, any rights of setoff and any claims against the Buyer based upon successor or vicarious liability, are hereby barred, estopped, and permanently enjoined from asserting such liens, claims, encumbrances and interests against or in the Buyer or any of its affiliates, stockholders, members, managers, partners, parent entities, successors, assigns, officers, directors, employees, agents, advisors, attorneys or other representatives, or the Acquired Assets.

10. Except for the Assumed Liabilities and Permitted Liens, the Buyer shall have no liability or responsibility for any liabilities or other obligations of the Debtors arising under or related to the Acquired Assets. Without limiting the generality of the foregoing, except for the Assumed Liabilities and Permitted Liens, the Buyer shall not be liable for: (i) any fixed, unliquidated or contingent claims against the Debtors or any of their predecessors or affiliates, whether based upon successor or vicarious liability or otherwise, and whether any of such claims or liabilities are known or unknown as of the Closing Date; (ii) any violation or alleged violation of any environmental laws; or (iii) liabilities under any pension, ERISA, tax (including sales or use tax), employment, labor, employment or antidiscrimination laws or regulations, any products liability law, or any other liability related to the Debtors or the Excluded Assets. In furtherance of the foregoing, the transactions contemplated by the APA do not amount to a consolidation, merger, or *de facto* merger of the Buyer and the Seller or the Seller's estates, there is not substantial continuity between the Buyer and the Seller, there is no substantial continuity between the Buyer and Seller, the Buyer is not a mere continuation of the Seller or its estate and the Buyer does not constitute a successor to the Seller or its estate and thus the Buyer

shall not be liable for liabilities of the Seller or its estate by operation of successor or vicarious liability or otherwise.

11. This Sale Order (a) shall be effective as a determination that, except for the Assumed Liabilities and Permitted Liens, at the Closing Date, all liens, claims, encumbrances and interests of any kind or nature whatsoever with respect to the Acquired Assets have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets.

12. On and after the Closing Date, the Seller's creditors and any other holder of liens, claims, encumbrances and interests are authorized and directed (at the sole expense of the Buyer) to execute such documents and take all other actions as may be reasonably necessary to release its liens, claims, encumbrances and interests in or against the Acquired Assets, as such liens, claims, encumbrances and interests may have been recorded or may otherwise exist; provided that the failure of any such creditors to comply with the provisions of this paragraph shall in no way limit the release, discharge and termination of any such lien against the Acquired Assets purchased as otherwise provided by this Sale Order.

13. If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens or other documents or agreements evidencing liens, claims, encumbrances and interests in or against the Debtors or the Acquired Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all liens, claims, encumbrances and interests which the person or entity has with respect to the Debtors or the Acquired Assets or otherwise, other than the Permitted Liens, then only with regard to the Acquired Assets, (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity (with prior consultation with the lien holder as to the form of such documents) and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances and interests against the Acquired Assets of any kind or nature whatsoever other than the Assumed Liabilities and Permitted Liens. This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

14. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Seller to transfer the Acquired Assets to the Buyer in accordance with this Sale Order and the terms of the APA.

## Assumption and Assignment of Assigned Contracts to the Buyer

15. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the consummation of the Sale, the Seller's assumption and assignment to the Buyer of the Assigned Contracts is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

16. The Seller is hereby authorized, in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, to (a) assume and assign to the Buyer, effective upon the Closing Date, the Assigned Contracts, and to transfer, sell and deliver to the Buyer all of the Seller's right, title and interest in and to the Assigned Contracts, free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, except as provided in the APA, and (b) execute and deliver to the Buyer such agreements, documents or other instruments as may be necessary to sell, assign, transfer, convey and deliver all of the Assigned Contracts to the Buyer.

17. The Buyer has provided adequate assurance of its future performance under the relevant Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

18. The Acquired Assets, including, without limitation, the Assigned Contracts, shall be transferred to, and remain in full force and effect for the benefit of, the Buyer, in accordance with their respective terms, notwithstanding any provision in or other legal restriction relating to any such Acquired Assets (including, without limitation, provisions of the type described in sections 365(b)(2), (e)(1), (f)(1) and (f)(3) of the Bankruptcy Code) which prohibits, restricts or conditions such assignment or transfer. The non-Debtor party to each of the Assigned Contracts and, as applicable, other Acquired Assets, shall be and hereby is deemed to have consented to such assignment or transfer (including, without limitation, under section 365(c)(1)(B) of the Bankruptcy Code) or this Court has determined that no such consent is required. Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all rights, title, privilege and interest of the Seller under the Assigned Contracts and such other Acquired Assets.

19. Pursuant to section 365(k) of the Bankruptcy Code, the Debtors and their respective estates shall be relieved from any liability for any breach of an Assigned Contract after such assignment to and assumption by the Buyer on the Closing Date.

20. All defaults, claims or other obligations of the Seller under any Assigned Contract arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment at the Closing Date or as soon thereafter as practicable of the Cure Amounts with respect to each Assigned Contract.

21. Except for the obligation to pay the Cure Amounts, each nondebtor party to an Assigned Contract hereby is forever barred, estopped, and permanently enjoined from asserting

against the Debtors or the Buyer, or the property of any of them, any default existing as of the date of the entry of this Sale Order, whether declared or undeclared or known or unknown; or, against the Buyer, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtors.

22. Any provision or other legal restriction limiting the assignment or transfer of any of the Assigned Contracts or other Acquired Assets shall be null, void and of no force and effect in connection with the assignment or transfer to the Buyer.

23. Any provisions in any Assigned Contract that prohibit or condition the assignment of any Assigned Contract or allow the non-debtor party to such Assigned Contract to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Seller and assignment to the Buyer of the Assigned Contracts have been satisfied. Upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all rights, title, privilege and interest of the Seller under the applicable Assigned Contract.

24. The payment of the Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such non-debtor party resulting from such defaults, (c) constitute satisfaction in full of all amounts accrued as of the Closing Date and (d) together with the assumption and purchase of the Assigned Contracts by the Buyer, constitute adequate assurance of future performance thereof. Upon the payment of the Cure Amounts, the Buyer shall have assumed the Assigned Contracts and, pursuant to sections 363, 365(f), and 365(k) of the Bankruptcy Code, the assignment and sale by the Seller of such Assigned Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Seller nor the Buyer shall have any further obligations to the non-debtor parties to the Assigned Contracts other than the Buyer's obligations under the Assigned Contracts that accrue on or after the Closing Date, or otherwise pursuant to the Assumed Liabilities.

25. There shall be no rent accelerations, assignment fees, increases (including, without limitation, advertising rates), or any other fees charged to the Buyer as a result of the assumption, assignment, and sale of the Assigned Contracts or the Acquired Assets.

26. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assigned Contracts are forever barred and enjoined from raising or asserting against the Buyer or the Acquired Assets any assignment fee, default breach, or claim or precuniary loss, or condition to assignment, arising under or related to the Assumed Contracts and Assumed Liabilities existing as of the Closing Date or arising by reason of the Closing.

27. [On or before the Closing Date, the Buyer shall pay in full, to the extent owed, all Buyer Cure Cost Obligations (as defined in the APA) that are undisputed or have been determined by this Court pursuant to a final and nonappealable order. On or before the Closing Date, the Seller shall pay in full, to the extent owed, all Seller Cure Cost

Obligations (as defined in the APA) that are undisputed or have been determined by this Court pursuant to a final and nonappealable order; or alternatively, at the Buyer's option, the Buyer may elect to pay on the Seller's behalf on or before the Closing Date all or any portion of the Seller Cure Cost Obligations that are undisputed or have been determined by this Court pursuant to a final and nonappealable order (the "Buyer Credit Amount"), and in that event, pursuant to Section 3.3(b) of the APA, the amount otherwise payable by the Buyer to the Seller in accordance with Section 3.3(b) of the APA shall be reduced by the Buyer Credit Amount. Pursuant to Section 3.3(b) of the APA, the amount otherwise payable by the Buyer to the Seller in accordance with Section 3.3(b) of the APA shall be further reduced by (a) the aggregate, asserted amount of the Cure Amounts that are disputed and unresolved as of the Closing Date (collectively, the "Disputed Cure Amounts" and each, a "Disputed Cure Amount") minus (b) the difference between $[ _____ ] and the amount of the Buyer Cure Cost Obligations paid by the Buyer on or before the Closing Date (the "Seller Share of Disputed Cure Amounts"). The Buyer shall segregate funds in the amount of the Seller Share of Disputed Cure Amounts (the "Segregated Funds"). Upon resolution of a Disputed Cure Amount (each a "Resolved Cure Amount" and, collectively, the "Resolved Cure Amounts"), either by mutual agreement of the Seller and the party disputing the Disputed Cure Amount or upon entry by this Court of a final and nonappealable order establishing the Resolved Cure Amount, the Buyer shall pay the Resolved Cure Amounts in the following manner: (a) the Buyer shall pay a Resolved Cure Amount first from funds other than the Segregated Funds until such time that the cure costs paid by the Buyer equal the Buyer Cure Cost Obligations; and (b) the Buyer shall then pay all remaining Resolved Cure Amounts from the Segregated Funds. Upon payment of each Resolved Cure Amounts, the amount, if any, of the Segregated Funds in excess of the aggregate remaining Seller Share of Disputed Cure Amounts shall be paid by the Buyer to the Seller.]

## Additional Provisions

28. This Sale Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets.

29. Each and every federal, state, and local governmental agency, unit or department is hereby directed to accept this Sale Order as sole and sufficient evidence of the transfer of title of the Acquired Assets and such agency or department may rely upon this Sale Order in connection with the Sale.

30. This Court retains jurisdiction, even after the closing of these chapter 11 cases to, among other things:

    (i) interpret, implement and enforce the terms and provisions of this Sale Order and the terms of the APA, all amendments thereto and any waivers

and consents thereunder and of each of the agreements executed in connection therewith;

(ii) enter orders in aid or furtherance of the Sale;

(iii) resolve any disputes between the Buyer and the Debtors arising under or related to the APA, any amendments thereof and any waivers and consents thereunder, any related agreements or the Sale, or to ensure peaceful use and enjoyment of the Acquired Assets;

(iv) adjudicate any and all issues and disputes, if any, relating to the Buyer's and the Debtors' right, title or interest in, to and under the APA, any amendments thereto and any waivers and consents thereunder and any related agreements;

(v) adjudicate all issues concerning prorations under the APA (including taxes) consistent with the terms thereof;

(vi) hear and resolve any application (or disputes or issues relating thereto) relating to the APA;

(vii) adjudicate any and all issues and disputes relating to the Seller' right, title or interest in the Acquired Assets and the proceeds thereof, the Sale Motion or the APA; and

(viii) re-open the Debtors' chapter 11 cases to enforce the provisions of this Sale Order.

31. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the APA and the provisions of this Sale Order.

32. All persons or entities that are presently, or on the Closing Date may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of the Acquired Assets to the Buyer on the Closing Date.

33. Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and comparable state statutes are not applicable to the purchase of the Acquired Assets by the Buyer.

34. The consideration provided by the Buyer for the Acquired Assets under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code. Each and every person or entity is hereby barred, estopped, and permanently enjoined from commencing or continuing an action seeking relief under section 363(n) of the Bankruptcy Code.

35. The Seller has undertaken the Sale in good faith (as that term is used in section 363(m) of the Bankruptcy Code), and the Buyer is and shall continue to be in good faith (as that

term is used in section 363(m) of the Bankruptcy Code) by proceeding to close the Sale. Accordingly, the reversal or modification on appeal of the authorization to consummate the Sale approved hereby shall not affect the validity and enforceability of such Sale, unless such authorization is duly stayed pending such appeal. The Buyer is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

36. Any appeal seeking to enjoin or stay consummation of the Sale (the "Appeal") shall be subject to the appellant depositing or posting a bond in an amount equal to the then aggregate purchase price, and applicable damages, pending the outcome of the Appeal.

37. The failure specifically to include any particular provision of the APA in this Sale Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the APA and each and every provision, term, and condition thereof be authorized and approved in their entirety.

38. Nothing contained in any plan of reorganization or liquidation confirmed in these cases or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order. To the extent that any provision of this Sale Order is inconsistent with the provisions of the APA, any prior order, or any pleading with respect to the motions in these cases, the terms of this Sale Order control.

39. To the maximum extent permitted by section 525 of the Bankruptcy Code, all governmental entities are enjoined and barred from revoking any permit, license or other governmental approval relating to the operation of the Acquired Assets based on the filing of these cases or the consummation of the Sale.

40. The terms and provisions of the APA and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors and interest holders, the Buyer, their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting a lien, claim, encumbrance or interest in or against the Acquired Assets to be purchased by the Buyer pursuant to the APA, notwithstanding any subsequent appointment of any trustee for the Debtors under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

41. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), to the extent applicable, the Court finds that there is no reason for delay in the implementation of this Sale Order and, thus, this Sale Order shall be effective and enforceable immediately upon entry. The Seller and the Buyer may consummate the APA at any time after entry of this Sale Order by waiving any and all closing conditions set forth in the APA that have not been satisfied and by proceeding to close the Sale without any notice to the Court, any pre-petition or post-petition creditor of the Debtors or any other party in interest.

42. The APA and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties in

accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement is not material.

Dated: _______________, 2010
Wilmington, Delaware

____________________________________________

The Honorable Mary F. Walrath
United States Bankruptcy Judge