**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al., | ) | Case No. 08-13384 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Hearing Date: Feb. 23, 2010, at 2:00 p.m. (ET)** |
| | ) | **Objection Deadline: Feb. 16, 2010, at 4:00 p.m. (ET)** |

**LIMITED OBJECTION OF WILMINGTON TRUST FSB, AS SUCCESSOR ADMINISTRATIVE AGENT AND COLLATERAL AGENT, TO THE DEBTORS' MOTION TO APPROVE BIDDING PROCEDURES, BREAK-UP FEE AND SALE OF SUBSTANTIALLY ALL ASSETS OF BIG WEST OF CALIFORNIA, LLC**

Wilmington Trust FSB, in its capacities as successor Administrative Agent and Collateral Agent (the "Agent") for the pre-petition term lenders to Debtor Big West Oil, LLC ("BWO Term Lenders"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the *Debtors' Motion to Approve Bidding Procedures, Break-up Fee and Sale of Substantially All Assets of Big West of California, LLC*, dated February 2, 2010 [Docket No. 2694] (the "Motion").[1] In support thereof, the Agent respectfully states as follows:

**BACKGROUND**

1. On December 22, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code. On January 5,

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

2009, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 85].

2. On February 2, 2010, the Debtors filed the Motion to establish bid and notice procedures and approve certain bid protections in connection with the Sale of substantially all of the assets of Big West of California, LLC, including, without limitation, the real property and equipment comprising the Bakersfield refinery (the "Bakersfield Refinery").

3. The Motion seeks authority to sell the Bakersfield Refinery free and clear of liens and encumbrances with all such liens and encumbrances to attach to the proceeds of sale. Specifically, paragraph 57 of the Motion provides as follows:

> 57. One or more of the tests of section 363(f) will be satisfied with respect to the Sale of the Acquired Assets. In particular, at least section 363(f)(2) will be met in connection with the transactions proposed because each of the parties holding liens on the Acquired Assets, if any, will consent, or absent any objection to this Motion, will be deemed to have consented to, the Sale. Any lienholder also will be adequately protected by having their Encumbrances, if any, in each instance against the Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto. Accordingly, section 363(f) authorizes the transfer and conveyance of the Acquired Assets free and clear [of] any such Encumbrances.

4. The Bakersfield Refinery is subject to a valid, perfected and enforceable first priority lien in favor of the Agent and the BWO Term Lenders pursuant to the final cash collateral and adequate protection order entered by this Court on February 18, 2009 [Docket No. 549] (the "BWO Cash Collateral Order") which, with the expiration of the

applicable Committee challenge period, establishes the Agent's secured claim as allowed and undisputed.

## LIMITED OBJECTION

5. Pursuant to paragraph 57 of the Motion, if the Agent fails to object to the Motion, the Agent "will be deemed to have consented to the Sale."

6. While the Agent does not intend to stand in the way of the Debtors' sale of the Bakersfield Refinery pursuant to the Motion or stand in the way of any buyer of the Bakersfield Refinery acquiring the same free and clear of liens and encumbrances, the Agent does object to certain aspects of the Motion as it affects the rights and remedies as between the Agent and the Debtors.

7. Specifically, the Agent objects to the Motion to the extent it contemplates (a) that the net proceeds of the sale of the Bakersfield Refinery be held for some indefinite period of time rather than being paid to the Agent immediately upon closing for application to the secured obligations in favor of the Agent and the BWO Term Lenders; and (b) that the Agent be deemed to consent to the Sale in a manner that could be construed to constitute a waiver as against the Debtors of the Event of Default that will occur under the Debtors' loan agreements with the Agent and the BWO Term Lenders as a result of the disposition of the Bakersfield Refinery.

8. Accordingly, the Agent objects to any sale of the Bakersfield Refinery free and clear of the Agent's liens unless (a) the net proceeds of the sale of the Bakersfield Refinery be paid to the Agent immediately upon the closing of said sale for application to the secured obligations in favor of the Agent and the BWO Term Lenders; and (b) the Agent is deemed to fully reserve as against the Debtors and that there shall be no waiver

by the Agent as against the Debtors of any Event of Default that will occur under the Debtors' loan agreements with the Agent and the BWO Term Lenders as a result of the sale of the Bakersfield Refinery.

Dated: February 16, 2010
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

William P. Bowden, Esq.
Don A. Beskrone, Esq.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067

-and-

**BROWN RUDNICK LLP**
Robert J. Stark, Esq.
Howard L. Siegel, Esq.
Daniel J. Saval, Esq.
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Counsel to Wilmington Trust FSB, solely in its capacities as successor Administrative Agent and Collateral Agent*

# 8244729 v3 - BEREITDS - 027213/0009