**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | **Ref. Docket No.: 2762** |

**ORDER (A) APPROVING THE DEBTORS' NOTICE OF SALE AND NOTICE PROCEDURES, (B) APPROVING THE SALE OF CERTAIN REFINERY EQUIPMENT, (C) APPROVING THE DEBTORS' ENTRY INTO AN ASSET PURCHASE AGREEMENT AND ALL ANCILLARY DOCUMENTS RELATING TO SUCH SALE, (D) AUTHORIZING THE TRANSFER OF THE REFINERY EQUIPMENT FREE OF ALL LIENS, CLAIMS, INTERESTS, LIABILITIES AND ENCUMBRANCES AND (E) AUTHORIZING THE DEBTORS TO PAY THE LIEN RELEASE AMOUNT TO ALLIANCE PROCESS PARTNERS LLC D/B/A INTERNATIONAL ALLIANCE GROUP**

Upon the motion, dated February 12, 2010 (the "Motion"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (this "Order"): (a) approving the Debtors' notice (the "Notice") of the sale (the "Sale") of certain refinery equipment (the "Equipment") to Refinery Equipment Worldwide Inc. (the "Buyer") and notice procedures relating thereto; (b) approving the Sale; (c) approving the Debtors' entry into that certain Asset Purchase Agreement dated February 12, 2010 by and between Debtor Big West of California, LLC ("BWOC") and the Buyer (the "APA") and all

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608), Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226), Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

2 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ancillary documents relating to the Sale; (d) authorizing the transfer of the Equipment free of any mortgage, pledge, security interest, easement, encroachment, lien or encumbrance of any kind (as to all such encumbrances, if any, the "Liens"); (e) finding that the Buyer is a good faith purchaser and is entitled to the full protection of section 363(m) of the Bankruptcy Code; (f) finding that the Sale has been proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from arm's-length bargaining positions, and that the Sale does not violate section 363(n) of the Bankruptcy Code; and (g) authorizing the Debtors to pay $2,648,528 (the "Lien Release Amount") to Alliance Process Partners LLC d/b/a International Alliance Group ("IAG") in consideration for IAG's release of its lien on the Equipment; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice under the circumstances of the Motion and the opportunity for a hearing on the Motion, and that no other or further notice is required; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

B. As evidenced by the certificates of service filed with the Court, written notice of the Hearing was transmitted to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Creditors' Committee; (c) counsel for the agents for the Debtors' prepetition and postpetition secured and unsecured lenders; (d) any persons who have filed a request for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; (e) all parties known to the Debtors who have an interest in or rights to the Equipment; (f) all entities who have recorded in the public record any lien, interest or encumbrance in or upon the Equipment; (g) applicable federal, state and local governmental authorities or units thereof; (h) all persons known or reasonably believed to have expressed an interest in acquiring the Equipment; (i) all taxing authorities having jurisdiction over any of the Equipment, including the Internal Revenue Service; (j) counsel to IAG; (k) the Buyer; and (l) counsel for the Buyer. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

C. The notice given by the Debtors of the Motion, the Sale and the Hearing was timely, proper, adequate and sufficient and complies with the requirements of the Bankruptcy Code and the Bankruptcy Rules. A reasonable opportunity to object and be heard with respect to

---

3 The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

the Motion and the relief requested therein was afforded to all interested persons and entities. No other or further notice of the Motion, the APA, the Sale or the Hearing is required.

D. The Equipment is property of the BWOC estate and legal title thereto is vested in the BWOC estate.

E. As demonstrated by the Motion, the testimony and other evidence proffered or adduced at the Hearing and the representations of counsel made on the record at the Hearing: (i) the Debtors marketed the Equipment diligently, in good faith and in a commercially-reasonable manner to secure the highest or best offer therefor; and (ii) the marketing process for the Equipment employed by the Debtors and their professionals was appropriate and sufficient, was substantively and procedurally fair to all parties and complied with applicable law and procedure.

F. Given the nature of the Equipment, the limited number of potential buyers for the Equipment and the targeted marketing process undertaken by the Debtors and their professionals, a private sale of the Equipment is appropriate.

G. Subject to the entry of this Order, BWOC has all of the power and authority necessary to consummate the Sale contemplated by the APA and has taken all corporate action. No consents or approvals, other than those expressly provided for in the APA or this Order, are required for BWOC to consummate the Sale.

H. The APA and the Sale were negotiated and have been and are undertaken by BWOC and the Buyer at arm's length without collusion or fraud and in good faith within the meaning of section 363(m) and (n) of the Bankruptcy Code. At no time was the Buyer or any of its affiliates an "insider" or "affiliate" of any of the Debtors, as those terms are defined in the Bankruptcy Code. There was no evidence of insider influence or improper conduct by Buyer or

any of its affiliates in connection with the negotiation of the APA with BWOC. There was also no evidence of fraud or collusion among the Buyer and its affiliates and any other bidders for BWOC' assets, or collusion between the Debtors and the Buyer or its affiliates.

I. As a result of the foregoing, BWOC and the Buyer are entitled to the full protections of section 363(m) of the Bankruptcy Code. Neither BWOC nor the Buyer engaged in any conduct that would cause or permit the APA or the consummation of the Sale to be voided or avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

J. Entry into the APA and consummation of the Sale constitute the exercise by BWOC of sound business judgment, and such acts are in the best interests of BWOC, its estates and creditors and all parties in interest. The Court finds that the Debtors have articulated good and sufficient business reasons justifying the Sale.

K. The Purchase Price constitutes: (i) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act; (ii) fair consideration under the Uniform Fraudulent Conveyance Act; and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia ((i), (ii) and (iii) collectively, "Value"), for the Equipment.

L. The Buyer would not have entered into the APA and would not consummate the Sale, thus adversely affecting BWOC, its estates and creditors, if the sale of the Equipment to the Buyer was not free and clear of all Liens, or if the Buyer would, or in the future could, be liable for any of such Liens. A sale of the Equipment other than one free and clear of all Liens would adversely impact BWOC's estate and would yield substantially less value for the BWOC's

estate, with less certainty than the Sale. Therefore, the APA is in the best interests of BWOC, its estate and creditors, and all other parties in interest.

M. BWOC may sell the Equipment free and clear of all Liens because, with respect to each creditor asserting a Lien, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those who hold or assert Liens, if any, who did not object or who withdrew their objections to the Sale or the Motion are deemed to have consented to the Motion and Sale pursuant to section 363(f)(2) of the Bankruptcy Code. Those who hold or assert Liens, if any, and who did object, fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code.

N. The transfer of the Equipment to the Buyer will be a legal, valid and effective transfer of the Equipment and will vest the Buyer with all right, title and interest of BWOC to the Equipment free and clear of all Liens.

O. Payment of the Lien Release Amount to IAG is a sound exercise of BWOC's reasonable business judgment pursuant to section 363(b) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted.

2. All objections and responses concerning the Motion and the relief requested therein are resolved in accordance with the terms of this Order and as set forth in the record of the Hearing. To the extent any such objection or response was not otherwise withdrawn, waived or settled, it is, and all reservations of rights or relief requested therein are, overruled and denied on the merits.

3. The APA, all schedules thereto, and the Sale are hereby approved and authorized in all respects and are binding on the parties thereto.

4. Pursuant to sections 105 and 363 of the Bankruptcy Code, BWOC and the Buyer are each hereby authorized and directed to take any and all actions necessary or appropriate to: (a) consummate the sale of the Equipment to the Buyer free and clear of all Liens and to complete the Sale in accordance with and subject to the Motion, the APA and this Order; and (b) perform, consummate, implement and close fully the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, including, without limitation, take all actions and execute all documents reasonably necessary or appropriate to effectuate any obligations under the APA and to execute and deliver such other documents and take such other actions as are necessary to effectuate the Sale.

5. Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, and except as otherwise expressly provided in the APA upon the conditions and at the times set forth under the APA, the Equipment shall be transferred to the Buyer free and clear of any interest in such Equipment of an entity other than BWOC's estate, each of which shall attach to the net proceeds of the Sale and any transfer fees required to effectuate the transfer of the Equipment to the Buyer to the same extent and with the same validity, priority and effect as in effect prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto. For the avoidance of doubt, this paragraph shall not extend to the IAG Lien, and the Equipment shall continue to be subject to the IAG Lien pending payment of the Lien Release Amount.

6. The consideration provided by the Buyer for the Equipment under the APA is fair and reasonable and shall be deemed for all purposes to constitute Value under the Bankruptcy

Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded, under section 363(n), or any other provision of the Bankruptcy Code.

7. The Sale is undertaken by the Buyer in good faith. The Buyer is a buyer in good faith as that term is used in section 363(m) of the Bankruptcy Code, and the Buyer is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale of the Equipment to the Buyer unless such authorization is duly stayed pending such appeal.

8. Following the Closing of the Sale, the Buyer is hereby authorized in connection with the consummation of the Sale to allocate the Equipment among its affiliates, designees, assignees or successors in a manner as it in its sole discretion deems appropriate and to assign, transfer or otherwise dispose of any of the Equipment to its affiliates, designees, assignees or successors with all of the rights and protections accorded under this Order and the APA.

9. BWOC is hereby authorized to pay the Lien Release Amount to IAG and to take all necessary actions in connection therewith.

10. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

11. This Order: (a) is and shall be effective as a determination that all Liens, except the IAG Lien, existing as to the Equipment conveyed to the Buyer have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated; and (b) is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state,

federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Equipment conveyed to the Buyer. All such entities described above in this paragraph are authorized and specifically directed to strike all Liens from their records, official and otherwise and including, without limitation, those Liens listed in the applicable schedules to the APA. Each and every federal, state and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Equipment to the Buyer.

12. BWOC is hereby authorized to execute and file any statements, instruments, releases and other documents necessary or appropriate to release any Lien.

13. Nothing contained in any order entered in these chapter 11 cases subsequent to entry of this Order, nor in any chapter 11 plan confirmed in these chapter 11 cases, shall conflict with or derogate from the provisions of the APA or the terms of this Order.

14. The provisions of this Order are nonseverable and mutually dependent.

15. To the extent applicable, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to BWOC to the extent necessary, without further order of the Court, (i) to allow the Buyer to give BWOC any notice provided for in the APA and (ii) to allow the Buyer to take any and all actions permitted by the APA and any related documents or agreements.

16. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit relating to the operation of the Equipment sold,

transferred or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale.

17. The failure specifically to include or make reference to any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA is authorized and approved in its entirety.

18. The Court retains jurisdiction, even after the closing of these chapter 11 cases, to: (i) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the APA, all amendments thereto and any waivers and consents thereunder; (ii) protect the Buyer, or any of the Equipment, from and against any of the Liens; (iii) compel delivery of all Equipment to the Buyer and the Purchase Price to BWOC; and (iv) resolve any disputes arising under or related to the APA, the Sale or the Buyer's peaceful use and enjoyment of the Equipment.

Dated: March 11, 2010
Wilmington, Delaware

The Honorable Mary F. Walrath
United States Bankruptcy Judge