IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-13384 |
| | § | (JOINTLY ADMINISTERED) |
| FLYING J INC., et al., | § | |
| | § | |
| | § | |
| DEBTORS | § | CHAPTER 11 |

### TRAVIS COUNTY'S OBJECTION TO THE JOINT PLAN OF REORGANIZATION OF THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**COMES NOW**, Nelda Wells Spears, Travis County Tax Assessor-Collector for and on behalf of the following taxing authorities: Travis County, City of Austin, Austin Independent School District, Del Valle Independent School District, Austin Community College, Travis County Emergency Services District number 11, Travis County Emergency Services District Number 3, and Travis County Hospital District (hereinafter referred to as, "Travis County") by and through her attorney of record, David Escamilla, Travis County Attorney, and files this Travis County's Objection to The Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, and in support thereof would respectfully show the Court the following:

1. Travis County received its first notice of the above referenced bankruptcy on February 12, 2009.

2. On March 11, 2009, Travis County filed its' secured Proof of Claims, the first claim was filed against Longhorn Pipeline, Inc. (case no. 08-13388) in the amount of $141,728.43 for 2008 ad valorem property taxes, the second claim was filed against

Longhorn Partners Pipeline, L.P. (case no. 08-13380) in the amount of $6,030.83 for 2008 ad valorem property taxes.

3. The claims of Travis County are secured by a lien on the Debtors' property pursuant to section 32.01 of the Texas Property Tax Code. Under Section 32.01 of the Texas Property Tax Code, a tax lien attaches to the property of the Debtor on January 1 of each taxing year in favor of the taxing units represented by Nelda Wells Spears to secure payment of all taxes, penalties and interest ultimately imposed, and under subsection (c) of Section 32.01, the lien is automatically perfected on January 1.

4. The claims of Travis County take priority over the claims and interests of any other creditor in this bankruptcy proceeding under section 32.05 of the Texas Property Tax Code.

5. Pursuant to sections 33.01(a) and (c) of the Texas Property Tax Code, the claims of Travis County receive a 12% penalty as well as interest at the rate of 1% for each month the property taxes remain unpaid.

6. Travis County objects to The Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, because the plan does not allow for payment of Travis County's claims as secured along with the payment of 12% interest. Debtors' failure to include Travis County's fully secured claims with 12% interest render the plan unfair and unequitable as to Travis County under sections 511(a) and 1129(b)(2)(A) of the Bankruptcy Code. It also violates sections 32.05 and 33.01 of the Texas Property Tax Code.

7. As demonstrated above, the treatment of Travis County's claims in The Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code, is much less favorable than the statutory treatment of the claims under state law. Indeed, state

created property rights will not be destroyed in a bankruptcy context. *In re Village Properties*, 723 F.2d 441 (5th Cir. 1984).

**WHEREFORE, PREMISES CONSIDERED,** Travis County respectfully requests that this Court deny confirmation of The Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, and for such other relief to which Travis County is justly entitled.

**Respectfully submitted,**

**DAVID ESCAMILLA**
**Travis County Attorney**
P.O. Box 1748
Austin, Texas 78767
(512) 854-9513 Telephone
(512) 854-4808 Telecopier

By: */s/ Karon Y. Wright*
**KARON Y. WRIGHT**
Assistant County Attorney
Texas Bar No. 22044700
karon.wright@co.travis.tx.us

# CERTIFICATE OF SERVICE

I, Karon Y. Wright, Assistant County Attorney, hereby certify that a true and correct copy of the foregoing **Travis County's Objection to The Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code**, has been sent to all interested parties registered for electronic service with the U. S. Bankruptcy Clerk's Office on or about the time this document was electronically filed with the Clerk on this **16th** day of **March 2010** and mailed by United States First Class Mail to any party listed below that is not registered.

                 _/s/ Karon Y. Wright_

**DEBTORS' ATTORNEYS**
Kirkland & Ellis LLP
Attn: David L. Eaton
   Adam C. Paul
   Jeffrey W. Gettleman
300 N. LaSalle Street
Chicago, IL 60654

   and

Young, Conaway, Stargatt & Taylor, LLP
Attn: Pauline K. Morgan
   Edmon L. Morton
   Donald J. Bownman, Jr.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**CREDITORS' COMMITTEE ATTORNEYS**
Pachulski, Stang, Ziehl & Jones, LLP

Attn: James O'Neill
919 North Market Street
Wilmington, DE 19899-8705

   and

Pachulski, Stang, Ziehl & Jones, LLP
Attn: Robert J. Feinstein
780 Third Avenue, 36th Floor
New York, NY 10017-2024

**UNITED STATES TRUSTEE**
Office of the United States Trustee for the District of Delaware
844 King St., Room #2207, Lockbox #35
Wilmington, DE 19899-0035

226715-1