**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE:** | **Chapter 11** |
| **FLYING J, INC., et al.**[1] | **Case No. 08-13384 (MFW)** |
| **Debtors.** | **Jointly Administered**<br>**Related Dkt. No. 2936**<br>**Hearing Date: 3/23/2010 @ 11:30** |

# LIMITED OBJECTION OF CATALYTIC DISTILLATION TECHNOLOGIES TO THE MOTION TO APPROVE BID PROCEDURES, BREAK-UP FEE AND SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTOR BIG WEST OF CALIFORNIA, LLC

Catalytic Distillation Technologies ("**CDTech**"), by and through its undersigned counsel, hereby files this limited objection (the "**Limited Objection**") to the *Motion to Approve Bid Procedures, Break-Up Fee and Sale of Substantially All Assets of Debtor Big West of California, LLC* (the "**Sale Motion**"), which was filed by the above-captioned debtors and debtors in possession (collectively "**Debtors**") on February 2, 2010. In support of its Limited Objection, CDTech submits the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Limited Objection under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (1056); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

## BACKGROUND

4. On December 22, 2008 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). *See* Dkt. No. 1. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 23, 2008, an order was entered directing procedural consolidation and joint administration of the Debtors' chapter 11 cases (collectively, the "**Chapter 11 Cases**"). *See* Dkt. No. 26.

6. On February 2, 2010, the Debtors filed the Motion, which seeks approval of bidding procedures, a break-up fee and a sale of substantially all of the assets of Big West (the "**Sale**") to Paramount, as buyer, and Alon, as guarantor, or the successful bidder to be identified pursuant to the proposed bidding procedures.

7. On March 1, 2010, the Debtors filed their Notice of (A) Bid Deadline, Auction and Sale Hearing in Connection with the Sale of Substantially All of the Assets of Big West of California, LLC and (B) the Debtors' Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Proposed Sale ("**Contract Assumption Notice**"). Exhibit 1 to the Contract Assumption Notice includes a reference to the License Agreement ("License Agreement") and Catalyst Lease Agreement ("Lease Agreement") between Big West and CDTech. The Debtors propose a cure in the amount of $7,200 for the Lease Agreement ("**Proposed Cure Amount**").

## LIMITED OBJECTION

8. CDTech does not object to the assumption and assignment of the License Agreement and Lease Agreement, provided, however, the License Agreement and Lease Agreement must be assumed and assigned together. These agreements are indivisble. CDTech would not have entered into the Lease Agreement without entering into the License Agreement.

9. CDTech further objects to the Proposed Cure Amount under the Lease Agreement.

10. Generally, an executory contract cannot be rejected in part, and assumed in part. The contract must be rejected in its entirety, or not at all. *In re Italian Cook Corp.*, 190 F.2d 994, 997 (3d Cir. 1951) ("The [debtor] . . . may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other."). This *cum onere* rule "prevents the [bankruptcy] estate from avoiding obligations that are an integral part of an assumed agreement." *United Air Lines, Inc v. U.S. Bank Trust Nat'l Ass'n* (*In re UAL Corp.*), 346 B.R. 456, 468 n.11 (Bankr. N. D. Ill. 2006); *see also In re Chicago, Rock Island & Pac. R.R. Co.*, 860 F.2d 267, 272 (7th Cir. 1988) ("A trustee cannot accept the benefits of an executory contract without accepting the burdens as well."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) ("[T]he debtor cannot choose to accept the benefits of the contract and reject its burdens to the detriment of the other party to the agreement."); *In re TSW Stores of Nanuet*, 34 B.R. 299, 304 (Bankr. S.D.N.Y. 1983) ("An executory contract cannot be rejected in part, and assumed in part . . . . The contract must be rejected in its entirety, or not at all.").

11. The Debtors also must cure all amounts owed under the License Agreement and Lease Agreement in connection with the proposed assumption and assignment. Section

365(b)(1) provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A).

12. Pursuant to the Lease Agreement, the cure amount due under the Lease Agreement is $224,889.38 ("Cure Amount"). Accordingly, prior to any assumption and assignment of the Lease Agreement to the proposed purchaser, the Debtors must cure the default, and pay the Cure Amount promptly.

WHEREFORE, CDTech objects on a limited basis and respectfully requests that the Court (i) enter an order requiring that (a) the Debtors be required to pay the Cure Amount to CDTech as part of any assumption and assignment of the Lease Agreement and License Agreement to the proposed purchaser; and (b) the License Agreement and Lease Agreement be assumed and assigned together as an indivisible contract to the proposed purchaser; and (ii) grant CDTech such other and further relief as CDTech shows itself to be entitled.

Dated: March 16, 2010

Respectfully submitted,

**SMITH KATZENSTEIN & FURLOW LLP**

Kathleen M. Miller (I.D. No. 2898)
The Corporate Plaza
800 Delaware Avenue, 10th Floor
P.O. Box 410 (Courier 19801)
Wilmington, DE 19899
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skfdelaware.com

and

**FULBRIGHT & JAWORSKI, L.L.P.**

Sharon M. Beausoleil
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**ATTORNEYS FOR CDTECH**