IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
2010 MAR 16 AM 10: 11
CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FLYING J INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13384 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: **March 23, 2010 at 11:30 a.m. ET**<br>Objection Deadline: **March 16, 2010 at 4:00 p.m. ET**<br><br>Honorable Mary F. Walrath |

**OBJECTION OF LEIGHTON CONSULTING, INC. TO MOTION TO APPROVE BIDDING PROCEDURES, BREAK-UP FEE AND SALE OF SUBSTANTIALLY ALL ASSETS OF BIG WEST OF CALIFORNIA, LLC AND POINTS AND AUTHORITIES IN SUPPORT THEREOF AND DECLARATION OF PENELOPE CADIGAN**

Leighton Consulting, Inc., (hereinafter referred to as "Leighton") a creditor herein, hereby submits this objection and in support of its objection states as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in these Cases and over this Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

BACKGROUND

3. On May 13, 2009, Leighton filed its *Notice of Lien Notice of Perfection of Mechanics Lien Pursuant to 11 U.S.C. 546(B) and Claim of Secured Interest in Real Property* [Docket No. 1197].

4. On June 29, 2009, Leighton filed its amended proof of claim 3584 in the amount of $443,700.40. This claim was notated upon filing with the following: "Your claim is scheduled by the Debtor as: $315,707.83 UNSECURED".

5. On October 23, 2009, the Debtors[1] filed *Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive).* [Docket No. 2146] Debtors objected to the amount of Leighton's claim and requested adjustment to the lesser amount reflected in Debtor's books and records.

6. On November 13, 2009, Leighton filed its *Response to Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive)* [Docket No. 2218]. After reconciliation of Debtor's books and records and Leighton's books and records, Leighton agreed that "Claim number 3584 may be reduced to the Debtors book amount of $392,503.80".

7. On December 15, 2009, Debtors filed their *Amended Declaration of John Boken in Support of Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive)* [Docket No. 2360] and on December 18, 2009, Debtors filed a *Certification of Counsel with Respect to the Debtors Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive)* [Docket No. 2385] which included at Exhibit I a "[*Proposed*] Revised Order". The Revised Order contained a statement of the agreement between the Debtors and Leighton and Exhibit A-3 showed the modified claim amount. See Declaration of Penelope Cadigan at paragraph 7, filed concurrently with this objection.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); Longhorn Pipeline Inc. (0654). The location of the Debtor's corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

8. A diligent search was made of the Court's Docket, and upon information and belief, no entry has been made of the signed Revised Order whereby this Court would confirm the agreement between the Debtors and Leighton regarding the reduced claim amount.

*9.* On February 2, 2010, Debtors filed a *Motion to Approve Sale - Motion to Approve Bid Procedures, Break-Up Fee and Sale of Substantially All Assets of Debtor Big West of California LLC Pursuant to Section 363(b) of the Bankruptcy Code* [Docket No. 2694], hereinafter referenced as Debtor's Motion for Sale.

*10.* On March 8, 2010, Debtors filed an *Exhibit - Notice of Filing of Exhibits and Schedules to Asset Purchase Agreement and Between Big West of California, LLC Paramount Petroleum Corporation and Alon USA Energy, Inc.* along with *Attachments: # 1 APA Part 1 # 2 APA Part 2 # 3 APA Part 3.* [Docket No. 2979]

## POINTS AND AUTHORITIES

11. Leighton secured its claim in Debtor's bankruptcy case by filing a notice of perfection of its mechanics liens on two parcels of real property owned by Debtor Big West of California, LLC. The filing of this notice secured Leighton's claim. See Declaration of Penelope Cadigan at paragraph 3.

12. The Debtor scheduled Leighton's claim as "UNSECURED". See Declaration of Penelope Cadigan at paragraph 4.

13. Leighton has already agreed to a reduction in their claim amount. Included in the *Proposed* "Revised Order" [fully captioned as "ORDER ADJUSTING CLAIMS AS SET FORTH IN THE DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE ADJUSTED (SUBSTANTIVE)] at page 3 paragraph 6 is a statement that "By agreement of the Debtors and Leighton Consulting, Inc. ("Leighton"): (a) nothing herein shall impair Leighton's

right to amend any Claim filed by Leighton to include any amounts that are subsequently disgorged or avoided for any reason; and (b) Leighton's response to the Objection is hereby resolved." Attached to this *Proposed* Revised Order is the proposed adjustment to Leighton's claim based on the information provided by Leighton in their Response. By this, Leighton agreed, as stated in their *Response* that "Claim number 3584 may be reduced to the Debtors book amount of $392,503.80". The *Proposed* Revised Order is not yet signed and docketed. See Declaration of Penelope Cadigan at paragraphs 7-8.

14. The same two parcels to which Leighton's liens attach (as described in paragraph 11 above) are included in the Motion for Sale that is before this Court for approval. See Declaration of Penelope Cadigan at paragraphs 9-10.

15. By their Motion, Debtor seeks to sell the real property securing Leighton's claim, free and clear of all liens. See Declaration of Penelope Cadigan at paragraph 9.

16. Section 363 (f) (3) of 11 U.S.C. provides as follows:

> "(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -- . . .
> . . .
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; . . .'

Under Section 363 (f) (3) of the Bankruptcy Code a trustee is specifically authorized to sell property free and clear of liens where the sale price exceeds the sum of the value of all liens on such property.

17. The Debtor has not demonstrated in their Motion for Sale that the sale price will be "greater than the aggregate value of all liens on such property" and thus Leighton's liens are not protected. The Debtor has stated in it's Motion for Sale that "valid liens on the assets sold [are] to attach to the Sale proceeds" and again that this appropriate sale would take place "with any such Encumbrances [i.e. the liens] attaching to the net proceeds of the sale, as and to the extent

applicable." Debtor states that "Any lienholder also will be adequately protected by having their Encumbrances, if any, in each instance against the Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, . . ." The above references of "liens following cash proceeds of sale" do not demonstrate that the sale price will be "greater than the aggregate value of all liens on such property" as required. No information is included in Debtor's Motion for Sale that demonstrates how the "liens following cash proceeds of sale" will fulfill the requirement that the "aggregate" of all liens on the property being offered for sale are protected in their entirety. See Declaration of Penelope Cadigan at paragraph 9.

18. Leighton has already agreed to a reduction in the amount of their claim. Now, it appears that Leighton is being put in the position of losing the basis for an objection to the Debtor's classification of their claim as well. The Debtor must provide assurances that the value of Leighton's liens are preserved upon approval of the sale, that Leighton will effectively have reserved all the rights that the perfection of the liens afforded and that the sale does not impair Leighton's ability to object to the status of their claim and request it be changed from UNSECURED to SECURED by selling the real property that secures Leighton's claims.

19. Section 363 (f) (2) of 11 U.S.C. provides as follows:

> "(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -- . . .
> . . .
> (2) such entity consents; . . .

Under Section 363 (f) (2) of the Bankruptcy Code the trustee is required to obtain the consent of each entity affected by the sale. Based upon the above, Creditor Leighton does not consent.

20. Leighton requests adequate assurances from the Debtor that Leighton's interests in its claim, as secured by the mechanics liens, are protected.

Dated this 11th day of March, 2010.

By: ______________________

MARTIN B. GREENBAUM - CSB No. 45268
GREENBAUM LAW GROUP, LLC
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660
Email: mgreenbaum@collectionlaw.com
Phone: (800) 519-0562 / (949) 760-1400
Fax: (949) 760-1300

## DECLARATION OF PENELOPE CADIGAN

I, Penelope Cadigan, personally declare as follows:

1. This declaration is made upon my own personal knowledge.

2. I am employed as a legal assistant in the office of Greenbaum Law Group, LLP. My business address is 840 Newport Center Drive, Suite 720, Newport Beach, CA 92660.

3. Leighton filed its *Notice of Lien Notice of Perfection of Mechanics Lien Pursuant to 11 U.S.C. 546(B) and Claim of Secured Interest in Real Property* on May 13, 2009. [Docket No. 1197] Attached as Exhibit A-I is a true and correct copy.

4. On June 29, 2009, Leighton filed its amended proof of claim 3584 in the amount of $443,700.40. Attached as Exhibit A-II is a true and correct copy of Leighton's claim.

5. On October 23, 2009, the Debtors filed *Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive.* This document is voluminous and for this reason is not attached [Docket No. 2146.]

6. On November 13, 2009, Leighton filed its *Response to Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive).* Attached as Exhibit A-III is a true and correct copy of Leighton's *Response* [Docket No. 2218].

7. On December 15, 2009, Debtors filed their *Amended Declaration of John Boken in Support of Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive)* [Docket No. 2360] and on December 18, 2009, Debtors filed a *Certification of Counsel with Respect to the Debtors Omnibus Objection to Claims (Sixth) to Certain Claims Requiring Adjustment (Substantive)* [Docket No. 2385] which included at Exhibit I a "[*Proposed*] Revised Order". These documents are voluminous and for this reason only the relevant pages referencing Leighton's claim are attached here as Exhibit A-IV.

*8.* On March 8, 2010, I made a diligent search of the Court's Docket, and upon information and belief, no entry has been made of the signed Revised Order (referenced in the above paragraph).

*9.* On February 2, 2010, Debtors filed a *Motion to Approve Sale - Motion to Approve Bid Procedures, Break-Up Fee and Sale of Substantially All Assets of Debtor Big West of California LLC Pursuant to Section 363(b) of the Bankruptcy Code.* [Docket No. 2694] This document is voluminous and for this reason only the relevant pages are attached here collectively as Exhibit A-V. Reference is made to paragraphs 16, 54 and 57.

*10.* On March 8, 2010, Debtors filed an *Exhibit - Notice of Filing of Exhibits and Schedules to Asset Purchase Agreement and Between Big West of California, LLC Paramount Petroleum Corporation and Alon USA Energy, Inc.* along with *Attachments: # 1 APA Part 1 # 2 APA Part 2 # 3 APA Part 3.* [Docket No. 2979] These documents are voluminous and for this reason only the pages relevant to this objection are attached here collectively as Exhibit A-VI. Leighton's mechanics liens attach to Parcel 332-260-14 described at page 38 (document page 57) of Part 2 of the APA and Parcels 332-050-52, 332-050-55 and 332-050-56 described at pages 68-69 (document pages 87-88) respectively of Part 2 of the APA.

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief, and if called as a witness I would and could competently testify thereto.

Executed this 11th day of March, 2010, at Newport Beach, California.

Penelope Cadigan