EXHIBIT A-I

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re | ) | Case No. 08-13383 (MFW) |
| | ) | |
| | ) | Chapter 11 |
| BIG WEST OF CALIFORNIA, LLC, | ) | |
| | ) | Jointly Administered |
| Debtor. | ) | |
| | ) | Honorable Mary F. Walrath |
| Tax I.D. No. xx-xxx1608 | ) | |

NOTICE OF PERFECTION OF MECHANICS LIEN PURSUANT
TO 11 U.S.C. § 546(b) AND CLAIM OF SECURED INTEREST IN REAL PROPERTY

This Notice is duplicative of the Notice of Perfection of Mechanics Lien (docket number 523) filed in lead case jointly administered *In re Flying J Inc., et al,*. This supplementary Notice is filed to further perfect the mechanics lien of claimant Leighton Consulting, Inc.

**NOTICE IS HEREBY GIVEN THAT** claimant Leighton Consulting, Inc. (hereinafter "Leighton"), provided post-petition environmental services to Debtor Big West of California, LLC (hereinafter "Debtor") which were performed on two parcels of real property which generally comprise an oil refinery and petroleum processing plant and facility for related uses.

The first parcel is located at 6451 Rosedale Highway, Bakersfield, California and believed to be legally designated as Kern County Assessors Parcel number 332-260-14-00. This property will hereafter be described as the "Rosedale Property". The second parcel is located at approximately 3601 to 3663 Gibson St, Bakersfield, California and believed to be legally designated as Kern County Assessors Parcel numbers 332-050-52-00, 332-050-55-00 and 332-050-56-00. This property will hereafter be collectively described as the "Gibson Street Property". The exact legal descriptions, by either lot and tract or meets and bounds, will be supplied according to proof.

Claimant Leighton is due $387,186.12 for services performed on the real property at the Rosedale Property for the period of September 26, 2008 to January 16, 2009 and $56,514.28 for services performed on the real property at the Gibson Street Property for the period of September 26, 2008 to January 16, 2009.

Leighton is of the class of persons entitled to record a mechanic's lien against the subject properties pursuant to California Civil Code Sections beginning with Title XV, Chapter 2 commencing with §3109 and through §3154 inclusive, including but not limited to §§ 3110 and 3144 and would be entitled to record such a lien in the unpaid total amount of $443,700.40 but for the pendency of the Debtor's bankruptcy, which pursuant to 11 U.S.C. § 362 has been stayed. As a claimant in the class of persons entitled to record a mechanic's lien but for the pending bankruptcy, Leighton claims, perfects and continues its claim as a secured mechanics lien creditor, given that the recordation of a mechanic's lien would entitle Leighton to treatment as a secured creditor with respect to its claim for unpaid services.

Claimant Leighton Consulting, Inc. requests it be listed as a creditor. Claimant Leighton Consulting, Inc. hereby gives notice under 11 U.S.C. §362, 11 U.S.C. § 546(b) and under *In re Baldwin Builders v. Gould*, 232 B.R. 406 (B.A.P. 9th Cir. Cal. 1999), that Leighton Consulting, Inc. claims a secured interest in the real property of the Debtor located at the Rosedale Property and the Gibson Street Property.

Dated this 13th day of May, 2009.

By: ______________________

MARTIN B. GREENBAUM - CSB No. 45268
GREENBAUM LAW GROUP, LLC
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660
Email: mgreenbaum@collectionlaw.com
Phone: (800) 519-0562 / (949) 760-1400
Fax: (949) 760-1300

## CERTIFICATE OF SERVICE

(Cal. Code Civ. Proc. §§1013a (3), 2015.5)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 840 Newport Center Drive, Suite 720, Newport Beach, California.

On May 13, 2009, I served on the interested parties in this action as follows the foregoing documents described as:

**NOTICE OF PERFECTION OF MECHANICS LIEN PURSUANT TO 11 U.S.C. § 546(b) AND CLAIM OF SECURED INTEREST IN REAL PROPERTY**

[xx ] By placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[ xx] BY FIRST CLASS MAIL: I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, said correspondence is deposited with the United States postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on May 13, 2009, in Newport Beach, California.

[xx] (State): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed May 13, 2009, in Newport Beach, California.

Penelope Cadigan

<u>**SERVICE LIST**</u>

The Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox #35
Wilmington, DE 19899-0035

Pauline K. Morgan
Donald J. Bowman, Jr.
Edmon L. Morton
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Bldg
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899
[Counsel for the Debtors and Debtors-in-Possession]

David L. Eaton (admitted *pro hac vice*)
Adam C. Paul (admitted *pro hac vice*)
Jeffrey W. Gettleman (admitted *pro hac vice*- pending)
KIRKLAND & ELLIS LLP
Aon Center
200 East Randolph Drive
Chicago, IL 60601
and
Craig A. Bruens (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
[Counsel for the Debtors and Debtors-in-Possession]

James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
[Counsel for Creditor Committee-Unsecured]

EXHIBIT A-II

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Flying J Inc. Claims Processing Center
FDR Station, P.O. Box 5082
New York, NY 10150-5082

# PROOF OF CLAIM

| | |
|---|---|
| In Re: Flying J Inc., et al. Debtors. | Chapter 11 Case No. 08-13384 |
| Name of Debtor Against Which Claim is Held: BIG WEST OF CALIFORNIA, LLC | Case No. of Debtor: 08-13383 (MFW) |

Filed: USBC - District of Delaware
Flying J Inc., Et Al.
08-13384 (MFW) 0000003584

THIS SPACE IS FOR COURT USE ONLY

**NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.**

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

FJI (MERGE2.DBF,SCHED_NO) SCHEDULE #: 383003470*****
LEIGHTON CONSULTING, INC.
17781 COWAN
IRVINE, CA 92614

Telephone number: Email Address:

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 1627
(*If known*)

Filed on: 5/18/2009

Your claim is scheduled by the Debtor as:
$315,707.83 UNSECURED

Name and address where payment should be sent (if different from above)

Leighton Consulting, Inc.,
c/o Martin B. Greenbaum, Greenbaum Law Group, LLP
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660

Telephone number: (949) 760-1400 Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 443,700.40

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Section 503(b)(9) Claim
Check this box if your claim is for the value of goods received by the debtor within twenty (20) days prior to December 22, 2008 (the "Petition Date"), pursuant to 11 U.S.C. 503(b)(9).

2. **Basis for Claim:** services performed
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** xx-xxx3458
3a. **Debtor may have schedules account as:**
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $ 81,267,200.00 Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ -0- Basis for perfection: Mechanics Lien

Amount of Secured Claim: $ 443,700.40 Amount Unsecured: $ -0-

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$__________

** Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
JUN 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date:** 6-24-2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Martin B. Greenbaum, Attorney for Leighton Consulting, Inc.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number.

Lead Debtor:

| | |
|---|---|
| Flying J Inc. | Case No.:08-13384 |

Related Debtors:

| | |
|---|---|
| Longhorn Partners Pipeline, L.P. | Case No.:08-13380 |
| Big West Oil, LLC | Case No.:08-13381 |
| Big West of California, LLC | Case No.:08-13383 |
| Big West Transportation, LLC | Case No.:08-13385 |
| Longhorn Pipeline Holdings, LLC | Case No.:08-13387 |
| Longhorn Pipeline Inc. | Case No.:08-13388 |

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

***If by first-class mail:***
**Flying J Inc. Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box 5082**
**New York, NY 10150-5082**

***If by hand delivery or overnight mail:***
**Flying J Inc. Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

## INFORMATION

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/fji) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

<u>EXHIBIT A-III</u>

ORIGINAL

FILED

2009 NOV 13 PM 2:50

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FLYING J INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13384 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: November 23, 2009 at 10:30 A.M. ET<br>Objection Deadline: November 16, 2009 at 4:00 P.M. ET<br><br>Honorable Mary F. Walrath |

RESPONSE TO DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS REQUIRING ADJUSTMENT (SUBSTANTIVE)

Claimant Leighton Consulting, Inc. (hereinafter "Leighton") filed a secured claim (hereinafter "Claim 3584") on June 29, 2009 and it is listed as Claim number 3584 in the jointly administered bankruptcy case number 08-13383 of Big West of California, LLC. Claim 3584 was in the amount of $443,700.40. A copy is attached as Exhibit A.

Debtor Big West of California, LLC, (hereinafter "Big West") has filed an objection to Claim 3584 in the *Debtors' Sixth Omnibus Objection to Certain Claims Requiring Adjustment (Substantive)* filed on October 23, 2009, on the grounds that "the debtors books and records reflect a lesser amount due on account of this claim". The objection seeks to reduce the claim to $392,503.80.

Claimant Leighton contacted the Debtor Big West and provided Debtor Big West with its "Detailed Aged Accounts Receivable Report" dated November 4, 2009. A true copy is attached as Exhibit B. In response, the Debtor Big West, provided claimant Leighton with a print out of

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); Longhorn Pipeline Inc. (0654). The location of the Debtor's corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

its "books and records" showing Debtor Big West's balance due. Debtor Big West's print out, as provided to Claimant Leighton is attached as Exhibit C. The difference between Claimant Leighton's claim amount and Debtor Big West's reduced amount, as stated in its objection, is that Debtor Big West shows the payment of two invoices (number LCI13940 and number LCI14893). Claimant Leighton has reconciled its books to Debtor Big West's books and has applied the payments of the two invoices as indicated by Debtor Big West and as shown on Exhibit C. These two payments total $ 51,893.46 and copies of the two invoices are attached collectively as Exhibit D.

Claimant Leighton now agrees that, after applying the payments received, the balance due Claimant Leighton agrees with Debtor Big West's books and, based on that credit of the two invoices, the amount of Claim number 3584 may be reduced to the Debtors book amount of $392,503.80. On that basis, Claimant Leighton agrees to reduce its Claim number 3584 to $392,503.80 as requested on Debtors' Sixth Omnibus Objection.

Dated this 12th day of November, 2009.

By: ______________________

MARTIN B. GREENBAUM - CSB No. 45268
GREENBAUM LAW GROUP, LLC
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660
Email: mgreenbaum@collectionlaw.com
Phone: (800) 519-0562 / (949) 760-1400
Fax: (949) 760-1300

EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE
Flying J Inc. Claims Processing Center
FDR Station, P.O. Box 5082
New York, NY 10150-5082

# PROOF OF CLAIM

| | |
|---|---|
| In Re: Flying J Inc., et al. Debtors. | Chapter 11 Case No. 08-13384 |
| Name of Debtor Against Which Claim is Held: BIG WEST OF CALIFORNIA, LLC | Case No. of Debtor: 08-13383 (MFW) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Filed: USBC - District of Delaware
Flying J Inc., Et Al.
08-13384 (MFW) 0000003584

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)
FJI (MERGE2.DBF,SCHED_NO) SCHEDULE #: 383003470*****
LEIGHTON CONSULTING, INC.
17781 COWAN
IRVINE, CA 92614

Telephone number: Email Address:

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 1627
*(If known)*

Filed on: 5/18/2009

Your claim is scheduled by the Debtor as: $315,707.83 UNSECURED

Name and address where payment should be sent (if different from above)
Leighton Consulting, Inc.,
c/o Martin B. Greenbaum, Greenbaum Law Group, LLP
840 Newport Center Drive, Suite 720
Newport Beach, CA 92660

Telephone number: (949) 760-1400 Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 443,700.40

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

☐ Section 503(b)(9) Claim
Check this box if your claim is for the value of goods received by the debtor within twenty (20) days prior to December 22, 2008 (the "Petition Date"), pursuant to 11 U.S.C. 503(b)(9).

2. Basis for Claim: services performed
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: xx-xxx3458
3a. Debtor may have scheduled account as: ____________
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate ☐ Motor Vehicle ☐ Other
Describe: ____________

Value of Property: $81,267,200.00 Annual Interest Rate ____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any:

$ -0- Basis for perfection: Mechanics Lien

Amount of Secured Claim: $ 443,700.40 Amount Unsecured: $ -0-

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$____________

** Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
JUN 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 6-24-2009 | Martin B. Greenbaum, Attorney for Leighton Consulting, Inc. |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the name of the debtor in the bankruptcy case and the bankruptcy case number.

Lead Debtor:

| | |
|---|---|
| Flying J Inc. | Case No.:08-13384 |

Related Debtors:

| | |
|---|---|
| Longhorn Partners Pipeline, L.P. | Case No.:08-13380 |
| Big West Oil, LLC | Case No.:08-13381 |
| Big West of California, LLC | Case No.:08-13383 |
| Big West Transportation, LLC | Case No.:08-13385 |
| Longhorn Pipeline Holdings, LLC | Case No.:08-13387 |
| Longhorn Pipeline Inc. | Case No.:08-13388 |

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

*If by first-class mail:*
**Flying J Inc. Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box 5082**
**New York, NY 10150-5082**

*If by hand delivery or overnight mail:*
**Flying J Inc. Claims Processing Center**
**c/o Epiq Bankruptcy Solutions, LLC**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

## INFORMATION

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website: (http://chapter11.epiqsystems.com/fj) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

EXHIBITS TO PROOF OF CLAIM
INTENTIONALLY OMITTED

## EXHIBIT B

# Detail Aged Accounts Receivable Report

Order By: Client (Open Items Only)
Project Sort By: Project ID
As of: 11/04/2009
Aged By: Invoice Date

Leighton Consulting, Inc.



Principal: — ZZZZZ
Project Manager: — ZZZZZ
Client: C14036 — C14036
Project: — ZZZZZZZ
A/R Accounts: 60105108900 — 60105108900

| Project / Invoice # | Post Date | Inv Date | Journal Ref # | Inv Amount | Telephone # / Inv Balance | Contact(s) 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Project Manager / 121 + |
|---|---|---|---|---|---|---|---|---|---|---|
| Client : C14036 Big West of California, LLC. | | | | | | | | | | |
| 602041001 BigWest/QmonitorRept/Bakersfield | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013005 | 09/26/2008 | 09/26/2008 | SJ 13670 | 5,653.39 | 5653.39 | | | | | 5,653.39 |
| LCI0013245 | 10/27/2008 | 10/27/2008 | SJ 13911 | 1,297.96 | 1297.96 | | | | | 1,297.96 |
| LCI0013542 | 11/25/2008 | 11/25/2008 | SJ 14201 | 6,490.25 | 6490.25 | | | | | 6,490.25 |
| LCI0013798 | 12/23/2008 | 12/23/2008 | SJ 14460 | 5,183.92 | 5183.92 | | | | | 5,183.92 |
| LCI0013934 | 01/16/2009 | 01/16/2009 | SJ 14610 | 1,810.00 | 1810.00 | | | | | 1,810.00 |
| | | | Balance Due | 20,435.52 | | 0.00 | 0.00 | 0.00 | 0.00 | 20,435.52 |
| 602041002 Big West/WPforR6Barea /LNAPL Bakersfiel | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013006 | 09/26/2008 | 09/26/2008 | SJ 13671 | 1,576.21 | 1576.21 | | | | | 1,576.21 |
| LCI0013543 | 11/25/2008 | 11/25/2008 | SJ 14202 | 907.50 | 907.50 | | | | | 907.50 |
| LCI0013935 | 01/16/2009 | 01/16/2009 | SJ 14611 | 95.65 | 95.65 | | | | | 95.65 |
| | | | Balance Due | 2,579.36 | | 0.00 | 0.00 | 0.00 | 0.00 | 2,579.36 |
| 602041003 Big West/Hydrocracker Area | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013007 | 09/26/2008 | 09/26/2008 | SJ 13672 | 3,313.48 | 3313.48 | | | | | 3,313.48 |
| LCI0013246 | 10/27/2008 | 10/27/2008 | SJ 13912 | 3,012.50 | 3012.50 | | | | | 3,012.50 |
| LCI0013544 | 11/25/2008 | 11/25/2008 | SJ 14203 | 175.00 | 175.00 | | | | | 175.00 |
| | | | Balance Due | 6,500.98 | | 0.00 | 0.00 | 0.00 | 0.00 | 6,500.98 |
| 602041004 Big West/RGO Area/Assess LPH | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013008 | 09/26/2008 | 09/26/2008 | SJ 13673 | 15,162.63 | 15162.63 | | | | | 15,162.63 |
| LCI0013247 | 10/27/2008 | 10/27/2008 | SJ 13913 | 3,465.50 | 3465.50 | | | | | 3,465.50 |
| LCI0013545 | 11/25/2008 | 11/25/2008 | SJ 14204 | 5,999.00 | 5999.00 | | | | | 5,999.00 |
| LCI0013799 | 12/23/2008 | 12/23/2008 | SJ 14461 | 1,350.00 | 1350.00 | | | | | 1,350.00 |
| LCI0013936 | 01/16/2009 | 01/16/2009 | SJ 14612 | 1,710.00 | 1710.00 | | | | | 1,710.00 |
| | | | Balance Due | 27,687.13 | | 0.00 | 0.00 | 0.00 | 0.00 | 27,687.13 |
| 602041005 Big West/GWM-U6 Area/Assess LPH | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013009 | 09/26/2008 | 09/26/2008 | SJ 13674 | 2,837.25 | 2837.25 | | | | | 2,837.25 |
| LCI0013248 | 10/27/2008 | 10/27/2008 | SJ 13914 | 1,375.06 | 1375.06 | | | | | 1,375.06 |
| LCI0013546 | 11/25/2008 | 11/25/2008 | SJ 14205 | 3,390.00 | 3390.00 | | | | | 3,390.00 |
| LCI0013800 | 12/23/2008 | 12/23/2008 | SJ 14462 | 710.00 | 710.00 | | | | | 710.00 |
| LCI0013937 | 01/16/2009 | 01/16/2009 | SJ 14613 | 757.50 | 757.50 | | | | | 757.50 |
| | | | Balance Due | 9,069.81 | | 0.00 | 0.00 | 0.00 | 0.00 | 9,069.81 |
| 602041006 BigWest/RemOpt.RptforStudySection3 | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013010 | 09/26/2008 | 09/26/2008 | SJ 13675 | 1,590.00 | 1590.00 | | | | | 1,590.00 |
| LCI0013938 | 01/16/2009 | 01/16/2009 | SJ 14614 | 10,378.00 | 10378.00 | | | | | 10,378.00 |
| | | | Balance Due | 11,968.00 | | 0.00 | 0.00 | 0.00 | 0.00 | 11,968.00 |
| 602041007 BigWest 2008 Quarterly GWM Area3 | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013011 | 09/26/2008 | 09/26/2008 | SJ 13676 | 1,125.00 | 1125.00 | | | | | 1,125.00 |
| LCI0013547 | 11/25/2008 | 11/25/2008 | SJ 14206 | 200.00 | 200.00 | | | | | 200.00 |
| | | | Balance Due | 1,325.00 | | 0.00 | 0.00 | 0.00 | 0.00 | 1,325.00 |
| 602041008 Big West/Well R3 Area/Install, Abandon,G | | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013012 | 09/26/2008 | 09/26/2008 | SJ 13677 | 3,667.75 | 3667.75 | | | | | 3,667.75 |
| LCI0013249 | 10/27/2008 | 10/27/2008 | SJ 13915 | 45,586.54 | 45586.54 | | | | | 45,586.54 |
| LCI0013548 | 11/25/2008 | 11/25/2008 | SJ 14207 | 207,373.33 | 207373.33 | | | | | 207,373.33 |
| LCI0013801 | 12/23/2008 | 12/23/2008 | SJ 14463 | 25,198.59 | 25198.59 | | | | | 25,198.59 |
| LCI0013939 | 01/16/2009 | 01/16/2009 | SJ 14615 | 27,119.11 | 27119.11 | | | | | 27,119.11 |

# Detail Aged Accounts Receivable Report

**Order By:** Client (Open Items Only)
**Project Sort By:** Project ID
**As of:** 11/04/2009
**Aged By:** Invoice Date

**Leighton Consulting, Inc.**
**Principal:** — ZZZZZ
**Project Manager:** — ZZZZZ
**Client:** C14036 — C14036
**Project:** — ZZZZZZZ
**A/R Accounts:** 60105108900 — 60105108900



| Project / Invoice # | Post Date | Inv Date | Journal Ref # | Inv Amount | Telephone # / Inv Balance | Contact(s) / 0 - 30 | 31 - 60 | 61 - 90 | 91 - 120 | Project Manager / 121 + |
|---|---|---|---|---|---|---|---|---|---|---|
| 602041008 | Big West/Well R3 Area/Install, Abandon,G | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0014446 | 03/05/2009 | 03/05/2009 | SJ 15135 | 37.83 | 37.83 | | | | | 37.83 |
| LCI0014893 | 04/24/2009 | 04/24/2009 | SJ 15603 | 305.68 | 305.68 | | | | | 305.68 |
| | | | Balance Due | 309,288.83 | | 0.00 | 0.00 | 0.00 | 0.00 | 309,288.83 |
| 602041009 | Big West/Area 3 Well Installation | | | | (661) 326-4422 | | | | | Renaud, Jean |
| LCI0013802 | 12/23/2008 | 12/23/2008 | SJ 14464 | 3,601.50 | 3601.50 | | | | | 3,601.50 |
| LCI0013940 | 01/16/2009 | 01/16/2009 | SJ 14616 | 51,587.78 | 51587.78 | | | | | 51,587.78 |
| LCI0014447 | 03/05/2009 | 03/05/2009 | SJ 15136 | 353.35 | 353.35 | | | | | 353.35 |
| | | | Balance Due | 55,542.63 | | 0.00 | 0.00 | 0.00 | 0.00 | 55,542.63 |
| Total Client Big West of California, LLC. | | | | 444,397.26 | | 0.00 | 0.00 | 0.00 | 0.00 | 444,397.26 |
| Total 60105108900 Accounts Receivable | | | | 444,397.26 | | 0.00 | 0.00 | 0.00 | 0.00 | 444,397.26 |
| Grand Total | | | | 444,397.26 | | 0.00 | 0.00 | 0.00 | 0.00 | 444,397.26 |

# EXHIBIT C

| | | | | |
|---|---|---|---|---|
| LCI0013006 | 09/26/08 | 10/26/08 | Hold | $1,576.21 |
| LCI0013005 | 09/26/08 | 10/26/08 | Hold | $5,653.39 |
| LCI0013010 | 09/26/08 | 10/26/08 | Hold | $1,590.00 |
| LCI0013009 | 09/26/08 | 10/26/08 | Hold | $2,837.25 |
| LCI0013008 | 09/26/08 | 10/26/08 | Hold | $15,162.63 |
| LCI0013007 | 09/26/08 | 10/26/08 | Hold | $3,313.48 |
| LCI0013012 | 09/26/08 | 10/26/08 | Hold | $3,667.75 |
| LCI0013011 | 09/26/08 | 10/26/08 | Hold | $1,125.00 |
| LCI0013246 | 10/27/08 | 11/26/08 | Hold | $3,012.50 |
| LCI0013245 | 10/27/08 | 11/26/08 | Hold | $1,297.96 |
| LCI0013249 | 10/27/08 | 11/26/08 | Hold | $45,586.54 |
| LCI0013248 | 10/27/08 | 11/26/08 | Hold | $1,375.06 |
| LCI0013247 | 10/27/08 | 11/26/08 | Hold | $3,465.50 |
| LCI0013547 | 11/25/08 | 12/28/08 | Hold | $200.00 |
| LCI0013546 | 11/25/08 | 12/28/08 | Hold | $3,390.00 |
| LCI0013545 | 11/25/08 | 12/28/08 | Hold | $5,999.00 |
| LCI0013544 | 11/25/08 | 12/28/08 | Hold | $175.00 |
| LCI0013543 | 11/25/08 | 12/28/08 | Hold | $907.50 |
| LCI0013542 | 11/25/08 | 12/28/08 | Hold | $6,490.25 |
| LCI0013548 | 11/25/08 | 12/28/08 | Hold | $207,373.33 |
| LCI0013798 | 12/23/08 | 01/25/09 | Hold | $5,183.92 |
| LCI0013800 | 12/23/08 | 01/25/09 | Hold | $710.00 |
| LCI0013799 | 12/23/08 | 01/25/09 | Hold | $1,350.00 |
| LCI0013802 | 12/23/08 | 01/25/09 | Hold | $3,601.50 |
| LCI0013801 | 12/23/08 | 01/25/09 | Hold | $25,198.59 |
| LCI0013939 | 01/16/09 | 02/18/09 | Hold | $27,119.11 |
| LCI0013938 | 01/16/09 | 02/18/09 | Hold | $10,378.00 |
| LCI0013937 | 01/16/09 | 02/18/09 | Hold | $757.50 |
| LCI0013936 | 01/16/09 | 02/18/09 | Hold | $1,710.00 |
| LCI0013935 | 01/16/09 | 02/18/09 | Hold | $95.65 |
| LCI0013934 | 01/16/09 | 02/18/09 | Hold | $1,810.00 |
| E LCI0014447 | 01/23/09 | 02/25/09 | Hold | $353.35 |
| E LCI0014446 | 01/23/09 | 02/25/09 | Hold | $37.83 |

$392,503.80

EXHIBIT D

Leighton Consulting, Inc.
A LEIGHTON GROUP COMPANY

LEIGHTON CONSULTING, INC.
17781 COWAN, SUITE 200
IRVINE, CALIFORNIA 92614-6009
TEL (949) 253-9836
FAX (949) 253-9750
Federal I.D. No. 73-1650031

| | | | |
|---|---|---|---|
| | | INVOICE NO. | LCI0013940 |
| C14036<br>Big West of California, LLC<br>6451 Rosedale Highway<br>Bakersfield, CA 93308 | | Date<br>Project Number:<br>P.M.: | 01/16/2009<br>602041009<br>Robert Lorton |

---

This is an invoice for Professional Services rendered:
December 1, 2008 Through December 22, 2008

Contact: Melinda Hicks

Work Order No.: 20080400126

Area 3 Well Installation-Mobilization/Permitting.

PRE PETITION INVOICE

| | |
|---|---|
| CONTRACT AMOUNT | $119,757.90 |
| PREVIOUSLY INVOICED | $3,601.50 |
| THIS INVOICE | $51,587.78 |
| CONTRACT BALANCE | $64,568.62 |

Current Amount Due This Invoice: $51,587.78

PLEASE REMIT PAYMENT TO: 17781 COWAN, SUITE 200
IRVINE, CA 92614-6009

Payment is due upon receipt. After 30 days a late charge of 1-1/2% per month (18% APR) will be added.

Leighton Consulting, Inc.
A LEIGHTON GROUP COMPANY

**LEIGHTON CONSULTING, INC.**
17781 COWAN, SUITE 200
IRVINE, CALIFORNIA 92614-6009
TEL (949) 253-9836
FAX (949) 253-9750
Federal I.D. No. 73-1650031

**INVOICE NO.** LCI0014893

C14036
**Big West of California, LLC.**
6451 Rosedale Highway
Bakersfield, CA 93308

| | |
|---|---|
| Date | 04/24/2009 |
| Project Number: | 602041008 |
| P.M.: | Robert Lorton |

---

This is an invoice for Professional Services rendered:
February 23, 2009 Through March 1, 2009

Contact: Melinda Hicks

Work Order #□2008033875
PRE PETITION INVOICE
HCU/R3- Site Investigation- Draft Subsurface Investigation Report
and 4th Quarter Groundwater Monitoring Report.

These charges were incorrectly billed as post petition charges on Invoice LCI0014009. These charges are being re-billed as pre-petition charges.

****Payment is Due within 15 days of Reciept of Invoices****

| | |
|---|---|
| CONTRACT AMOUNT | $403,363.00 |
| PREVIOUSLY INVOICED | $308,983.15 |
| THIS INVOICE | $305.68 |
| CONTRACT BALANCE | $94,074.17 |

Current Amount Due This Invoice: $305.68

PLEASE REMIT PAYMENT TO: 17781 COWAN, SUITE 200
IRVINE, CA 92614-6009

Payment is due upon receipt. After 30 days a late charge of 1-1/2% per month (18% APR) will be added.

**CERTIFICATE OF SERVICE**

(Cal. Code Civ. Proc. §§1013a (3), 2015.5)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 840 Newport Center Drive, Suite 720, Newport Beach, California.

On November 12, 2009, I served on the interested parties in this action as follows the foregoing documents described as:

**RESPONSE TO DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS REQUIRING ADJUSTMENT (SUBSTANTIVE)**

[xx ] By placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[ xx] BY FIRST CLASS MAIL: I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, said correspondence is deposited with the United States postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on November 12, 2009, in Newport Beach, California.

[xx] (State): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed November 12, 2009, in Newport Beach, California.

Penelope Cadigan

SERVICE LIST

The Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox #35
Wilmington, DE 19899-0035

Pauline K. Morgan
Donald J. Bowman, Jr.
Edmon L. Morton
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Bldg
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899
[Counsel for the Debtors and Debtors-in-Possession]

David L. Eaton (admitted *pro hac vice*)
Adam C. Paul (admitted *pro hac vice*)
Jeffrey W. Gettleman (admitted *pro hac vice-* pending)
KIRKLAND & ELLIS LLP
Aon Center
200 East Randolph Drive
Chicago, IL 60601
and
Craig A. Bruens (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
[Counsel for the Debtors and Debtors-in-Possession]

James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
[Counsel for Creditor Committee-Unsecured]

EXHIBIT A-IV

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |

**AMENDED DECLARATION OF JOHN BOKEN IN SUPPORT OF DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE ADJUSTED (SUBSTANTIVE)**

I, John Boken, hereby declare (this "Declaration") that the following is true to the best of my knowledge, information and belief:

1. My name is John Boken. I am over the age of 18 and competent to testify and make this Declaration. I am serving as the Chief Restructuring Officer of Flying J Inc. ("Flying J"), a corporation organized under the laws of the State of Utah and a debtor and debtor in possession in the above-captioned chapter 11 cases of Flying J and certain of its affiliates (collectively, the "Debtors"). On April 3, 2009, the Court entered an order approving the services agreement between and among Zolfo Cooper Management, LLC ("Zolfo Cooper"), myself and Flying J.[2]

2. Through my role as Chief Restructuring Officer to the Debtors, I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and books and records. I submit this Declaration in support of the Debtors' *Sixth Omnibus Objection to Certain*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226) and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

2 See *Order Approving the Services Agreement between the Debtors, Zolfo Cooper Management, LLC and John R. Boken Nunc Pro Tunc to January 5, 2009* [Docket No. 921].

# Big West of California, LLC
## Exhibit A-3
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Modified Claim Amount | | Reason For Modification |
|---|---|---|---|---|---|---|---|
| KERN TROPHIES | 911 | 4/29/2009 | $ - | Secured | $ - | Secured | Claim 911 includes amounts owing on account of prepetition amounts paid in the ordinary course prior to filing (ACH #000000416336 (paid on 8/5/08) and #000000416366 (paid on 8/6/08). The "Modified Claim Amount" reflects the reduction of Claim 911 by the amount of such prepetition payments. |
| 2015 "F" STREET | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93301 | | | $ 733.06 | Unsecured | $ 625.81 | Unsecured | |
| LEIGHTON CONSULTING, INC. | 3584 | 6/29/2009 | $ 443,700.40 | Secured | $ 392,503.80 | Secured | Claim 3584 includes amounts owing on account of postpetition goods and services. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The claim against the Debtors arising from such postpetition goods and services arose on 1/16/2009. The "Modified Claim Amount" reflects the reduction of Claim 3584 by such amounts arising postpetition. |
| 17781 COWAN | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| IRVINE, CA 92614 | | | $ - | Unsecured | $ - | Unsecured | |
| PRAXAIR DISTRIBUTION INC | 967 | 4/27/2009 | $ - | Secured | $ - | Secured | Claim 967 includes certain amounts on account of postpetition invoices that: (a) are not attached to Claim 967; and (b) are not reflected in the Debtors' books and records. The "Modified Claim Amount" reflects the reduction of Claim 967 by such postpetition amounts. |
| C/O RMS BANKRUPTCY SERVICES | | 08-13383 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| TIMONIUM, MD 21094 | | | $ 43,580.63 | Unsecured | $ 42,919.65 | Unsecured | |
| SEQUOYAH MANAGEMENT, INC. | 2629 | 6/5/2009 | $ - | Secured | $ - | Secured | The Claimant's proof of claim includes a only standard proof of claim form without documentation. The "Modified Claim Amount" is that amount currently shown as owing to the claimant by Debtor Big West Oil of California, LLC in the Debtors' books and records. |
| VOLVO RENTS 3440 ALLEN ROAD | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93314 | | | $ 119,054.05 | Unsecured | $ 86,124.69 | Unsecured | |
| TED'S TURF | 1244 | 5/11/2009 | $ - | Secured | $ - | Secured | The Claimant's proof of claim includes only a standard proof of claim form without documentation. "Modified Claim Amount" is that amount currently shown as owing to claimant by Debtor Big West Oil of California, LLC in the Debtors' books and records. |
| 3335 HENRY LN | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ 5,555.46 | Admin | $ 4,051.62 | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93308 | | | $ 5,555.46 | Unsecured | $ 205.46 | Unsecured | |
| TYCO VALVES & CONTROLS LP | 3962 | 6/30/2009 | $ - | Secured | $ - | Secured | Claim 3962 includes amounts owing on account of prepetition amounts paid in the ordinary course prior to filing (ACH 000008000356; paid on 12/16/08). The "Modified Claim Amount" reflects the reduction of Claim 3962 by the amount of such prepetition payments. |
| ATTN: SALLY E. EDISON | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| PITTSBURGH, PA 15222 | | | $ 67,070.97 | Unsecured | $ 61,738.50 | Unsecured | |
| ~~US ECOLOGY~~ | ~~3195~~ | ~~6/22/2009~~ | ~~$~~ | ~~Secured~~ | ~~$~~ | ~~Secured~~ | ~~Claim 3195 includes amounts owing on account of postpetition goods and services. The Debtors' books and records indicate that the Debtors have paid certain of these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 3195 by the amount of such postpetition payments.~~ |
| ~~P.O. BOX 26273~~ | | ~~08-13381~~ | | ~~20 Day Admin~~ | ~~$~~ | ~~20 Day Admin~~ | |
| | | | ~~$~~ | ~~Admin~~ | ~~$~~ | ~~Admin~~ | |
| | | | ~~$~~ | ~~Priority~~ | ~~$~~ | ~~Priority~~ | |
| ~~SALT LAKE CITY, UT 84126-0273~~ | | | ~~$ 28,680.33~~ | ~~Unsecured~~ | ~~$ 26,242.73~~ | ~~Unsecured~~ | |
| VWR INTERNATIONAL, INC. | 702 | 4/13/2009 | $ - | Secured | $ - | Secured | Claim 702 includes amounts: (a) owing on account of postpetition goods and services; and (b) arising from postpetition interest that is not allowable against the Debtors' estates. See 11 U.S.C. § 502(b)(2). The Debtors' books and records indicate that the Debtors have paid these postpetition amounts (the Debtors have not paid postpetition interest). The claim against the Debtors arising from postpetition goods and services arose on 12/22/08. The "Modified Claim Amount" reflects the reduction of Claim 702 by such amounts arising postpetition and postpetition interest. |
| 1230 KENNESTONE CIRCLE | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| MARIETTA, GA 30066 | | | $ 5,097.59 | Unsecured | $ 4,666.91 | Unsecured | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | **Ref Docket No. 2146** |

**ORDER ADJUSTING CLAIMS AS SET FORTH IN THE DEBTORS' SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS TO BE ADJUSTED (SUBSTANTIVE)**

Upon the objection, dated October 23, 2009 (the "Objection"),[2] of Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (the "Order") adjusting the claims listed on **Exhibits A-1** through A-4 hereto; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue in these cases and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided appropriate notice under the circumstances of the Objection and the opportunity for a hearing on the Objection, and that no other or further notice is required; and the Court having reviewed the Objection and having heard

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608); Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226); and Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

2 Capitalized terms used herein and not otherwise defined shall have those meanings ascribed to them in the Objection.

be asserted against the Debtors and to seek further reduction of any Claim To Be Adjusted to the extent such Claim To Be Adjusted has been paid, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved.

4. Each Claim To Be Adjusted and the objections by the Debtors to such Claim To Be Adjusted, as addressed in the Objection and as set forth on **Exhibits A-1** through **A-4** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Claim To Be Adjusted. Any stay of this Order pending appeal by any Claimants whose Claims To Be Adjusted are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5. By agreement of the Debtors and Solutions-II,Inc.("Solutions-II"), the Debtors' objection to Solutions II's Claim 3534 is continued to the January 26, 2009 omnibus hearing.

6. By agreement of the Debtors and Leighton Consulting, Inc. ("Leighton"): (a) nothing herein shall impair Leighton's right to amend any Claim filed by Leighton to include any amounts that are subsequently disgorged or avoided for any reason; and (b) Leighton's response to the Objection is hereby resolved.

7. By agreement of the Debtors and American Osment ("Osment"): (a) the Debtors' objection to Osment's Claim 294 is hereby withdrawn without prejudice; and (b) Osment's response to the Objection is hereby withdrawn.

**EXHIBIT A-3**

# Big West of California, LLC
## Exhibit A-3
## Claims to be Adjusted

| Name and Address of Claimant | Claim Number | Date Filed/ Case Number | Claim Amount | | Modified Claim Amount | | Reason For Modification |
|---|---|---|---|---|---|---|---|
| KERN TROPHIES | 911 | 4/29/2009 | $ - | Secured | $ - | Secured | Claim 911 includes amounts owing on account of prepetition amounts paid in the ordinary course prior to filing (ACH #000000416336 (paid on 8/5/08) and #000000416366 (paid on 8/6/08). The "Modified Claim Amount" reflects the reduction of Claim 911 by the amount of such prepetition payments. |
| 2015 "F" STREET | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93301 | | | $ 733.06 | Unsecured | $ 625.81 | Unsecured | |
| LEIGHTON CONSULTING, INC. | 3584 | 6/29/2009 | $ 443,700.40 | Secured | $ 392,503.80 | Secured | Claim 3584 includes amounts owing on account of postpetition goods and services. The Debtors' books and records indicate that the Debtors have paid these postpetition amounts. The claim against the Debtors arising from such postpetition goods and services arose on 1/16/2009. The "Modified Claim Amount" reflects the reduction of Claim 3584 by such amounts arising postpetition. |
| 17781 COWAN | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| IRVINE, CA 92614 | | | $ - | Unsecured | $ - | Unsecured | |
| PRAXAIR DISTRIBUTION INC | 967 | 4/27/2009 | $ - | Secured | $ - | Secured | Claim 967 includes certain amounts on account of postpetition invoices that: (a) are not attached to Claim 967; and (b) are not reflected in the Debtors' books and records. The "Modified Claim Amount" reflects the reduction of Claim 967 by such postpetition amounts. |
| C/O RMS BANKRUPTCY SERVICES | | 08-13383 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| TIMONIUM, MD 21094 | | | $ 43,580.63 | Unsecured | $ 42,919.65 | Unsecured | |
| SEQUOYAH MANAGEMENT, INC. | 2629 | 6/5/2009 | $ - | Secured | $ - | Secured | The Claimant's proof of claim includes a only standard proof of claim form without documentation. The "Modified Claim Amount" is that amount currently shown as owing to the claimant by Debtor Big West Oil of California, LLC in the Debtors' books and records. |
| VOLVO RENTS 3440 ALLEN ROAD | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93314 | | | $ 119,054.05 | Unsecured | $ 86,124.69 | Unsecured | |
| TED'S TURF | 1244 | 5/11/2009 | $ - | Secured | $ - | Secured | The Claimant's proof of claim includes only a standard proof of claim form without documentation. "Modified Claim Amount" is that amount currently shown as owing to claimant by Debtor Big West Oil of California, LLC in the Debtors' books and records. |
| 3335 HENRY LN | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ 5,555.46 | Admin | $ 4,051.62 | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| BAKERSFIELD, CA 93308 | | | $ 5,555.46 | Unsecured | $ 205.46 | Unsecured | |
| TYCO VALVES & CONTROLS LP | 3962 | 6/30/2009 | $ - | Secured | $ - | Secured | Claim 3962 includes amounts owing on account of prepetition amounts paid in the ordinary course prior to filing (ACH 000008000356; paid on 12/16/08). The "Modified Claim Amount" reflects the reduction of Claim 3962 by the amount of such prepetition payments. |
| ATTN: SALLY E. EDISON | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| PITTSBURGH, PA 15222 | | | $ 67,070.97 | Unsecured | $ 61,738.50 | Unsecured | |
| ~~US ECOLOGY~~ | ~~3195~~ | ~~6/22/2009~~ | ~~$ -~~ | ~~Secured~~ | ~~$ -~~ | ~~Secured~~ | ~~Claim 3195 includes amounts owing on account of postpetition goods and services. The Debtors' books and records indicate that the Debtors have paid certain of these postpetition amounts. The "Modified Claim Amount" reflects the reduction of Claim 3195 by the amount of such postpetition payments.~~ |
| ~~P.O. BOX 26373~~ | | ~~08-13381~~ | | ~~20 Day Admin~~ | ~~$ -~~ | ~~20 Day Admin~~ | |
| | | | ~~$ -~~ | ~~Admin~~ | ~~$ -~~ | ~~Admin~~ | |
| | | | ~~$ -~~ | ~~Priority~~ | ~~$ -~~ | ~~Priority~~ | |
| ~~SALT LAKE CITY, UT 84126-0373~~ | | | ~~$ 28,680.23~~ | ~~Unsecured~~ | ~~$ 26,343.73~~ | ~~Unsecured~~ | |
| VWR INTERNATIONAL, INC. | 702 | 4/13/2009 | $ - | Secured | $ - | Secured | Claim 702 includes amounts: (a) owing on account of postpetition goods and services; and (b) arising from postpetition interest that is not allowable against the Debtors' estates. See 11 U.S.C. § 502(b)(2). The Debtors' books and records indicate that the Debtors have paid these postpetition amounts (the Debtors have not paid postpetition interest). The claim against the Debtors arising from postpetition goods and services arose on 12/22/08. The "Modified Claim Amount" reflects the reduction of Claim 702 by such amounts arising postpetition and postpetition interest. |
| 1230 KENNESTONE CIRCLE | | 08-13381 | | 20 Day Admin | $ - | 20 Day Admin | |
| | | | $ - | Admin | $ - | Admin | |
| | | | $ - | Priority | $ - | Priority | |
| MARIETTA, GA 30066 | | | $ 5,097.59 | Unsecured | $ 4,666.91 | Unsecured | |

EXHIBIT A-V

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FLYING J INC., et al.,[1] | ) | Case No. 08-13384 (MFW) |
| Debtors. | ) | Jointly Administered |
| | ) | **Bidding Procedures Hearing Date: February 23, 2010 at 2:00 p.m. (ET)** |
| | ) | **Bidding Procedure Objection Deadline: February 16, 2010 at 4:00 p.m. (ET)** |
| | ) | **Sale Hearing Date: March 23, 2010 at 11:30 a.m. (ET)** |
| | ) | **Sale Objection Deadline: March 16, 2010 at 4:00 p.m. (ET)** |

**MOTION TO APPROVE BIDDING PROCEDURES, BREAK-UP FEE AND SALE OF SUBSTANTIALLY ALL ASSETS OF BIG WEST OF CALIFORNIA, LLC**

Flying J Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), file this motion (the "Motion") for entry of (a) an order substantially in the form attached hereto as **Exhibit A** (the "Bidding Procedures Order") establishing bidding and notice procedures (the "Bidding Procedures") and approving certain bid protections in connection with the sale (the "Sale") of substantially all of the assets (the "Acquired Assets") of Big West of California, LLC ("BWOC") and (b) an order, substantially in the form attached hereto as **Exhibit B** (the "Sale Order"), (i) approving an agreement substantially in the form attached hereto as **Exhibit C** (the "Purchase Agreement") for the sale of the Acquired Assets to Paramount Petroleum Corporation as buyer (collectively with its

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Flying J Inc. (3458); Big West of California, LLC (1608), Big West Oil, LLC (6982); Big West Transportation, LLC (6984); Longhorn Partners Pipeline, L.P. (0554); Longhorn Pipeline Holdings, LLC (0226), Longhorn Pipeline Inc. (0654). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1104 Country Hills Drive, Ogden, UT 84403.

petroleum products and additives located at or in transit to the Refinery, which value BWOC shall estimate in good faith five Business Days prior to the Closing Date; plus (c) assumption of certain Assumed Liabilities (the "Purchase Price").

15. Subject to the receipt of higher and better proposals through the Bidding Procedures, the Purchase Agreement represents the best alternative currently available to the Debtors. Thus, in an effort to expeditiously move these chapter 11 cases forward, to realize value from the sale of BWOC's assets and to continue the process commenced in February 2009 of divesting certain non-core assets, the Debtors are filing the Motion seeking approval of the Purchase Agreement.

16. The Debtors intend to sell the Acquired Assets to the Buyer or the highest or best bidder at the Auction (as defined herein), if conducted, free and clear of any Encumbrances, with any valid liens on the assets sold to attach to the Sale proceeds. The price to be paid by the ultimate purchaser for the Acquired Assets and terms and conditions for the sale of such assets will be established at the Auction (if conducted).

17. The proposed Bidding Procedures and Auction should provide a fair opportunity for open and spirited bidding, taking into account the already robust and lengthy marketing process that has occurred, and generate the highest or best bid for the Acquired Assets. ***The Debtors reserve the right not to proceed to Auction or at Auction not to declare a successful bidder.***[7]

[7] Per Local Bankruptcy Rule 6004-1(b)(iv) and (c)(i), the Debtors are required to highlight certain provisions of this Motion. The Debtors have formatted (using bold and italics) every such required instance.

**B. The Sale of the Acquired Assets Free and Clear of Encumbrances and Other Interests Is Authorized By Section 363(f) of the Bankruptcy Code**

54. The Debtors further submit that it is appropriate to sell the Acquired Assets free and clear of Encumbrances (other than Assumed Liabilities and Permitted Encumbrances (as each is defined in the respective Purchase Agreement)) pursuant to section 363(f) of the Bankruptcy Code, with any such Encumbrances attaching to the net proceeds of the Sale, as and to the extent applicable. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if:

> (a) applicable nonbankruptcy law permits sale of such property free and clear of such interests;
>
> (b) such entity consents;
>
> (c) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
>
> (d) such interest is in bona fide dispute; or
>
> (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

55. This provision is supplemented by section 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

56. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the Acquired Assets "free and clear" of liens and interests. In re Dundee Equity Corp., Case No. 89B10233, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the

conditions of § 363(f) have been met"); Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988) (same); see also Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (holding that the court may approve the sale "free and clear" provided at least one of the subsections of Bankruptcy Code section 363(f) is met).

57. One or more of the tests of section 363(f) will be satisfied with respect to the Sale of the Acquired Assets. In particular, at least section 363(f)(2) will be met in connection with the transactions proposed because each of the parties holding liens on the Acquired Assets, if any, will consent, or absent any objection to this Motion, will be deemed to have consented to, the Sale. Any lienholder also will be adequately protected by having their Encumbrances, if any, in each instance against the Debtors or their estates, attach to the cash proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtors and their estates may possess with respect thereto. Accordingly, section 363(f) authorizes the transfer and conveyance of the Acquired Assets free and clear any such Encumbrances.

### C. The Acquired Assets Should Be Sold Free and Clear of Successor Liability

58. Under the terms of the proposed Purchase Agreement, the Debtors have included a provision whereby the Buyer will assume and agree to pay, perform and discharge as and when they become due and payable, or will be required to perform, all liabilities on or after consummation of the Purchase Agreement. Therefore, except for certain Assumed Liabilities expressly assumed by the Buyer in the Purchase Agreement, ***the Buyer should not be liable for any of the Debtors' liabilities in connection with the sale of the Acquired Assets as a successor***

EXHIBIT A-VI

CALIFORNIA CORPORATION, AND BETH R. LEONHARD, AS CO-TRUSTEES UNDER THE WILL OF HARLAND L. LEONHARD, DECEASED, IN DEED RECORDED APRIL 27, 1978 IN BOOK 5106 AT PAGE 262 OF OFFICIAL RECORDS; SUBJECT, HOWEVER, TO THE CONDITION THAT IN THE ENJOYMENT OF SAID RESERVED AND EXCEPTED RIGHTS AND INTERESTS, GRANTOR SHALL NOT ENTER UPON THE SURFACE OF SAID LAND OR INTO THE UPPER 500 FEET THEREOF MEASURED VERTICALLY FROM SAID SURFACE.

PARCEL R-3: (APN: 332-260-14)

ALL OF PARCEL 2 OF PARCEL MAP NO. 718, AS PER MAP RECORDED FEBRUARY 5, 1973 IN BOOK 4 AT PAGE 141 OF PARCEL MAPS AND THAT PORTION OF LOT 11 OF SUBDIVISION OF SECTION 27, TOWNSHIP 29 SOUTH, RANGE 27 EAST, MOUNT DIABLO MERIDIAN, PLATTED FOR S. WRIGHT JEWETT AS PER MAP RECORDED DECEMBER 7, 1909 IN BOOK 1 AT PAGE 130 OF MAPS ALL IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER CERTIFICATE OF COMPLIANCE RECORDED JANUARY 18, 1980 IN BOOK 5259 AT PAGE 141 OF OFFICIAL RECORDS, DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 11, THENCE (1) NORTHERLY ALONG THE WEST LINE OF SAID LOT 11, A DISTANCE OF 150 FEET; THENCE (2) SOUTHEASTERLY TO A POINT IN THE SOUTH LINE OF SAID LOT 11, WHICH BEARS EASTERLY ALONG SAID SOUTH LINE, A DISTANCE OF 150 FEET FROM THE SOUTHWEST CORNER OF SAID LOT; THENCE (3) WEST ALONG SAID SOUTH LINE TO THE POINT OF BEGINNING.

EXCEPT ALL THAT PORTION OF THE NORTHWEST QUARTER OF SECTION 27, TOWNSHIP 29 SOUTH, RANGE 27 EAST, MOUNT DIABLO MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, BEING A PARCEL OF LAND DESCRIBED AS:

COMMENCING AT THE NORTHWEST CORNER OF SAID SECTION; THENCE (1) SOUTH 0°54'56" WEST ALONG THE WEST LINE OF SAID SECTION, A DISTANCE OF 412.5 FEET (25 RODS) TO THE TRUE POINT OF BEGINNING; THENCE (2) SOUTH 89°05'04" EAST, A DISTANCE OF 87.063 FEET; THENCE (3) FROM A TANGENT WHICH BEARS SOUTH 10°22'15" WEST, SOUTHWESTERLY, ALONG A CIRCULAR CURVE CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 2055 FEET; THROUGH A CENTRAL ANGLE OF 0°29'41" AN ARC LENGTH OF 17.744 FEET; THENCE (4) SOUTH 10°51'56" WEST, A DISTANCE OF 125.408 FEET; THENCE (5) SOUTHWESTERLY ALONG A TANGENT CIRCULAR CURVE CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 1956 FEET, THROUGH A CENTRAL ANGLE OF 9°57'00" AN ARC LENGTH OF 339.680 FEET; THENCE (6) SOUTH 0°54'56" WEST, A DISTANCE OF 25 FEET; THENCE (7) NORTH 89°05'04" WEST A DISTANCE OF 33 FEET, TO THE WEST LINE OF SAID SECTION; THENCE (8) NORTH 0°54'56" EAST ALONG SAID WEST LINE, A DISTANCE OF 503.982 FEET TO THE TRUE POINT OF BEGINNING.

ALSO EXCEPT AN UNDIVIDED 100/2000THS INTEREST IN AND TO ALL OIL, GAS AND OTHER MINERALS, AS EXCEPTED IN DEED EXECUTED BY RUSSELL D. GARNER, ET UX, TO MOHAWK PETROLEUM CORPORATION, A CALIFORNIA

FROM SAID PROPERTY, OIL, GAS AND OTHER MINERALS AND PRODUCTS THEREOF WHETHER PRODUCED FROM SAID PROPERTY OR ELSEWHERE; THE EXCLUSIVE RIGHT TO DRILL AND OPERATE WHATEVER WELLS, CONSTRUCT, INSTALL, OPERATE, MAINTAIN AND REMOVE WHATEVER OTHER FACILITIES AND DO WHATEVER ELSE MAY BE REASONABLY NECESSARY ON AND IN SAID PROPERTY FOR THE FULL ENJOYMENT AND EXERCISE OF THE RIGHTS SO EXCEPTED AND RESERVED, BUT WITHOUT ANY RIGHT WHATSOEVER TO ENTER UPON THE SURFACE OF SAID LAND OR WITHIN A SUB-SURFACE DEPTH OF 200 FEET THEREOF.

PARCEL C-2: (APN: 332-040-28, 332-040-29, 332-040-30 AND 332-040-31)

PARCELS 1 AND 2 OF PARCEL MAP 6217 IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, AS PER MAP RECORDED AUGUST 3, 1981, IN BOOK 26 AT PAGE 178 OF PARCEL MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER MINERAL RIGHTS BELONGING TO SAID PROPERTY, TOGETHER WITH THE EXCLUSIVE RIGHT TO PROSPECT FOR, DRILL FOR,

PRODUCE, MINE, EXTRACT AND REMOVE OIL, GAS AND OTHER MINERALS UPON, FROM AND THROUGH SAID PROPERTY; THE EXCLUSIVE RIGHT TO INJECT IN, STORE UNDER AND THEREAFTER WITHDRAW FROM SAID PROPERTY OIL, GAS AND OTHER MINERALS AND PRODUCTS THEREOF WHETHER PRODUCED FROM SAID PROPERTY OR ELSEWHERE; THE EXCLUSIVE RIGHT TO DRILL AND OPERATE WHATEVER WELLS, CONSTRUCT, INSTALL, OPERATE, MAINTAIN AND REMOVE WHATEVER OTHER FACILITIES AND DO WHATEVER ELSE MAY BE REASONABLY NECESSARY ON AND IN SAID PROPERTY FOR FULL ENJOYMENT AND EXERCISE OF THE RIGHTS SO EXCEPTED AND RESERVED; AND THE UNRESTRICTED RIGHT OF INGRESS TO AND EGRESS FROM SAID PROPERTY FOR ALL SUCH PURPOSES; BUT THE OWNER OF THE MINERAL ESTATE, ITS SUCCESSORS AND ASSIGNS SHALL COMPENSATE THE FEE OWNER, ITS SUCCESSORS AND ASSIGNS, UPON DEMAND, FOR ANY AND ALL DAMAGES CAUSES TO IMPROVEMENTS AND GROWING CROPS UPON SAID PROPERTY BY THE ENJOYMENT OR EXERCISE OF THE RIGHTS SO EXCEPTED AND RESERVED IN DEED RECORDED MARCH 13, 1969, IN BOOK 4256 AT PAGE 762, OF OFFICIAL RECORDS, AND RECORDED MARCH 28, 1968, IN BOOK 4261 AT PAGE 402, OF OFFICIAL RECORDS.

PARCEL C-4: (APN: 332-050-56)

PARCEL A OF CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 12, 1997 AS INSTRUMENT NO. 0197165897 OF OFFICIAL RECORDS, BEING LOT LINE ADJUSTMENT OF PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 5291, RECORDED SEPTEMBER 19, 1979, IN BOOK 23 OF PARCEL MAPS AT PAGE 134, IN THE OFFICE OF THE KERN COUNTY RECORDER. ALSO BEING A DIVISION OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 23, TOWNSHIP 29 SOUTH, RANGE 27 EAST, MOUNT DIABLO MERIDIAN, COUNTY OF KERN, STATE OF CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF PARCEL 1 OF SAID PARCEL MAP NO. 5291, BEING A POINT ON THE CENTERLINE OF GIBSON STREET; THENCE SOUTH 00°25'42" WEST ALONG SAID CENTERLINE, A DISTANCE OF 400.00 FEET; THENCE NORTH 89°11'15" WEST, A DISTANCE OF 351.09 FEET; THENCE SOUTH 00°25'42" WEST, A DISTANCE OF 110.48 FEET; THENCE SOUTH 89°34'18" EAST, A DISTANCE OF 106.08 FEET; THENCE SOUTH 00°25'42" WEST, A DISTANCE OF 313.61 FEET TO THE SOUTH LINE OF PARCEL 4 OF SAID PARCEL MAP 5291; THENCE NORTH 89°09'05" WEST, ALONG SAID SOUTH LINE, A DISTANCE OF 1081.20 FEET TO THE SOUTHWEST CORNER OF SAID PARCEL 4; THENCE NORTH 00°21'51" EAST ALONG THE WEST LINE OF SAID PARCELS 1 AND 4, A DISTANCE OF 822.71 FEET TO THE NORTHWEST CORNER OF SAID PARCEL 1; THENCE SOUTH 89°11'15" EAST ALONG THE NORTH LINE OF SAID PARCEL 1, A DISTANCE OF 1327.11 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

PARCEL C-5: (APN: 332-050-55)

PARCEL B OF CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 12, 1997 AS INSTRUMENT NO. 0197165897 OF OFFICIAL RECORDS, BEING A LOT LINE ADJUSTMENT OF PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 5291, RECORDED SEPTEMBER 19, 1979, IN BOOK 23 OF PARCEL MAPS AT PAGE 134, IN THE OFFICE OF THE KERN COUNTY RECORDER. ALSO BEING A DIVISION OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 23, TOWNSHIP 29 SOUTH, RANGE 27 EAST, MOUNT DIABLO MERIDIAN, COUNTY OF KERN, STATE OF CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF PARCEL 1 OF SAID PARCEL MAP NO. 5291, BEING A POINT ON THE CENTERLINE OF GIBSON STREET; THENCE SOUTH 00°25'42" WEST ALONG SAID CENTERLINE, A DISTANCE OF 400.00 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID CENTERLINE, A DISTANCE OF 108.13 FEET; THENCE NORTH 89°34'18" WEST, A DISTANCE OF 351.08 FEET; THENCE NORTH 00°25'42" EAST, A

DISTANCE OF 110.48 FEET; THENCE SOUTH 89°11'15" WEST, A DISTANCE OF 351.09 FEET, MORE OR LESS, TO THE POINT OF BEGINNING.

PARCEL C-6: (APN: 332-050-52)

PARCEL C OF CERTIFICATE OF COMPLIANCE RECORDED DECEMBER 12, 1997 AS INSTRUMENT NO. 0197165897 OF OFFICIAL RECORDS, BEING A LOT LINE ADJUSTMENT OF PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 5291, RECORDED SEPTEMBER 19, 1979, IN BOOK 23 OF PARCEL MAPS AT PAGE 134, IN THC OFFICE OF THE KERN COUNTY RECORDER. ALSO BEING A DIVISION OF THE SOUTHWEST QUARTER OF THE NORTHWEST QUARTER OF SECTION 23, TOWNSHIP 29 SOUTH, RANGE 27 EAST, MOUNT DIABLO, COUNTY OF KERN, STATE OF CALIFORNIA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHEAST CORNER OF PARCEL 1 OF SAID PARCEL MAP NO. 5291, BEING A POINT ON THE CENTERLINE OF GIBSON STREET; THENCE SOUTH 00°25'42" WEST ALONG SAID CENTERLINE, A DISTANCE OF 508.13 FEET TO THE POINT OF BEGINNING, THENCE CONTINUING ALONG SAID CENTERLINE, A DISTANCE OF 135.40 FEET; THENCE NORTH 89°09'05" WEST, A DISTANCE OF 245.00

## CERTIFICATE OF SERVICE

(Cal. Code Civ. Proc. §§1013a (3), 2015.5)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 840 Newport Center Drive, Suite 720, Newport Beach, California.

On March ~~14~~ 15, 2010, I served on the interested parties in this action as follows the foregoing documents described as:

**OBJECTION OF LEIGHTON CONSULTING, INC. TO MOTION TO APPROVE BIDDING PROCEDURES, BREAK-UP FEE AND SALE OF SUBSTANTIALLY ALL ASSETS OF BIG WEST OF CALIFORNIA, LLC AND POINTS ANDAUTHORITIES IN SUPPORT THEREOF AND DECLARATION OF PENELOPE CADIGAN**

[xx ] By placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

[ xx] BY FIRST CLASS MAIL: I deposited such envelope in the mail at Newport Beach, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under practice, said correspondence is deposited with the United States postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on March ~~14~~ 15, 2010, in Newport Beach, California.

[xx] (State): I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March ~~14~~ 15, 2010, in Newport Beach, California.

Eva Parker

**SERVICE LIST**

The Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Suite 2207
Lockbox #35
Wilmington, DE 19899-0035

Pauline K. Morgan
Donald J. Bowman, Jr.
Edmon L. Morton
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Bldg
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899
[Counsel for the Debtors and Debtors-in-Possession]

David L. Eaton (admitted *pro hac vice*)
Adam C. Paul (admitted *pro hac vice*)
Jeffrey W. Gettleman (admitted *pro hac vice*- pending)
KIRKLAND & ELLIS LLP
Aon Center
200 East Randolph Drive
Chicago, IL 60601
and
Craig A. Bruens (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
[Counsel for the Debtors and Debtors-in-Possession]

James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P. O. Box 8705
Wilmington, DE 19899-8705
[Counsel for Creditor Committee-Unsecured]

Blackstone Advisory Services L.P.
345 Park Avenue
New York, NY 10154
[investment banker and financial advisor to the Debtors]

Thomas E. Lauria
Scott Grissman
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
[co-counsel to Pilot Travel Centers, LLC]

Adam G. Landis
William E. Chipman
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
[co-counsel to PTC]