IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FLYING J INC. et al., | ) | Case No. 08-13384 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | Hearing Date: 07/06/10 @ 2:00 p.m. |
| | ) | Objections Due: 06/28/10 @ 4:00 p.m. |

Re: D.I. 3398

## LIMITED OBJECTION OF JAMES GRAHAM TO THE DEBTORS' MOTION FOR ENTRY OF ORDER (A) APPROVING THE COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION, (B) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING AND NOTICE OF NON-VOTING STATUS AND OPT-OUT ELECTION, (C) APPROVING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE PLAN AND DISCLOSURE STATEMENT, AND (D) GRANTING RELATED RELIEF

Mr. James Graham hereby objects to above-styled motion (the "Motion") and represents as follows:[1]

### BACKGROUND

1. Mr. Graham incorporates the "Background" section of his objection to confirmation of the Plan, filed contemporaneously herewith (the "Plan Objection"), as if set forth fully herein.

### OBJECTION

**A.  The Procedure for Objecting to Plan Confirmation Is Highly Burdensome.**

2. Paragraph 3 of the proposed order approving the Motion requires parties wishing to object to confirmation of the Plan to serve their objection so as to be actually received by 4:00 p.m. on June 28, 2010, by all parties in interest who have requested service of papers in these

---

[1] All terms not defined herein are ascribed the meanings given to such terms by the Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan").

cases. Paragraph 4 of the proposed order then sets forth the proposed penalty for noncompliance: that the objection "be considered null and void."

3. Notwithstanding these provisions in the proposed order, the Motion is silent as to the basis for them. Paragraph 24 of the Motion merely states that the Confirmation Hearing Notice will disclose the procedures for objecting to the Disclosure Statement and the Plan.

4. The proposed procedures are highly burdensome and should not be approved by the Court. Nothing in the Local Rules requires that objections be served on the entire service list. Nor is that list included in the Confirmation Hearing Notice.

5. Moreover, for objections to be served so as to be received by a certain time, either the objections must be served by facsimile or by hand or express delivery, which increase the cost of service exponentially.

6. Since the service list does not include all facsimile numbers, service would have to be made by express delivery for out-of-town recipients. That would require objections to be served no later than June 25, 2010, the regular business day preceding the deadline to object to the confirmation of the Plan, and thereby reduce the notice of the hearing from 31 to 28 days, which is insufficient because the required notice of 28 days under Bankruptcy Rule 3017(a) does not include an additional 3 days for service by mail. *See* Fed. R. Bankr. P. 9006(f).

7. Accordingly, if the procedures were approved, the notice of the Confirmation Hearing would be deficient.

8. These procedures, not described in the Motion, are merely an effort by the Debtors to penalize objecting parties in a punitive manner. They should not be approved.

2620902.1

9. Also, Paragraph 3 of the proposed order is inconsistent with the Confirmation Hearing Notice. While Paragraph 3 of the proposed order names nine recipients in addition to the entire service list, the Confirmation Hearing Notice only names eight of those recipients.

10. Mr. Graham objects to the proposed procedures to the extent that they require objections to confirmation of the Plan to be served beyond the nine recipients named in the Confirmation Hearing Notice.

### B. The Opt Out Notice Requires Private Information Protected by Section 107(c)(1).

11. The Motion seeks to approve the form of Opt Out Notice set forth in Exhibit 2 to the Motion.

12. Mr. Graham objects to the form of Opt Out Notice to the extent that it requires an individual to include his or her social security number on the Opt Out Notice. The Motion contains no basis why social security numbers are required.

13. Section 107(c)(1) allows this Court for cause to protect an individual with respect to identification information where disclosure of such information would create an undue risk of identity theft or other unlawful injury to the individual or his or her property.

14. There is no reason why the Opt Out Notice must include social security numbers. After all, the Debtors are serving the Opt Out Notice only on creditors listed on the creditor matrix. *See* Motion ¶ 24. Accordingly, the Claims Agent will have records either from a scheduled or filed Claim for the one or more individual creditors who complete and return an Opt Out Notice. No social security number should be necessary.

15. Accordingly, Mr. Graham objects to Paragraph 6 of the proposed order, which approves the Opt Out Notice in its entirety, to the extent that it requires identification in the form of a social security number or a federal tax ID number.

2620902.1

## INCORPORATION OF OTHER ARGUMENTS

17. Mr. Graham incorporates the arguments set forth in his Plan Objection regarding the sufficiency of the Opt Out Notice. Specifically, Mr. Graham incorporates the arguments with respect to (a) the attempted application of the third-party release to unnamed class members notwithstanding the Debtors' failure to serve them with an Opt Out Notice and (b) the application of the proposed third-party release to creditors who are part of a Class presumed under section 1126(f) of the Bankruptcy Code to accept the Plan notwithstanding that such creditors do not vote on the Plan and have not been served with a copy of the Plan and Disclosure Statement. *See* Plan Objection ¶¶ 44-48.

WHEREFORE, Mr. Graham respectfully requests that the Court (i) refrain from entering the Motion's proposed order without modifying it as set forth above and (ii) grant to Mr. Graham such other and further relief as is just.

Dated: Wilmington, Delaware
June 25, 2010

ZUCKERMAN SPAEDER LLP

_____
Thomas G. Macauley (ID No. 3411)
919 Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 427-0400
Facsimile: (302) 427-8242

- and -

Graeme W. Bush
1800 M Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106

Attorneys for James Graham

2620902.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2010, a copy of the "Limited Objection of James Graham to the Debtors' Motion for Entry of Order (A) Approving Combined Hearing on Adequacy of the Disclosure Statement and Plan Confirmation, (B) Approving Form and Manner of Notice of Confirmation Hearing and Notice of Non-Voting Status and Opt-Out Election, (C) Approving Deadline and Procedures for Filing Objections to the Plan and Disclosure Statement, and (D) Granting Related Relief" was served by facsimile on:

Edmon L. Morton, Esquire
Pauline Morgan, Esquire
Young Conaway & Stargatt LLP
1000 West Street
Wilmington, DE 19801
Fax: 571-1253

Adam Paul, Esquire
Jeffrey Gettleman, Esquire
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Fax: (312) 862-2200

Kevin Callahan, Esquire
Office of the U.S. Trustee
844 King Street, Suite 2313
Lockbox 35
Wilmington, DE 19801
Fax: 573-6497

Debra Grassgreen, Esquire
Pachulski Stang Ziehl & Jones LLP
150 California Street
San Francisco, CA 94111
Fax: (415) 263-7010

_____
Thomas G. Macauley (ID No. 3411)

2630609.1