# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE | ) |
| | ) |
| FLYING J INC. ET. AL., | ) Case No. 08-13384-MFW-11 |
| | ) Chapter 11 |
| Debtor(s) | ) |

**OBJECTION OF MISSOURI DEPARTMENT OF REVENUE TO CONFIRMATION OF DEBTORS' JOINT PLAN OF REORGANIZATION**

Pursuant to 11 U.S.C. §1128(b) of the Bankruptcy Code, the Missouri Department of Revenue (MDOR) hereby objects to the confirmation of Debtors' Plan of Reorganization for the following stated reasons:

**Lack of Specificity in Treatment of Priority Claims Under Plan**

1. Debtors' plan states that "regular installment payments in Cash over a period ending not later than five years after the Petition Date of a total value, as of the Effective Date, equal to the Allowed amount of such Claim, which total value shall include simple interest to accrue on any outstanding balance of such Allowed Priority Tax Claim starting on the Effective Date at the rate of interest determined under applicable non-bankruptcy law pursuant to section 511 of the Bankruptcy Code.

2. The terms of Debtors' plan lack specificity regarding payment of the priority tax claims and, as such, would be extremely difficult to enforce in the event of a default in plan payments.

3. Debtors' plan does not state the frequency of the "regular installment payments" nor does it indicate when payments will commence on the Priority Tax Claims.

### Failure to Comply With 11 U.S.C. § 1129(a)(9)(C)(iii)

4. 11 U.S.C. § 1129(a)(9)(C)(iii) states that Priority Tax Claims will receive regular installment payments in cash in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan.

5. MDOR's Priority Tax Claims were filed for motor fuel liabilities owed by Flying J Inc.

6. Debtors' plan proposes to pay the General Unsecured claims of Flying J Inc. in full on the Effective Date with interest computed from the Petition Date.

7. Debtors' plan proposes to pay the Priority Tax Claims over a period ending not later than five years after the Petition Date and will include interest from the Effective Date.

8. Payment in full of the General Unsecured claims on the Effective Date while paying the Priority Tax Claims in installments over time constitutes a less favorable treatment for the Priority Tax Claims.

9. The General Unsecured claims will receive interest for the period from the Petition Date to the Effective Date and the Priority Tax Claims will not receive interest for this time period. The difference in time that interest will be paid also constitutes less favorable treatment for the Priority Tax Claims.

### Setoff Rights

10. Article X.F.5 (d) of Debtors' plan states that all Parties and Entities are permanently enjoined, on or after the Effective Date, on the account of any Claim or Equity Interest satisfied, released and discharged hereby, from asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors, Reorganized Debtors or against the respective property or Estate of the Debtors, Reorganized Debtors, notwithstanding an indication in a Proof of Claim or Equity Interest or otherwise that such Part or Entity assets, has, or intends to preserve any right of setoff, subrogation or recoupment pursuant to section 553 of the Bankruptcy Code or otherwise.

11. This provision does not comply with the provisions of 11 U.S.C. § 553 and, therefore, is not confirmable based upon 11 U.S.C. §1129 (a)(1).

### Default Language

12. The Department requests that Debtors incorporate the following language in the Plan or Confirmation Order should the Court confirm the Plan:

"In the event that the Missouri Department of Revenue's Allowed Administrative Expenses, Allowed Priority Tax Claims, and Allowed General Unsecured Claims are not paid in accordance with the terms of the Plan of Reorganization or Confirmation Order, Debtor will be in default. The Department will provide Debtor with written notice of the default by mail. If default is not made good within fifteen (15) days after notification, the entire principal and accrued interest shall at once become due and payable without further notice. The Department may thereafter proceed with either or all of the following remedies: (a) enforce the entire amount of its claim under Missouri law; (b) exercise any and all its rights and remedies under Missouri law; (c) seek such relief as may be appropriate in this Court."

WHEREFORE, MDOR requests that the Court deny confirmation of Debtors' Plan of Reorganization and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Chris Koster, Attorney General
State of Missouri

By: /s/ Sheryl L. Moreau
Sheryl L. Moreau, Mo. Bar #34690
Special Assistant Attorney General
Missouri Department of Revenue
General Counsel's Office
301 W. High Street, Room 670
PO Box 475
Jefferson City, MO 65105-0475
(573) 751-5531  FAX (573) 751-7232
Attorney for Department of Revenue

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served upon all those who receive electronic notification on June 25, 2010.

/s/ Sheryl L. Moreau