# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| IN RE: | § | CHAPTER 11 |
|---|---|---|
| FLYING J, INC., <u>et al</u> | § § § § | Case No. 08-13384 (MFW) |
| Debtors | | Jointly Administered |

## OBJECTION OF CERTAIN TEXAS TAXING AUTHORITIES TO CONFIRMATION OF THE JOINT PLAN OF REORGANIZATION DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

To: The Honorable : Mary F. Walrath
United States Bankruptcy Judge

Galena Park Independent School District, Sheldon Independent School District, Klein Independent School District, and Austin County Appraisal District ("Galena Park ISD, et al"), secured creditors and parties in interest, file the following Objection to the Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code dated May 28, 2010 (the "Plan"), and respectfully show as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, *et seq*. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This Objection is designated as a contested matter under Bankruptcy Rule 9014.

## Background

2. Galena Park ISD, et al, governmental entities within the State of Texas required by the Constitution and laws of the State of Texas to levy and collect taxes on property within their boundaries in furtherance of their statutory duties, timely filed proofs of claim for *ad valorem*

1

taxes assessed on the business personal property of the Debtor's within their boundaries for the 2008 tax year.

3.  Galena Park ISD, et als' claims are secured by paramount prior perfected continuing enforceable tax liens, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code, upon the property of the Debtors, or proceeds from the sale of the property of the Debtors, for all taxes assessed for 2008 and 2009 on property of the estate. Galena Park ISD, et al, assert that the proper classification of their claims is as first priority secured tax claims entitled to interest at the rate provided by applicable non-bankruptcy law from commencement until paid in full, and that such claims should be paid as soon as practicable after they become Allowed.

## Proposed Plan Treatment

4.  The Plan appears to provide for payment of Galena Park ISD, et als' claims under Article II B. as Priority Tax Claims as defined in the Plan.

Article II B, Priority Tax Claims. This section provides for the payment of Allowed Priority Tax Claims, unless otherwise agreed, in regular installment cash payments, over a period not exceeding five (5) years after the Petition Date plus interest at the applicable non-bankruptcy rate from the Effective date.

## Objections

5.  Galena Park ISD, et al object to confirmation of the Plan to the extent that it fails to provide that they retain their liens until their claims are satisfied.

6.  Galena Park ISD, et al object to confirmation of the Plan to the extent that it fails to provide for the payment of interest on its claims at the applicable non-bankruptcy rate from Commencement until paid in full as required by 11 U.S.C. § 506(b).

7. Galena Park ISD, et al object to confirmation of the Plan to the extent that it does not provide for adequate reserves to fund the payment of its claims.

8. Galena Park ISD, et al object to confirmation of the Plan to the extent that it provides for payment of their claims over a period of five years; to the extent that the collateral securing their claims has been sold, Galena Park ISD, et al's claims should be paid in full with interest from Commencement, on the Effective Date, or as soon as practicable upon allowance.

9. Galena Park ISD, et al object to confirmation of the Plan to the extent that it does not provide for adequate reserves to fund the payment of its claims.

10. Galena Park ISD, et al object to confirmation of the Plan to the extent that it permits the Debtors to object to claims for up to two (2) years as provided under Article VII C. of the Plan. Galena Park ISD, et al believe a far shorter objection period such as 180 days, would be reasonable.

11. Galena Park ISD, et al object to the confirmation of the Plan to the extent that it provides for payment of any claims to creditors, including Administrative Claims, of lower priority prior to the satisfaction in full of their secured tax claims.

12. Galena Park ISD, et al object to confirmation of the Plan to the extent that it characterizes their claims, including taxes that accrue post petition, as anything but first priority secured Claims.

13. Galena Park ISD, et al object to confirmation of the Plan to the extent that it provides for the retention of jurisdiction greater than that permitted under federal law.

14. Galena Park ISD, et al object to confirmation of the Plan to the extent it provides for the withholding for purposes of federal income taxation, of any part of their tax claim amounts since they are political subdivisions of the State of Texas and are exempt from federal taxation.

15. Galena Park ISD, et al object to confirmation of the Plan to the extent that it requires them to file administrative claims for taxes that accrue post-petition.

WHEREFORE, PREMISES CONSIDERED, Galena Park Independent School District, Sheldon Independent School District, Klein Independent School District, and Austin County Appraisal District respectfully request that this Court sustain their objections to the Confirmation of Debtors' Plan of Reorganization, and that it deny confirmation of the proposed Plan, and for such other and further relief, at law or in equity, as is just.

Respectfully submitted,

**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**

/s/ Yolanda M. Humphrey
Yolanda M. Humphrey
SBN: 24009764
Owen M. Sonik
SBN: 18847250
Attorney in Charge for Galena Park ISD, et al
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 862-1429   Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Galena Park Independent School District, Sheldon Independent School District, Klein Independent School District, and Austin County Appraisal District, secured creditors and parties in interest, file the following Objection to the Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code has been served on the parties listed below on this the 25th day of June 2010 via the Court's electronic filing system, via fax, or via overnight mail.

/s/ Yolanda M. Humphrey
Yolanda M. Humphrey